Charles T. Bruff
4835 Medical Drive #29643
San Antonio, Texas 78229
318-452-8978
cbruff13@outlook.com

March 18, 2026

FILED

MAR 18 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Attention: Federal Programs Branch, Civil Division

**Re:** Notice of Constitutional Challenge to Federal Statutes — 28 U.S.C. § 2403; *Bruff v. USAA Health and Welfare Benefits Plan et al.*, Civil Action No. SA-26-CA-1720, U.S. District Court, Western District of Texas, San Antonio Division

Dear Attorney General:

Pursuant to 28 U.S.C. § 2403(a), Charles T. Bruff, Plaintiff in the above-referenced action, hereby provides written notice to the Attorney General of the United States that the constitutionality of Acts of Congress has been drawn into question in a proceeding to which the United States is not a party. This notice is provided so that the United States may intervene and be heard on the constitutional questions identified herein. A copy of the complaint is enclosed as Attachment A.

## I. IDENTIFICATION OF THE PROCEEDING

Plaintiff Charles T. Bruff has filed a complaint in the United States District Court for the Western District of Texas, San Antonio Division, against Defendants USAA Health and Welfare Benefits Plan, USAA Educational Assistance Plan, United States Automobile Association, and Lincoln National Life Insurance Company. The action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and 42 U.S.C. § 407 of the Social Security Act. The United States is not a party to the proceeding.

## II. CONSTITUTIONAL QUESTIONS PRESENTED

### A. The Private Non-Delegation Problem — ERISA § 514 and the Discretionary Clause Structure

The complaint challenges, as a reserved constitutional question for appellate review, the interaction between ERISA's preemption provisions and the private discretionary clause structure under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). Specifically, the complaint identifies the following constitutional question: whether, under the private non-delegation doctrine articulated in *Carter v. Carter Coal Co.*, 298 U.S. 238 (1936), a private insurer may use ERISA's preemption framework to unilaterally draft a discretionary clause that (a) entitles the insurer to abuse-of-discretion judicial review of its own benefit determinations, while (b) ERISA simultaneously preempts the state bad faith and tort remedies that would otherwise deter wrongful denial, and (c) no federal agency approved the discretionary clause language or defined its scope.

The constitutional anomaly identified in the complaint has sharpened in light of *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). Under *Loper Bright*, federal agencies — entities Congress created, authorized by statute, subject to notice-and-comment rulemaking and congressional oversight — now receive no deference on questions of statutory interpretation. A private insurer that drafts its own discretionary clause, by contrast, retains abuse-of-discretion review more favorable than any federal agency enjoys, without democratic accountability, rulemaking obligation, administrative record requirement, or congressional mandate. The complaint preserves the argument that this inversion is constitutionally untenable under the private non-delegation doctrine and presents a structural Due Process question under *Mathews v. Eldridge*, 424 U.S. 319 (1976), as to whether ERISA's remedial scheme — which caps recovery at the value

of withheld benefits while foreclosing punitive, extracontractual, and consequential damages —
provides constitutionally adequate process for deprivation of a protected property interest.

The federal statutes whose constitutionality is drawn into question under this theory are: ERISA § 514, 29 U.S.C. § 1144 (the preemption clause), and ERISA § 502(a), 29 U.S.C. § 1132(a) (the civil enforcement scheme), as construed and applied in combination with the private discretionary clause doctrine of *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

## B. The Federal Arbitration Act — Supremacy Clause and Private Non-Delegation

The complaint further challenges, as a reserved constitutional question for appellate review, the scope of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, as applied to employment arbitration agreements that prospectively nullify the entirety of applicable state civil law on a self-updating, perpetual basis.

The specific constitutional question preserved is whether Congress may, consistently with the Supremacy Clause, Article VI, Clause 2, and the private non-delegation doctrine of *Carter v. Carter Coal Co.*, 298 U.S. 238 (1936), authorize a private actor to deploy the FAA to displace all state and local statutory and common law remedies — including laws not yet enacted, governing subjects Congress has never addressed — and substitute a private forum that carries none of the structural guarantees that make governmental legal systems constitutionally legitimate: no requirement of arbitrator neutrality beyond a minimal "evident partiality" vacatur standard under 9 U.S.C. § 10(a)(2); no requirement that the forum follow the law; no obligation to issue reasoned decisions; and no meaningful appellate review of legal or factual error.

The complaint specifically identifies that the arbitration agreement at issue claims to preempt "any other federal, state, or local statutory or other remedy" and all "state, or local common law claims," operates perpetually after the termination of employment, and purports to bind the "heirs, successors, and beneficiaries" of the employee. Because the Supremacy Clause resolves conflicts between governmental sovereigns and does not, as a textual matter, authorize a private actor to displace state law through a privately constructed and legally unaccountable forum, the complaint preserves the question whether the FAA as currently construed admits a constitutional limiting principle under the Supremacy Clause and the private non-delegation doctrine.

The federal statute whose constitutionality is drawn into question under this theory is: the Federal Arbitration Act, 9 U.S.C. §§ 1–16, as construed and applied by the Supreme Court in *Epic Systems Corp. v. Lewis*, 584 U.S. 497 (2018), and its progeny, to enforce mandatory, class-action-waiving, all-remedy-displacing employment arbitration agreements.

## III. SCOPE OF THE CHALLENGE — PRESERVED FOR APPELLATE REVIEW

Plaintiff expressly acknowledges that the constitutional questions identified above are controlled at the district court level by existing circuit precedent, including *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), and *Epic Systems Corp. v. Lewis*, 584 U.S. 497 (2018). The complaint does not request relief from the district court on constitutional grounds. These questions are raised solely to preserve them for appellate review before the United States Court of Appeals for the Fifth Circuit and, ultimately, the Supreme Court of the United States, in light of significant doctrinal developments — including *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), and the signals in

*Gundy v. United States*, 139 S. Ct. 2116 (2019) — since the controlling precedents were established.

The constitutional question common to both the ERISA and FAA theories is whether a private actor may use Congress's preemption power to unilaterally define the scope of its own immunity from accountability to the civil justice system — a question that has not been squarely addressed by any federal appellate court in the post-*Gundy* constitutional landscape.

## IV. RIGHT TO INTERVENE

Pursuant to 28 U.S.C. § 2403(a), the United States may intervene in this action, through the Attorney General, within 60 days after this notice has been filed, for the purpose of presenting evidence and argument on the constitutional questions identified herein. Plaintiff respectfully requests that this notice be routed to the appropriate section within the Civil Division for review and determination whether intervention is warranted.

Respectfully submitted,

Charles T. Bruff
Plaintiff in Pro Se
4835 Medical Drive #29643
San Antonio, Texas 78229
Enclosure: Complaint Stamped cover sheet

## CERTIFICATE OF FILING AND SERVICE

Pursuant to 28 U.S.C. § 2403(a) and Federal Rule of Civil Procedure 5.1(a)(2), Plaintiff certifies that a copy of this notice, together with a copy of the complaint, has been filed with the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, in the above-captioned action, and mailed to the Attorney General of the United States at the address above on the date indicated.

Date: March 18, 2026

Charles T. Bruff