# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

FILED

MAR 28 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

CHARLES T. BRUFF,

Plaintiff,

v.

USAA HEALTH AND WELFARE BENEFITS PLAN, USAA EDUCATIONAL ASSISTANCE PLAN, UNITED STATES AUTOMOBILE ASSOCIATION, AND LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Defendants.

Case No.: **SA26CA1720**

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER GOVERNING CLAIMS FILE ACCESS AND SEPARATION OF LINCOLN FINANCIAL'S CLAIMS ADMINISTRATION AND LITIGATION FUNCTIONS

### PRELIMINARY STATEMENT

Plaintiff Charles T. Bruff respectfully moves this Court for a protective order addressing a structural conflict that arises directly from Defendant Lincoln National Life Insurance Company's simultaneous roles as Plaintiff's active long-term disability plan administrator and as a named defendant in this action. Defendants have not yet appeared. Plaintiff was therefore unable to confer with opposing counsel prior to filing as would ordinarily be required, and so notifies the Court of that fact here.

1

The structural conflict this motion addresses is not contingent on future events. It exists now. Plaintiff does not have access to his claims file. Lincoln does. That asymmetry is present today. Moreover, Lincoln's conduct throughout the administrative process demonstrates that this asymmetry is not merely theoretical. Lincoln has systematically refused to produce Plaintiff's claims file for months despite repeated written requests, has withheld the results of more than ten medical reviews it conducted on Plaintiff's own condition, and has refused to produce even a closed 2021 claims file on the stated basis that disclosure is withheld until denial. That documented pattern of strategic information withholding provides a reasonable basis for concern that Lincoln will treat its privileged administrative access as a litigation advantage unless the Court establishes clear boundaries now. Plaintiff files at the earliest practicable opportunity so that those boundaries may be established before the structural conflict produces prejudice that cannot be undone.

The relief requested is narrow, grounded in established procedural authority and trust law principles that ERISA expressly incorporates, and costs Lincoln nothing if its administrative determinations have been made in good faith. Given that the structural conflict this motion addresses will become most acute upon the appearance of Lincoln's litigation counsel, Plaintiff respectfully requests that the Court consider this motion on an expedited basis.

## BACKGROUND

1. Plaintiff filed this action on March 16, 2026, asserting claims under the Employee Retirement Income Security Act of 1974 against Defendants USAA and Lincoln National Life Insurance Company arising from wrongful denial of benefits, breach of fiduciary duty, statutory document penalties, and violations of 42 U.S.C. § 407.

2. Defendant Lincoln National Life Insurance Company serves simultaneously as Plaintiff's long-term disability plan administrator and as a named defendant in this litigation. In its capacity as plan administrator, Lincoln has conducted disability reviews of Plaintiff's claim on a regular basis since September 2025, has accumulated a complete claims file containing medical records, internal review conclusions, vocational assessments, and communications with Plaintiff's treating providers, and continues to administer Plaintiff's ongoing LTD benefits.

3. As of the date of this filing, Lincoln has initiated a medical review of Plaintiff's claim, having transmitted requests for updated medical records to Plaintiff's treating providers with a 45-day return deadline. This review was initiated on or about March 20, 2026, consistent with the review schedule Lincoln communicated to Plaintiff in writing on January 9, 2026, in which Lincoln's LTD Technical Specialist stated that the next scheduled update would be the beginning of March 2026.

4. Plaintiff has not been provided a copy of his claims file. Lincoln denied Plaintiff's repeated written requests for the claims file on the stated basis that the file is withheld from claimants while their claims remain active and approved. That refusal is itself the subject of the First Claim in this action. As a result, Plaintiff enters this litigation without access to a body of documentation about himself that Lincoln, by virtue of its role as plan administrator, possesses and to which its litigation defense team may have access.

5. Waivers of service were mailed to all Defendants on or about March 20, 2026. Defendants have not yet appeared.

**ARGUMENT**

## I. The Court Has Authority to Enter the Requested Protective Order.

Federal Rule of Civil Procedure 26(c) authorizes this Court to issue a protective order for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or prejudice. The Court also possesses inherent authority to manage its own proceedings and to prevent abuse of the judicial process. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), separately authorizes appropriate equitable relief to redress violations of ERISA and to enforce its provisions. The relief requested here falls within all three sources of authority.

## II. Discovery Parity Is Required as a Matter of Basic Procedural Fairness.

The most immediate relief this motion seeks requires no novel legal theory. It rests on Rule 26(c) and the basic principle that parties to federal litigation proceed through the discovery process on equal footing.

At present, Lincoln's litigation defense team may have access to Plaintiff's complete claims file by virtue of Lincoln's role as plan administrator. That file contains every medical record Plaintiff's providers have submitted to Lincoln since March 2025, the results and conclusions of every internal medical review Lincoln has conducted, every vocational assessment, every internal communication about Plaintiff's claim, and every document Plaintiff has submitted to Lincoln during the claims process. Plaintiff has none of this. Plaintiff must obtain it through discovery.

This asymmetry is not a feature of ERISA litigation. It is a structural consequence of Lincoln's dual role that this Court has authority to address. In any other litigation, both parties begin with equivalent access to documentary evidence and obtain additional material through the formal discovery process. Lincoln's status as plan administrator does not convert privileged fiduciary file

4

access into a litigation advantage. If Lincoln wishes to use the contents of Plaintiff's claims file in this litigation, it should obtain that material through formal discovery, subject to the same rules, timelines, and obligations that govern Plaintiff's access to Lincoln's documents.

Requiring both parties to proceed through discovery on equal footing does not prejudice Lincoln in any legitimate way. Lincoln's claims file will be fully available to it through the discovery process. The requested relief simply ensures that Plaintiff has the same access to that material that Lincoln does, through the same process, at the same time.

## III. ERISA Incorporates Trust Law Principles That Prohibit a Fiduciary From Competing Against Its Beneficiary Without Court Authorization.

The discovery parity argument in Section II stands entirely on its own. The trust law principles addressed in this section provide the additional foundation for the separation of functions requested in Section IV.

ERISA's fiduciary framework is explicitly grounded in the common law of trusts. The Supreme Court confirmed in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110-11 (1989), that ERISA's fiduciary responsibility provisions "codif[y] and mak[e] applicable to [ERISA] fiduciaries certain principles developed in the evolution of the law of trusts." The Court reaffirmed this foundation in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008), and again in *Tibble v. Edison International*, 575 U.S. 523 (2015), where it quoted the Restatement Third of Trusts directly in resolving an ERISA fiduciary duty question.

Among the foundational principles of trust law that ERISA incorporates is the duty of loyalty. The Restatement Second of Trusts § 170 provides that a trustee is under a duty not to profit at the expense of the beneficiary and not to enter into competition with the beneficiary without consent,

5

unless authorized to do so by the terms of the trust or by a proper court. This principle reflects what Justice Cardozo described as the trustee's obligation to observe not merely the morals of the marketplace but the punctilio of an honor the most sensitive. *Meinhard v. Salmon*, 164 N.E. 545, 546 (N.Y. 1928). Courts have long recognized that litigation itself can constitute a breach of the duty of loyalty when a trustee uses its fiduciary position to advance its own interests against those of the beneficiary it is obligated to serve.

Lincoln occupies two irreconcilable positions simultaneously. As plan administrator, Lincoln holds fiduciary obligations to Plaintiff as beneficiary — it must administer Plaintiff's disability claim solely in Plaintiff's interest. As defendant in this action, Lincoln occupies an adversarial position directly opposed to Plaintiff's interests. These two roles cannot coexist without court management. Under the trust law principles ERISA incorporates, a fiduciary that finds itself in competition with its beneficiary must have either the beneficiary's consent or authorization from a proper court. Plaintiff has not consented. The filing of this action is not consent — it is the exercise of a federal statutory right to enforce ERISA, and construing that exercise as consent to an unmanaged conflict would effectively nullify the right to sue by penalizing its invocation. Court authorization or management of the conflict is therefore required.

**IV. Separation of Lincoln's Claims Administration and Litigation Functions Is Required to Prevent the Structural Conflict From Producing Ongoing Prejudice.**

The trust law principles described in Section III require not only that Lincoln's litigation team be limited to the discovery process for access to Plaintiff's file, but that Lincoln's claims administration function and litigation defense function be kept separate from each other for the duration of this litigation.

Lincoln is currently conducting disability reviews of Plaintiff's claim. Those reviews generate medical assessments, functional capacity evaluations, and eligibility conclusions about Plaintiff's condition. Plaintiff cannot see those conclusions. Lincoln's litigation defense team, by contrast, has no such limitation. Without a formal separation, the conclusions generated by Lincoln's claims administration team — conducted in the course of ongoing fiduciary administration — become available to Lincoln's litigation team as a continuously refreshed body of evidence about Plaintiff that Plaintiff himself cannot access or respond to outside of formal discovery.

The Supreme Court in *Glenn* identified the separation of claims administration functions from other financial and operational functions as an appropriate structural response to conflicts of interest in ERISA plan administration, citing with approval the concept of walling off claims personnel to prevent conflicts from infecting benefit determinations. *Glenn*, 554 U.S. at 115-16. The structural problem this motion addresses extends that principle into the litigation context. Lincoln's litigation defense team should not have access to ongoing claims administration conclusions that Plaintiff cannot see and cannot obtain outside of formal discovery, and Lincoln's claims administration team should not conduct reviews with knowledge that those reviews may inform pending litigation.

The separation Plaintiff requests operates simply. Lincoln's claims administration personnel should not be informed that this litigation is pending. Lincoln's litigation defense counsel should not receive, review, or rely upon conclusions, assessments, or determinations generated by claims administration personnel after the date of this filing outside of formal discovery. Documents generated through claims administration are already subject to ERISA's existing retention requirements and will be preserved independent of any litigation hold. The separation does not require Lincoln to alter its document retention practices in any way. It requires only that the two

functions proceed independently of each other, which is what the fiduciary obligation of loyalty already demands.

**V. The Requested Relief Costs Lincoln Nothing If Its Administrative Determinations Have Been Made in Good Faith.**

Lincoln directed Plaintiff to apply for expedited reinstatement of Social Security Disability Insurance benefits under 42 U.S.C. § 1310. Expedited reinstatement requires a finding that the claimant is unable to engage in substantial gainful activity due to the same or related impairment. That standard is more demanding than the own occupation standard that governs Plaintiff's LTD benefits through September 2027, under which Lincoln need only find that Plaintiff is unable to perform the material and substantial duties of his prior occupation as a senior software engineer.

If Lincoln genuinely believes Plaintiff meets the more demanding expedited reinstatement standard — as its own written direction to Plaintiff confirms — then Lincoln has no legitimate clinical basis for generating adversarial review conclusions under the less demanding own occupation standard that its litigation team could use against Plaintiff in this proceeding. A separation of claims administration and litigation functions costs Lincoln nothing if its administrative determinations have been made honestly and its litigation defense will rest on the merits of its legal positions rather than on a continuously refreshed body of medical evidence unavailable to Plaintiff.

The same logic applies to the discovery parity request. If Lincoln intends to use its claims file in this litigation only in the way that any defendant uses legitimately obtained evidence — through discovery, subject to the same rules that govern Plaintiff — then requiring it to do so costs it

nothing. The only thing the requested relief prevents is the use of Lincoln's privileged fiduciary access as an advantage unavailable to Plaintiff.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter a protective order providing as follows:

1. Lincoln's litigation defense counsel shall not use, reference, or rely upon any document from Plaintiff's LTD or STD claims file in connection with this litigation unless that document has first been produced through formal discovery and made available to both parties on equal terms.

2. Lincoln shall implement a separation between its claims administration personnel and its litigation defense team for the duration of this litigation such that:

   a. Claims administration personnel shall not be informed that this litigation is pending or that any legal proceeding involving Plaintiff has been initiated;

   b. Lincoln's litigation defense counsel shall not communicate with claims administration personnel regarding the substance of Plaintiff's disability claim outside of formal discovery;

   c. Lincoln's litigation defense counsel shall not receive, review, or rely upon conclusions, assessments, or determinations generated by claims administration personnel after the date of this filing outside of the formal discovery process; and

   d. No document generated through the claims administration process after the date of this filing shall be used in this litigation unless produced through formal discovery.

3. Lincoln shall file a certification with this Court within 30 days of Lincoln's first appearance in this action confirming that the separation described above has been implemented and identifying by title, not by name, the personnel on each side of the separation.

Plaintiff is available for a hearing or telephone conference at the Court's convenience should the Court wish to address this motion before Defendants have appeared. Plaintiff requests that any such conference be noticed to all parties to the extent practicable given that Defendants have not yet appeared, and consents to whatever process the Court deems appropriate under the circumstances.

Dated: March 22, 2026

Respectfully submitted,

Charles T. Bruff
Plaintiff in Pro Se
4835 Medical Drive #29643
San Antonio TX 78229
318-452-8978