# Exhibit M

## Lincoln Financial's Written and Oral Acknowledgments That It Has No Set Review Frequency and Cannot Substantiate Its Review Schedule

This exhibit documents five sources in which Lincoln Financial acknowledged that it has no set frequency for disability reviews or that its review schedule is case-by-case with no fixed standard: (1) Plaintiff's September 14, 2025 written request for review frequency information; (2) Shawn Miller's September 17, 2025 written admission that "there is no set frequency for disability reviews"; (3) the January 9, 2026 recorded phone call with Kristianne Corporan confirming the same; (4) Corporan's March 23, 2026 written response confirming no guidelines exist for review criteria; and (5) Corporan's March 25, 2026 email stating review timing "depends on claim circumstances" and occurs "approximately every 3 months" — while noting the last medical information on file was September 18, 2025, more than six months prior. The exhibit spans September 14, 2025 through March 25, 2026.

Scope note: This exhibit specifically addresses Lincoln's inability to substantiate its review frequency. Exhibit J addresses Lincoln's broader pattern of operating without any producible internal standards across multiple subject matters (review frequency, claims file withholding policy, vocational rehab program documentation). The January 9, 2026 phone call transcript appears in both exhibits for different purposes: in Exhibit J for the "no further information" admission and the "no published review schedules" statement; in this exhibit specifically for Kristianne's admission that reviews are case-by-case with no set time, in the context of Plaintiff's request to substantiate the three-month schedule.

### Document 1 — Plaintiff's Written Request for Review Frequency Information — September 14, 2025, 3:46 PM

| | |
|---|---|
| **From:** | Terrence Bruff (tbruff15@gmail.com) |
| **Date:** | Sunday, September 14, 2025, 3:46 PM |
| **To:** | Corporan, Kristianne; Miller, Shawn (Lincoln Financial) |
| **Subject:** | RE: LTD claim # 17729133 |
| **Source:** | YAML_2B_1, Object_2b_1_Lincoln_Correspondence_Aug_to_Oct_2025 |

The following is the relevant excerpt from Plaintiff's September 14, 2025 email. Only question 2 regarding review frequency is quoted here; other questions are omitted. Full email available upon request.

Obviously doing reviews at random wouldn't work very well and I assume Lincoln financial has a standard review frequency depending on the type of condition that you have. When you have autism, you do better with some sort of routine and at least having some idea of how this is gonna go would be helpful.

### Document 2 — Lincoln Financial's Written Admission of No Set Review Frequency — September 17, 2025, 2:03 PM

| | |
|---|---|
| **From:** | Miller, Shawn (Shawn.Miller@lfg.com) |
| **Date:** | Wednesday, September 17, 2025, 2:03 PM |
| **To:** | Terrence Bruff (tbruff15@gmail.com) |

**Subject:**          RE: LTD claim # 17729133
**Source:**          YAML_2B_1, Object_2b_1_Lincoln_Correspondence_Aug_to_Oct_2025

The following is the relevant excerpt from Shawn Miller's September 17, 2025 email response. Only items 1 and 2 relating to review frequency are quoted here.

**Item 1:** There is no set frequency for disability reviews as every claim is different. Your case manager will obtain updated records for review as needed. Please do not refer to the Lincoln Portal for the approved through date as that is just a placeholder and we have not determined if your claim would remain approved through the maximum date of 9/17/27.

**Item 2:** While we understand your concerns, your case manager will obtain updated medical records and conduct medical reviews as needed.

> Note: Shawn Miller's response was sent five days after the LTD approval letter (Exhibit B, September 12, 2025). Lincoln's first substantive written response to Plaintiff's question about review frequency was an admission that there is no set frequency and no schedule. This was not qualified as specific to Plaintiff's claim — Miller stated it as a general proposition: "there is no set frequency for disability reviews as every claim is different."

## Document 3 — Phone Call Confirmation of No Set Review Frequency — January 9, 2026

**Date:**          January 9, 2026
**Participants:**          Charles Bruff (Plaintiff); Kristianne Corporan (Lincoln Financial, LTD Technical Specialist)
**Source:**          Exhibit J, Attachment J-1 (transcript reproduced there — not duplicated as separate attachment)

The following excerpts from the January 9, 2026 recorded phone call are relevant to review frequency. The full transcript is reproduced in Exhibit J, Document 1, and is not attached again here.

**Charles:** I'm asking about the frequency of review because that's the first thing Social Security questioned — why am I being reviewed so often? If you expect me to recover faster than a year, then I shouldn't apply for Social Security.

**Kristianne:** We're not saying we expect it. We have to review it to see if you still meet the criteria of the policy. We're reviewing to see if anything changes.

**Charles:** Is there anything else you can give me that explains how you set the review frequency and what the differences are between your approach and Social Security's?

**Kristianne:** That's correct. We do it case by case. It depends on what conditions we're looking at and the time frames for follow-ups. There's no set time. It depends on the review and what it indicates — whether we need to follow up in two, three, or four months.

**Charles:** That doesn't make sense.

**Kristianne:** I'm sorry it doesn't make sense to you. Sometimes that's just how it is.

Note: Kristianne's January 9, 2026 oral statement is consistent with Shawn Miller's September 17, 2025 written admission in Document 2 above. Both confirm that Lincoln has no set review frequency. Together they establish that this position was stated consistently across two Lincoln representatives and two separate time periods spanning four months.

Cross-reference: Kristianne Corporan's January 9, 2026 email (Exhibit J, Document 2) separately states in writing: "private LTD policies do not publish detailed review schedules like SSDI." That written admission is reproduced in Exhibit J and incorporated here by reference.

## Document 4 — Corporan Written Response to Review Criteria Requests — March 23, 2026, 5:24 PM

| | |
|---|---|
| **From:** | Corporan, Kristianne (Kristianne.Corporan@lfg.com) |
| **Date:** | Monday, March 23, 2026, 5:24 PM |
| **To:** | Terrence Bruff (tbruff15@gmail.com) |
| **Subject:** | RE: Charles Bruff — LTD claim # 17729133 |
| **Claim No.:** | 17729133 |

This is Corporan's written response to items 22–25 of Plaintiff's 33-item document request submitted March 21, 2026. Items 22–25 requested Lincoln's written criteria for distinguishing employment factors from medical factors in disability reviews, written documentation of vocational rehabilitation program requirements, the full Rehabilitation Incentive Benefit qualification process, and written approval or denial criteria for vocational rehabilitation.

Corporan's verbatim response to items 22–25:

> "Item 22 — There are no guidelines or additional information to provide.

> 23–25 There are no guidelines or additional information to provide."

Note: Document 4 confirms that as of March 23, 2026 — more than six months after LTD approval and fifteen months after the disability onset date — Lincoln still possessed no written guidelines governing the criteria it uses in disability reviews. This is consistent with the admissions in Documents 1–3 and establishes that the absence of a fixed review standard is not an oversight but a deliberate feature of Lincoln's claims administration.

## Document 5 — Corporan Email Confirming "Approximately Every 3 Months" — March 25, 2026, 8:52 AM

| | |
|---|---|
| **From:** | Corporan, Kristianne (Kristianne.Corporan@lfg.com) |
| **Date:** | Wednesday, March 25, 2026, 8:52 AM |
| **To:** | Terrence Bruff (tbruff15@gmail.com) |
| **Subject:** | RE: Charles Bruff — LTD claim # 17729133 |
| **Claim No.:** | 17729133 |

The following are the relevant excerpts from Corporan's March 25, 2026 email, which responded to Plaintiff's prior requests regarding review frequency and SSDI coordination.

> "The timing of the reviews depends on the claim circumstances. As previously advised, you will be contacted approximately every 3 months for an update and then we will determine when it's necessary to obtain updated medical records, and you will be notified in advance when we need to request updated medical records. The last medical information on your file was from September 18, 2025."

Note: Document 5 presents a direct internal contradiction with Documents 1–4. After months of stating there is "no set frequency" for reviews — confirmed in writing by Miller (Document 2) and by Corporan on the January 9 phone call (Document 3) and again in writing on March 23 (Document 4) — Corporan now states Plaintiff will be contacted "approximately every 3 months." No explanation is provided for how an "approximately every 3 months" schedule is consistent with a system that has "no set frequency." Corporan's own phrase "depends on the claim circumstances" in the same sentence confirms the schedule remains discretionary, not fixed.

Separately, Corporan's acknowledgment that the last medical information on file was from September 18, 2025 — more than six months before this email — establishes that Lincoln has conducted no medical review of Plaintiff's claim for at least six months, contrary to any "approximately every 3 months" schedule. Plaintiff's LTD benefit approval was September 18, 2025; Corporan is confirming that the file has not been updated since the day benefits began.