# Exhibit USAA1

## USAA Dispute Resolution Program: Arbitration and Mediation Agreement — October 12, 2023

This exhibit is the USAA Dispute Resolution Program: Arbitration and Mediation Agreement executed by Plaintiff on October 12, 2023. The full agreement is attached immediately following this cover page. It is referenced in the complaint's Constitutional Reservation section (paragraphs 130–135) and in connection with USAA's invocation of arbitration in the APIP4 correspondence (Exhibit APIP4, Message 5 of 8).

| | |
|---|---|
| **Document:** | USAA Dispute Resolution Program: Arbitration and Mediation Agreement |
| **Executed:** | October 12, 2023 |
| **Parties:** | Charles T. Bruff (Employee); United Services Automobile Association (USAA) |
| **Source:** | Exhibit USAA1.pdf; Arbitration Agreement (1).pdf |

Complaint relevance — Constitutional Reservation (paragraphs 130–135): The complaint alleges that USAA used the Federal Arbitration Act to unilaterally select which federal statutes (ADA, FMLA, Title VII, FLSA, NLRA, SOX) would be sequestered in a private forum, while voluntarily carving out ERISA benefit plan claims and USAA member insurance policies. Plaintiff is only able to bring the present claims in federal court because of USAA's voluntary ERISA carve-out. The agreement's scope, temporal reach, and catch-all preemption provisions are described in paragraphs 130–135 and are preserved for appellate review.

Complaint relevance — APIP4: Gabrielle Tapia's March 3, 2026 message (Exhibit APIP4, Message 5 of 8) directed Plaintiff to initiate arbitration through the American Arbitration Association for his APIP benefits dispute. Plaintiff disputes that ERISA benefit claims can be compelled to arbitration. This exhibit is the agreement USAA cited in that message.

# *The USAA*
# *Dispute Resolution Program: Arbitration and Mediation Agreement*

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

**THE USAA DISPUTE RESOLUTION PROGRAM:**
**Arbitration and Mediation Agreement (the "Agreement")**

**Employment or continued employment after the Effective Date of the Arbitration and Mediation Agreement (the "Agreement") constitutes assent by both the Employee and the Company to be bound by the Agreement, both during employment and after termination of employment.**

**The expression of interest in employment with the Company in any written or electronic form, including submission of an employment application, resume, online profile, or any other information in an effort to apply for or be considered for employment with the Company, and the Company's consideration of such interest in employment, constitute assent by both the Applicant and the Company to be bound by the Agreement.**

**This Agreement amendment amends and supersedes all prior versions of the Agreement and is effective October 12, 2023.**

1.     **Purpose and Construction**

This Agreement is designed to provide a framework for the fair, accessible, and efficient resolution of Disputes covered by this Agreement between the Company and the Company's present and former Employees and Applicants, relating to or arising out of a current, former, or potential employment relationship with the Company. The Agreement is intended to create an exclusive procedural mechanism for the final resolution of all Disputes falling within its terms. It is not intended either to reduce or enlarge substantive rights available under applicable law. The Agreement applies only to claims that could be brought in a court: i.e., legally recognizable claims. Thus, it would not apply to a claim by an Employee that the Company acted improperly or unfairly or inconsistently, if the Company's alleged actions did not also violate the Employee's rights under a particular law or pursuant to a legal or equitable claim. The Agreement is a contract but does not otherwise modify the "at-will" employment relationship between the Company and its Employees. The Agreement should be interpreted in accordance with these purposes.

2.     **Definitions**

A.     "AAA" means the American Arbitration Association.

B.     "The Act" means the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, as amended from time to time.

C.     "Applicant," solely for purposes of the Agreement, means any person who has expressed interest in employment with the Company in any written or electronic form including, but not limited to, submitting an employment

2

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

application, resume, online profile, or any other information in an effort to apply for or be considered for employment with the Company after the Effective Date of the Agreement.

D.  "Associated Person" means a present or former employee: (i) who is or was registered with FINRA through USAA Financial Advisors, Inc. or USAA Investment Management Company; or (ii) who otherwise satisfies the definition of "associated person" as set forth in the Industry Code in relation to employment by the Company.

E.  "Company" means United Services Automobile Association and all of its past, present, and future parents, subsidiaries, companies, staff agencies, business units, divisions, affiliates, successors and assigns, and other current or former related entities thereof, collectively referred to as "USAA," or "the Company," except that "USAA or "the Company" does not include USAA International Services SARL, USAA Limited, USAA S.A., and their subsidiaries.

F.  "Dispute" means, except as otherwise provided below, all legal and equitable claims, demands, and controversies, of whatever nature or kind, alleging violations of federal, state, local, or common law or equity, arising out of or related to the Employee or Applicant's application for employment, hire, failure to hire, employment, and/or termination of employment, that could be brought in a court and that are: (i) between the Company and an Employee or Applicant; (ii) between Employees, if in any way related to their employment with the Company; (iii) between the Company and any other person bound by the Agreement; or (iv) asserted against a Third Party Beneficiary. Except as otherwise provided below or by applicable law, such claims include, without limitation, those in contract, tort, public policy, equity, statute, regulation, common law, or some other law, including, but not limited to, any claims or matters with respect to:

1.  The Agreement, the Rules, or any other matter relating to the Agreement, including without limitation, any question or controversy relating to the scope of this Agreement, and any prior resolution or settlement of a Dispute subject to the Agreement, except that any determination as to the enforceability of the Class Action Waiver in Paragraph 4(B) shall be made solely by a court and not the arbitrator;

2.  The employment or potential reemployment of the Employee, including, but not limited to, the terms, conditions, and/or termination of employment with the Company, including events that may occur after any such termination of employment;

3.  Wages, compensation, and/or hours of work, including, but not limited to, claims relating to minimum wage and overtime, meal and rest break periods, expense reimbursement, leaves of absence (including, without

3

limitation, the alleged failure to comply with mandatory leave or reinstatement obligations), the alleged failure to timely or accurately pay wages due, and/or claims by the Company to recoup the overpayment of wages or other compensation of any kind;

4.  Allegations of employment discrimination, harassment, or retaliation of any kind, including, without limitation, based on race, sex, sexual orientation, gender identity or expression, pregnancy, religion, national origin, age, veteran status, disability, genetic information or other legally protected characteristic, including, without limitation, claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act of 1990 ("OWBPA"), the Genetic Information Non-Discrimination Act ("GINA"), the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 1981 *et seq.*, state worker's compensation retaliation statutes, or any other laws relating to legally prohibited retaliation, and any other federal, state, or local statutory or other remedy relating to alleged employment discrimination, harassment, or retaliation of any kind;

5.  Claims arising under any federal, state, or local statutes, regulations, rules, or ordinances, including, without limitation, the National Labor Relations Act ("NLRA"); the Occupational Safety and Health Act ("OSHA"); the Family and Medical Leave Act ("FMLA"); the Employee Retirement Income Security Act ("ERISA") (as qualified below); the Fair Labor Standards Act ("FLSA"); the Worker Adjustment and Retraining Notification Act ("WARN"); the Dodd-Frank Wall Street Reform and Consumer Protection Act; the Sarbanes-Oxley Act ("SOX"); and any other federal, state, or local statutory or other remedy;

6.  Claims arising under contract, tort, or other common law, including, without limitation, breach of contract; wrongful discharge; negligence; defamation; loss or interference with any type of third-party relationship; and any other federal, state, or local common law claims;

7.  Claims arising out of an Applicant's expression of interest in employment with the Company in any written or electronic form (including, but not limited to, submitting an employment application, resume, online profile or other information in an effort to apply or be considered for employment with the Company) and/ or candidacy for employment, and the Company's actions regarding such expression of interest or candidacy;

8.  Any personal injury or death allegedly incurred in or about a Company workplace, on Company time, or in the course and scope of employment (other than those that are covered under applicable workers' compensation laws); and

4

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

9. Any other matter concerning, relating to, or arising out of the employment relationship between the Employee and the Company.

"Dispute" includes all of the foregoing matters, regardless of when the events on which they are based occurred, including matters based on events occurring before the Employee or Applicant became subject to the Agreement (so long as such disputes were not previously asserted in a judicial or arbitral forum) or after termination of the employment relationship.

Notwithstanding any other provision of the
include: (i) claims constituting sexual harassment or sexual assault disputes as defined by the Act; (ii) claims for
laws; (iii) claims for unemployment compensation benefits; (iv) claims under any policy of insurance issued by USAA or other claims arising from or relating to USAA business (and not employment) relationships between the Employee/Applicant and USAA; (v) claims that arise between or among Employees, Applicants, and/or Third Party Beneficiaries that are unrelated to USAA, their employment relationship with USAA (if any), or the USAA workplace; (vi) claims for which this Agreement would be invalid or prohibited as a matter of federal law, or by a state or local law that is not preempted by federal law; (vii) any claim that relates to an ERISA-governed employee benefit plan established or maintained by the Company, except to the extent such claim (which relates to an ERISA-governed benefit plan) (A) is based on an alleged violation of section 510 of ERISA; (B) relates to a plan established or maintained solely for the benefit of executives of the Company or relates to an excess benefit plan with the meaning of ERISA; (C) relates to an ERISA-governed severance plan established or maintained by the Company; or (D) relates to the USAA Legal Assistance Plan.

G. "Employee" means any person who is or has been in the employment of the Company on or after the Effective Date of the Agreement, whether or not employed at the time a claim is brought with respect to a Dispute, and residing in the United States, or otherwise subject to the laws of the United States or any state, municipality, or other political subdivision of the United States.

H. "Party" means a person or entity who has asserted a Dispute covered by the Agreement, or from whom a remedy is sought with respect to a Dispute that is covered by the Agreement.

I. "Rules" mean the Rules for Arbitration and Mediation which are contained in this Agreement and applicable to mediation and/or arbitration.

J.
joint and several liability with the Company concerning any Dispute; (ii)

5

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

*"Class Action").*

***proceed in a Class Action.*** Any dispute concerning the scope or validity of this paragraph shall be decided by a court of competent jurisdiction and not the arbitrator. If a court determines this prohibition on Class Actions is invalid for any claims, the Parties waive any right to arbitration of a Class Action for those claims (although any portion of the Class Action Waiver that is enforceable shall be enforced) and instead agree and stipulate that such claims will be heard only by a judge, and not an arbitrator or jury, after the Parties arbitrate any claims subject to this Agreement, to the maximum extent permitted by law.

C.    Notwithstanding any other provision of the Agreement, any Party to a Dispute may apply to any court of competent jurisdiction over the Parties for temporary, preliminary, or emergency injunctive relief that is necessary to preserve status quo, *i.e.*, the rights of that Party pending the arbitration. All parties to a proceeding for temporary, preliminary, or emergency injunctive relief are entitled to expedited discovery, including depositions and limited written discovery requests, whether or not the laws of the jurisdiction or the applicable rules of arbitration procedure imposed by a regulatory body or by any other agreement provide for such expedited discovery.

D.    The Agreement does not prohibit an Employee, Applicant, or the Company from filing: (i) a motion in court to compel arbitration; or (ii) an administrative charge or complaint with any federal, state or local office or agency including, but not limited to, the Equal Employment Opportunity Commission " " Participation in any administrative proceeding by a Party does not constitute waiver of that right to mediation or arbitration under the Agreement. In the case of a Dispute arising under a statute that requires filing of a charge or complaint with an administrative agency before commencing a lawsuit, that administrative charge or complaint procedure must be exhausted before a demand for arbitration is filed, and the statute of limitations for demanding arbitration of such a claim is the time period within which a person must file a lawsuit after receiving a notice of right to sue from the agency.

E.    Although it is recognized that arbitration under the direction of the American Arbitration Association as provided in this Agreement may be preferable and provides an Associated Person with certain rights and advantages not otherwise available, an Associated Person has the option of resolving Disputes in a FINRA arbitration forum. More specifically, this Agreement does not prohibit or restrict an Associated Person from filing an arbitration claim in the FINRA arbitration forum as specified in the Industry Code, with the exception that the following disputes may not be arbitrated in the FINRA

activities; (ii) any statutory employment discrimination claims (as defined by the Industry Code), including any claims for sexual harassment; (iii) any claim or action not required by the Industry Code to be arbitrated or which

7

are prohibited from being arbitrated in the FINRA arbitration forum, including, but not limited to, class actions, certain collective actions, and actions based on whistleblower statutes that prohibit the use of pre-dispute arbitration agreements.

that may be subject to FINRA arbitration are limited to USAA Investment Corporation, USAA Investment Services Company, and Associated Persons. Nothing in this Agreement is intended to serve or be construed as pre-dispute consent by any Party to the jurisdiction of the FINRA arbitral forum with respect to any matter.

## 5.    Non-Retaliation

No Employee or Applicant shall be subject to retaliation with respect to the terms and conditions of employment for initiating or participating in good faith in any process or proceeding under the Agreement. Nothing herein limits the right and the rights of others collectively to challenge the enforceability of the Agreement, including the Class Action Waiver in Paragraph 4(B). While a Party may assert that all claims must be pursued individually in arbitration and may ask a court to compel

protected concerted activity under the NLRA, such filing will not result in threats, discipline, or discharge.

## 6.    Applicable Law

A.    This Agreement is governed by the Act, to the maximum extent permitted by applicable law.

B.    Any authorized decision or award of the arbitrator shall be final and binding upon the Parties. All orders of the arbitrator (except evidentiary rulings at the arbitration) shall be in writing and subject to review pursuant to the Act. The substantive legal rights, remedies, and defenses of all persons and entities are preserved. In the case of arbitration, the arbitrator shall have the authority to determine the applicable law and to order any and all substantive relief, legal or equitable, including punitive damages,

and which a Party could obtain from a court of competent jurisdiction on the basis of the claims made in the arbitration.

C.    The Agreement shall not be construed to grant additional substantive, legal, or contractual rights, remedies, or defenses which would not be applied by a court of competent jurisdiction in the absence of the Agreement, unless expressly authorized by these provisions.

## 7.    Effective Date

This amended Agreement amends and supersedes all prior versions of the Agreement and is effective October 12, 2023. Changes resulting from any

8

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

amendment to the Agreement do not affect any proceeding or claim that had already been initiated prior to the effective date of the amendment, and any such proceeding or claim remains subject to the prior version(s) of this Agreement.

8. **Severability and Related Issues**

A. To the maximum extent permitted by law, the Arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve any Dispute relating to interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable, except any determination as to the enforceability of the Class Action Waiver in Paragraph 4(B) shall be made solely by a court. This means that disputes concerning the validity of any part of Paragraph 4(B) shall be decided by a court of competent jurisdiction, not by an arbitrator.

B. The terms of the Agreement are severable. The invalidity or unenforceability of any provision herein or any portion of any provision shall not affect the application of any other provision or portion of provision. Where possible, consistent with the purposes of the Agreement to provide for individual arbitration and except as otherwise provided in Paragraph 4(B), any otherwise invalid provision of the Agreement or portion thereof may be severed, or to the maximum extent permitted by applicable law, reformed and, as reformed, enforced.

9. **Assent to the Agreement; Termination or Amendment of Agreement**

Employment after the Effective Date of the Agreement constitutes assent by both the Employee and the Company to be bound by the Agreement, both during employment and after termination of employment. The expression of interest in employment with the Company in any written or electronic form, including, but not limited to, submission of an employment application, resume, online profile, or any other information in an effort to apply for or be considered for employment with the Company, constitutes assent by both the Applicant and the Company to be bound by the Agreement.

In addition to employment or continued employment, the mutual agreement between the Parties to be bound by the terms of the Agreement, as well as other

eligibility to participate in the USAA Legal Assistance Plan          for the payment

and, to the extent payment of such fees by the Company are not required by applicable law, the agreement by the Company to pay arbitration fees under

under the Agreement.

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

The Company may propose termination or amendment of the Agreement by providing electronic notice to Employee, including by posting changes on Connect and providing employees notice of such posting. Employee indicates agreement to the proposed amendment or termination, and such proposed change becomes effective as to Employee, by commencing employment or, if currently employed, continuing employment with the Company for a period of 30 days after notice is provided.

Termination or amendment of this Agreement will not affect a Dispute as to which mediation or arbitration had already been initiated when the termination or amendment was proposed.

If a proposed termination or amendment is determined not to be effective in whole or part for any reason, including lack of sufficient notice, lack of agreement, invalidity of an Agreement provision or otherwise, the Agreement as it existed at the time of the proposed termination or amendment shall remain in effect to the extent that the proposed termination or amendment is determined not to be effective.

## RULES FOR ARBITRATION AND MEDIATION (the

1.  **Application**

    A.  The arbitration shall be arbitrated by a single, neutral arbitrator in accordance with these Rules, in the form existing at the time proceedings are initiated under them.

    B.  To the extent that these Rules do not address an issue that arises with respect to a Dispute, the Employment Dispute Resolution Rules of AAA may be applied to resolve the issue, provided that the AAA rules are consistent with the intent and purposes of these Rules. A copy of the Employment Dispute Resolution Rules of the AAA is available for review at www.adr.org. The AAA also may be contacted to request a copy of the Employment Dispute Resolution Rules of AAA. The AAA contact information is set forth below. To the extent there is a conflict between the Rules in the Agreement and the Employment Dispute Resolution Rules of the AAA, the Rules in the Agreement shall govern.

2.  **Initiation of Mediation or Arbitration**

    A.  A Party may initiate mediation or arbitration under these Rules at any time, subject to any defenses, including but not limited to those applicable to the timeliness of the claim, including limitations and laches. A demand for arbitration must be filed within the statute of limitations applicable to the

10

claim(s) set forth in the demand for arbitration.

B. Although either Party to a Dispute shall have the right to initiate arbitration, the Party seeking monetary or other affirmative relief shall have the obligation to do so for all purposes, including limitations and laches.

C. To initiate arbitration under these Rules, a Party must file a written demand for arbitration with AAA and, subject to Paragraph 30 below, tender the appropriate administrative fee to the AAA, unless the Party is an Employee or Applicant who submits a request for waiver of such fee to AAA, and such request is granted by the arbitrator.

D. The demand for arbitration must include (i) a description of the nature of the Dispute; (ii) a statement of claims in which the Party identifies all causes of action asserted by that Party and a brief description of the factual basis for each cause of action; (iii) the remedy sought by the Party, and (iv) the locale requested for the hearing on the merits.

E. AAA shall serve copies of the demand for arbitration or mediation on all other Parties to the Dispute.

F. Each Party against whom a demand for arbitration has been filed shall file an answering statement and affirmative defenses, if any, within 30 calendar days of receiving from AAA a copy of the demand for arbitration and notification that all applicable fees have been paid or that a request for waiver of same has been submitted. The answering statement shall include any counterclaims.

G. Mediation will only occur in the event that all Parties voluntarily agree to proceed with mediation. A Party may initiate mediation of a Dispute under the Rules by filing a written request for mediation with AAA. Such request must include (i) a description of the nature of the Dispute; (ii) a statement of claims and a brief description of the factual basis for such claims; and (iii) the remedy sought by the Party. A request for mediation must be filed within any applicable statute of limitations, but does not toll any applicable statute of limitations or administrative agency filing deadlines, unless otherwise agreed to in writing by the Parties or provided by applicable law. The Party receiving the request to mediate must respond regarding whether it agrees to participate in mediation within fifteen (15) days of receiving the request for mediation. The Parties shall proceed with mediation if all Parties agree.

**3. Appointment of Arbitrator and/or Mediator**

A. With respect to arbitration, immediately after payment of the arbitration fee or a request for waiver of same, AAA shall simultaneously send each Party an identical list of persons chosen by AAA from a panel of qualified

11

arbitrators which AAA shall select and maintain. Each Party to the Dispute shall strike any names objected to, number the remaining names in order of preference, and return the list to AAA within the time period specified by AAA. If a Party does not return the list within the time specified, all persons therein shall be deemed acceptable to that Party. From among the persons who have been approved on both lists, and in accordance with the order of mutual preference, AAA shall invite the arbitrator to serve. Any Party shall have the right to strike the list of arbitrators in its

did not result in a mutually agreeable arbitrator, AAA shall issue a new list of arbitrators consistent with the above procedures. In the event that the          selections do not result in a mutually agreeable arbitrator after receiving two lists from AAA, then AAA shall provide a third list of prospective arbitrators and shall limit the number of strikes that each Party has such that the strike and rank process shall yield at least one name that has not been struck by either Party. From among the persons who have been approved on both lists, and in accordance with the order of mutual preference, the AAA shall invite the arbitrator to serve. At any time prior to selection of an arbitrator via the process outlined in this Paragraph 3.A, the Parties mutually may agree on an arbitrator, who the AAA shall then appoint as the arbitrator.

B.    With respect to mediation, the Parties may agree to mediate their Dispute and, in such an event, may select a mutually agreeable mediator and proceed to mediation without the administrative oversight of AAA. However, in the event that the Parties decide to mediate through AAA, the parties may select a mutually agreeable mediator, or the same selection process described in Rule 3.A. regarding arbitrators shall be applied to the selection and appointment of a mediator.

## 4.    Qualifications of the Arbitrator and/or Mediator

No person shall serve as an arbitrator or mediator unless the person is a licensed attorney with employment law experience. No person shall serve as an arbitrator or mediator in any matter in which that person has any financial interest, as defined by federal law regarding judicial disqualification (*see* 28 U.S.C. § 455(d)(4)). Prior to accepting appointment, the prospective arbitrator or mediator shall disclose any such financial interest or any other circumstance that may prevent a prompt hearing or create a presumption of bias. Upon receipt of such information from the arbitrator, mediator, or any other source, AAA will communicate the information to the Parties for comment and/or objection. Thereafter, AAA may disqualify that person, and its decision shall be conclusive.

## 5.    Arbitrator or Mediator Vacancies

If a vacancy occurs for any reason (including because of disqualification pursuant

12

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

to Rule 4 above) or if an appointed arbitrator is unable to serve promptly, the appointment procedure in Rule 3.A. shall apply to the selection of a substitute arbitrator.

**6.  Date, Time, and Place of Arbitration or Mediation**

A.  The arbitrator or mediator shall set the date and time of any hearing, mediation, arbitration, or other proceeding. The choice of location of the hearing, mediation, arbitration, or other proceeding will be made in accordance with the federal venue provisions applicable to the Dispute.

B.  Notice of any hearing as to the merits of the Dispute shall be given in writing and at least 90 calendar days in advance unless otherwise agreed in writing by the Parties.    All other hearings shall be scheduled at a time that is mutually agreeable to the arbitrator and the Parties, unless the arbitrator determines that a shorter time is necessary.

C.  All mediations conducted in accordance with the Agreement will be scheduled for no more than one-half day in length unless the Parties mutually agree to a longer period of time. Unless the Parties agree to a self-administered mediation under Rule 3.B. or otherwise, the mediation shall be administered by AAA in accordance with these Rules, where applicable, and, to the extent such rules are not inconsistent with these Rules, the rules of the AAA.

**7.  Arbitration Conferences**

At the request of AAA or of a Party, or on the initiative of the arbitrator, and upon written notice to all Parties, the arbitrator or AAA may schedule and hold conferences for the discussion and determination of any matter which will expedite the arbitration, including but not limited to the following:

A.  Venue;

B.  Clarification of issues;

C.  Determination of preliminary issues, including summary determination of dispositive legal issues;

D.  Discovery;

E.  Motions, including, but not limited to, Motions to Dismiss and for Summary Judgment;

F.  The time and location of proceedings or conferences;

G.  Interim legal or equitable relief authorized by applicable law;

13

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

H.      Pre- or post-hearing memoranda;

I.      Stipulations;

J.      Protective orders concerning confidential information belonging to any Party or third party; and/or

K.      Any other matter of substance or procedure.

**8.      Mode of Hearings and Conferences**

At the discretion of the arbitrator or by agreement of the Parties, conferences and hearings, other than hearings on the merits, may be conducted virtually or by written submission, as well as in person.

**9.      Arbitration Discovery and Evidence**

Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure (except for Rule 23) and the Federal Rules of Evidence, as interpreted in the jurisdiction where the arbitration is held, and may take any form permitted by the Federal Rules of Civil Procedure. The arbitrator shall have the authority to enter protective orders, and accept filings under seal, in accordance with the Federal Rules of Civil Procedure, to protect a Party or third party.

**10.     Representation**

Any Party involved in mediation or arbitration may have legal representation at the Party's own expense.

**11.     Attendance at Hearings**

The arbitrator shall maintain the privacy of the arbitration to the extent permitted by law and in accordance with the AAA Employment Rules. Any Party is entitled to attend the hearing on the merits. The arbitrator shall determine whether any other person may attend the hearing on the merits. Upon the request of any Party, the arbitrator shall exclude any witness, other than a Party, during the testimony of any other witness. Additionally, the arbitrator shall have the power to exclude any witness, other than a Party, during the testimony of any other witness.

**12.     Postponement**

The arbitrator or mediator, for good cause shown by a Party, or on agreement of the Parties, shall postpone any proceeding, deadline, or conference.

**13.     Oaths**

Before proceeding with the first hearing, the arbitrator may take an oath of office

14

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

and, if required by law, shall do so. The arbitrator shall require witnesses to testify under oath administered by any duly qualified person.

## 14.  Record of Hearing on the Merits

Unless otherwise agreed by the Parties or ordered by the arbitrator, a record of the hearing on the merits of a Dispute shall be prepared at the expense of the Company, which shall provide a copy to each of the other Parties upon request and upon payment of the reasonable cost of reproduction.

## 15.  Procedure for Hearing on the Merits

The hearing on the merits shall be conducted by the arbitrator in whatever order and manner will most expeditiously permit full and fair presentation of the evidence and arguments of the Parties.

## 16.  Arbitration in the Absence of a Party

The arbitrator may proceed in the absence of Parties or representatives who, after due notice, fail to be present or fail to obtain a postponement. An award shall not be made solely on the default of a Party. The arbitrator shall require any Party who is present to submit such evidence as the arbitrator may require for the making of an award.

## 17.  Evidence at Hearing on the Merits

A.   The arbitrator shall be the sole judge of the relevance, materiality, and admissibility of evidence offered.

B.   The arbitrator may subpoena witnesses or documents at the request of a Party or on the arbitrator's own initiative and shall do so upon reasonable request of a Party.

C.   The arbitrator may consider the evidence of witnesses by affidavit or declaration, but shall give it only such weight as the arbitrator deems appropriate after consideration of any objection made to its admission.

## 18.  Post-Hearing Submissions

A.   All documentary evidence to be considered by the arbitrator shall be filed at the hearing, unless the arbitrator finds good cause to permit post-hearing submission of evidence. All Parties shall be afforded an opportunity to examine and comment on any post-hearing evidence, unless either Party files material under seal, if such filing is permitted by the arbitrator. The arbitrator shall permit the filing of post-hearing briefs at the request of a Party and shall determine the procedure and timing of such filings, including, without limitation, development of a briefing schedule providing all Parties adequate time to submit opposition and reply briefs.

15

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

B.     Notwithstanding the foregoing, upon agreement of the Parties, the

other issues and decide these issues, if necessary, in a supplemental award.

### 19.    Closing and Reopening of the Arbitration

A.     When the arbitrator is satisfied that the record is complete, including the submission of any post-hearing briefs or evidence permitted by the arbitrator, the arbitrator shall declare the arbitration closed.

B.     The arbitration may be reopened on the arbitrator's initiative or upon application of a Party at any time before the award is made for good cause shown.

### 20.    Waiver of Procedures

Any Party who fails to object in writing, within 30 days after knowledge that any provision or requirement set forth in these Rules has not been complied with, shall be deemed to have waived the right to object.

### 21.    Service of Notices and Papers

Any papers, notices, or process necessary or proper for the initiation or continuation of any proceeding under these Rules (including the award of the arbitrator, any court action in connection therewith, or the entry of judgment on an award made under these procedures) may be served on a Party, AAA, or the arbitrator by email or mail, addressed to the Party or the
the last known address. AAA, the Parties, and the arbitrator are encouraged to use electronic communication where practicable in order to expedite communication and reduce costs.

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

**22.    Communications with AAA and the Company**

A.    Any Party may communicate with AAA by contacting:

American Arbitration Association
Case Filing Services
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043
Toll Free Number:  877-495-4185
Fax Number:  877-304-8457
Email: CaseFiling@adr.org
Website: www.adr.org

B.    Any Party may request copies of the Agreement and related materials by contacting the USAA Dispute Resolution Program Administrator at USAADialogueProgram@usaa.com.

C.    Except as provided in Rule 22.D. below, once a mediation or arbitration has been initiated, all communications with USAA regarding a Dispute should be directed to counsel of record for USAA or, if none has made an appearance, to USAA Labor & Employment Counsel at grplitigationlabor@usaa.com.

D.    All AAA communications with USAA regarding AAA administrative fees and expenses should be sent electronically to USAA Labor & Employment Counsel at grplitigationlabor@usaa.com.

**23.    Communication with the Arbitrator**

There shall be no *ex parte* communication between the Parties and the arbitrator, other than at any oral hearings or conferences. Any written or oral communications from the Parties to the arbitrator shall be directed to AAA (and simultaneously copied or relayed to the Parties by AAA) for transmission to the arbitrator, unless the Parties and the arbitrator agree otherwise.

**24.    Time of Award**

The award shall be promptly made in writing by the arbitrator and, unless otherwise agreed by the Parties or specified by applicable law, made no later than 60 calendar days from the date of the closing of the arbitration or, if applicable, the closing of a reopened arbitration.

**25.    Form of Award**

The award shall be in writing and shall be signed by the arbitrator. The arbitrator

17

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

shall write a statement of the essential findings of fact and conclusions of law on which the award is based. The award shall be executed in any manner required by applicable law.

**26.    Modification of Award**

On order of a court of competent jurisdiction, or on agreement of the Parties, the arbitrator shall modify any award. The arbitrator may modify an award on the motion of a Party if the arbitrator finds that the award, as rendered, is ambiguous or defective in form, or if the award requires an illegal or impossible act.  These are the only circumstances under which an arbitrator shall have jurisdiction to withdraw or modify an award.

**27.    Settlement during Arbitration**

If the Parties settle their Dispute during the course of the arbitration, the arbitrator may, upon the agreement of all Parties, set out the terms, or a portion of the terms, of the settlement in a consent award.

**28.    Scope of Arbitrator's Authority**

A.    The arbitrator's authority shall be limited to the resolution of Disputes as defined above. As such, the arbitrator shall be bound by and shall apply applicable law, including that related to the allocation of the burden of proof, as well as substantive law. The arbitrator shall not have the authority either to reduce or enlarge substantive rights available under applicable law. The arbitrator shall be bound by and shall comply with the provisions of the Agreement.

B.    The arbitrator shall not have the power to hear any claims in arbitration as a class or collective action or on any other representative capacity basis, or, absent the written consent of all Parties, to proceed on a consolidated basis.

C.    The arbitrator shall have the authority to decide motions to dismiss, motions for summary judgment, and any other dispositive motions. The arbitrator shall establish a briefing schedule for any such motion and shall permit all Parties adequate time to submit opposition and reply briefs to the motion.

**29.    Judicial Proceedings and Exclusion of Liability**

A.    Neither AAA nor any arbitrator is a necessary party in any judicial proceedings relating to proceedings under these Rules.

B.    Neither AAA nor any arbitrator shall be liable to any Party for any act or omission in connection with any proceedings within the scope of these

18

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

Rules.

C.    Any court of competent jurisdiction may compel a Party to pursue a Dispute under the Agreement.

D.    All Parties consent to the entry of judgment upon the award of the arbitrator which judgment may be enforced in or by any federal or state court of competent jurisdiction.

E.    Either Party may seek injunctive relief from the arbitrator. In addition, and notwithstanding any other provision of the Agreement, any Party to a Dispute may apply to any court of competent jurisdiction over the Parties for temporary, preliminary, or emergency injunctive relief that is necessary to preserve the status quo, *i.e.*, the rights of that Party, pending the arbitration.

**30.   Fees and Expenses**

A.    The Employee or Applicant shall pay the applicable AAA claim initiation fee when initiating arbitration, unless an Employee/Applicant submits a request for waiver of such fee to AAA, and such request is granted by the arbitrator. The Company shall pay the hearing fee and arbitrator fees for the arbitration hearing or any motion hearing, as well as other ordinary and reasonable expenses of the arbitration, including hearing room expenses, and travel expenses of the arbitrator, mediator, or the AAA. If the arbitration is initiated by the Company, all fees and administrative expenses will be paid by the Company.

B.    The expenses of witnesses shall be borne by the Party producing such witnesses to the extent consistent with the Federal Rules of Civil Procedure, except as otherwise provided by law or in the award of the arbitrator, consistent with applicable law.

C.    Except as otherwise provided by law or awarded by the arbitrator to the extent provided by applicable law, and except as otherwise provided by the Legal Assistance Plan,       fees shall be borne by the Party incurring them.

D.    Discovery costs shall be borne by the Party incurring same, except as otherwise provided by law or in the award of the arbitrator, consistent with applicable law.

E.    The fees and expenses of experts, consultants, and others retained or consulted by a Party shall be borne by the Party incurring same, except as otherwise provided by law or in the award of the arbitrator, consistent with applicable law.

19

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

F.    All other expenses, fees, and costs of proceedings under these Rules shall be borne equally by the Parties who are not Employees/Applicants, except as otherwise provided by law or in the award of the arbitrator, and to the extent consistent with applicable law.

G.

costs, and the arbitrator is authorized to award costs, consistent with applicable law. Notwithstanding the foregoing, in the event that the Company is a prevailing party, any recovery of costs may not include the

paid by the Company to AAA for the administration of the arbitration or mediation.

## 31.    Interpretation and Application of These Rules

To the maximum extent permitted by law, the arbitrator shall interpret and apply these Rules insofar as they relate to the arbitrator's powers and duties. All other Rules shall be interpreted and applied by AAA.

## 32.    Applicable Law

The Agreement is governed by the Act, to the maximum extent permitted by applicable law. Unless otherwise expressly provided in the Agreement, the substantive law applied shall be the state or federal substantive law that would be applied by a United States District Court sitting at the place of the proceeding.

## 33.    Limitations

A.    A Party must file a demand for arbitration, in conformance with Rule 2, within the time allowed by applicable law for the filing of a judicial complaint.  Failure to do so will bar the claim.

B.    In the event a Party timely initiates judicial proceedings rather than proceedings under these Rules and thereafter agrees or is ordered by the court to submit the Dispute to arbitration under the Agreement, the Party must initiate arbitration, in conformance with Rule 2, within 60 days of entry of the            order or the disposition of any immediate appeal of such order, or the time allowed by applicable law for the filing of a judicial complaint, whichever is longer. Failure to do so will bar the claim. In the event such judicial proceedings were not timely filed, the claim is barred.

C.    A request for or participation in mediation under the Agreement does not toll any applicable statute of limitations, unless otherwise agreed to in writing by the Parties or provided by applicable law.

## 34.    Mediation during Arbitration

20

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.

At any time before an arbitration is closed, the Parties may agree to mediate their Dispute.

**35.    FINRA Arbitration for Associated Persons**

A.    Arbitration proceedings in a FINRA forum for Associated Persons, including initiation of an arbitration proceeding in a FINRA forum, shall proceed in accordance with and be governed by the Industry Code. However, to the maximum extent permitted by law and the Industry Code, unless otherwise stated herein, this Agreement and the Rules set forth in this Agreement shall govern mediation, applicable law and defenses, all ancillary matters and all other matters not otherwise expressly governed by the Industry Code.

B.    The costs and fees associated with a Dispute submitted to FINRA arbitration

shall not be governed by the Rules set forth in this Agreement.

C.    Within forty-five (45) days of filing an arbitration action with the FINRA forum, the Parties or their counsel, if represented, shall discuss alternative dispute resolution and discovery procedures, including mediation and the potential use of depositions and interrogatories.

PUBLIC INFORMATION:
May be discussed or shared with non-USAA employees.