# Exhibit USAA2

## USAA's Failure to Provide Interrelated Plan Documents — Claim Appeal Fiduciary Services Correspondence — June 18 – September 26, 2025

This exhibit documents USAA's deliberate limitation of the plan documents provided to its third-party disclosure vendor, Claim Appeal Fiduciary Services, resulting in the withholding of the APIP, Educational Assistance, 401(k), and Pension SPDs from Plaintiff. The fiduciary's written admission — "we provided the documents that USAA asked us to provide" — confirms the omissions originated with USAA's own instructions. This exhibit supports complaint paragraphs 110–112.

> Key admission (Message 3, September 16): "we provided the documents that USAA asked us to provide." This establishes that the failure to produce the APIP, Educational Assistance, 401(k), and Pension SPDs was not a vendor error but a direct result of USAA's own production instructions.
>
> Additional omission: The initial June 18 production did not include the LTD Certificate of Coverage — the controlling document for the benefit Plaintiff was actively receiving at the time. The LTD Summary Plan Document itself states that the Certificate of Coverage governs. Plaintiff had to independently identify this omission by reading the SPD and request the certificate separately (Message 2, September 15). USAA's vendor did not spontaneously provide the document that directly governed Plaintiff's active benefit.

> ⚠️ **Note Regarding Full Email Chain**
>
> The underlying email chain contains one subsequent message dated September 28, 2025 that includes confidential information unrelated to the plan document withholding issue. The full chain is not attached to this public filing to avoid disclosure of that information.
>
> The complete email chain, including the September 28, 2025 message, is available for in camera review by the Court upon request. The 14 messages reproduced below constitute the complete record of the plan document request and withholding sequence. No communications relevant to the plan document issue have been omitted from this exhibit.

### Message 1 — Claim Appeal Fiduciary Services (appeals@appealfiduciary.com) — June 18, 2025, 7:34 AM

| | |
|---|---|
| **From:** | Claim Appeal Fiduciary Services (appeals@appealfiduciary.com) |
| **Date:** | June 18, 2025, 7:34 AM |
| **Subject:** | USAA Document Request |

Good morning, Claim Appeal Fiduciary Services has been retained by USAA to respond to document requests under its ERISA welfare benefit plans. USAA instructed us to provide you with the attached documents, which include: • Short Term Disability (STD) Summary Plan Document • Long Term Disability (LTD) Benefit Program Summary Plan Document • Comprehensive Welfare Benefits Plan Summary Plan Description  Claim Appeal Fiduciary Services 2475 Northwinds Parkway, Suite 200 Alpharetta, GA 30009 Fax: 404.592.6824 appeals@appealfiduciary.com

### Message 2 — Terrence Bruff (cbruff13@outlook.com) — September 15, 2025, 6:06 PM

| | |
|---|---|
| **From:** | Terrence Bruff (cbruff13@outlook.com) |

**Date:**          September 15, 2025, 6:06 PM

**Subject:**       Re: USAA Document Request Charles Bruff

I am missing the certificate of coverage for the LTD plan. You didn't send me all of the plan documents. Can you help me with this?

### Message 3 — Claim Appeal Fiduciary Services (Alicia) — September 16, 2025, 2:36 PM

**From:**          Claim Appeal Fiduciary Services (Alicia)

**Date:**          September 16, 2025, 2:36 PM

**Subject:**       RE: USAA Document Request Charles Bruff

Good afternoon, we provided the documents that USAA asked us to provide. The certificate of service was not included in the original request, but it is attached hereto.  Alicia

### Message 4 — Terrence Bruff (cbruff13@outlook.com) — September 16, 2025, 3:40 PM

**From:**          Terrence Bruff (cbruff13@outlook.com)

**Date:**          September 16, 2025, 3:40 PM

**Subject:**       Re: USAA Document Request Charles Bruff

Thanks to be fair I didn't know I needed to request a certificate of coverage until I read the LTD summary plan description, which stated the certificate of coverage governs.

### Message 5 — Claim Appeal Fiduciary Services — September 16, 2025, 7:17 PM

**From:**          Claim Appeal Fiduciary Services

**Date:**          September 16, 2025, 7:17 PM

**Subject:**       RE: USAA Document Request Charles Bruff

No worries – if you need anything else just let us know. Have a good evening.

### Message 6 — Terrence Bruff (cbruff13@outlook.com) — September 17, 2025, 4:46 PM

**From:**          Terrence Bruff (cbruff13@outlook.com)

**Date:**          September 17, 2025, 4:46 PM

**Subject:**       Re: USAA Document Request Charles Bruff

Actually, I do need some help. There was some confusion regarding whether this document is correct. The certificate of coverage that you sent me from Lincoln financial. Would you mind confirming that it's correct?

---

### Message 7 — Terrence Bruff (cbruff13@outlook.com) — September 24, 2025, 10:15 PM

| | |
|---|---|
| **From:** | Terrence Bruff (cbruff13@outlook.com) |
| **Date:** | September 24, 2025, 10:15 PM |
| **Subject:** | Re: USAA Document Request Charles Bruff |

Hello Appeals and Human Resources. It has been a week since I requested assistance and I still need help with a confirmation that the documents that Claims Appeal Fiduciary Services sent me are correct. There is some confusion on some of the summary plan descriptions. If you could please confirm as this may affect the administration of my LTD claim. I am actively waiting on this to figure out what I need to do next. Thank you.

---

### Message 8 — Claim Appeal Fiduciary Services (Alicia) — September 25, 2025, 11:22 AM

| | |
|---|---|
| **From:** | Claim Appeal Fiduciary Services (Alicia) |
| **Date:** | September 25, 2025, 11:22 AM |
| **Subject:** | RE: USAA Document Request Charles Bruff |

Good afternoon, the attached is what USAA sent to us as the most recent certificate and SPD. These look to be the same as what we sent over but the certificate has what looks like two riders. If you still have questions on these please let me know. I apologize for the delay in getting back to you on this one.  Alicia

---

### Message 9 — Terrence Bruff (cbruff13@outlook.com) — September 25, 2025, 6:25 PM

| | |
|---|---|
| **From:** | Terrence Bruff (cbruff13@outlook.com) |
| **Date:** | September 25, 2025, 6:25 PM |
| **Subject:** | Re: USAA Document Request Charles Bruff |

OK because what you sent me originally had a different definition of basic earnings that included my performance bonuses from the last three years. My mom was wondering if that was because I also had a disability claim in 2021 so I was grandfathered into the old terms. This document redefined basic earnings to exclude 60% of my bonuses. That's what I was confused about is when Lincoln financial calculated my pay they didn't include my bonuses and we weren't sure if I was grandfathered into the old system because it says if you're disability begins before which I interpret as if you have a previous episode before 2022, then you're grandfathered in. Obviously, this is a significant change and I'm not sure which document to use.

---

### Message 10 — Claim Appeal Fiduciary Services (Alicia) — September 25, 2025, 6:28 PM

| | |
|---|---|
| **From:** | Claim Appeal Fiduciary Services (Alicia) |
| **Date:** | September 25, 2025, 6:28 PM |
| **Subject:** | RE: USAA Document Request Charles Bruff |

When did you go out on disability? If this is a new claim – ie not from 2021 – generally the terms in place when you go out govern. Disability isn't like a pension where you get grandfathered into prior provisions based on previous service.

## Message 11 — Terrence Bruff (cbruff13@outlook.com) — September 25, 2025, 10:10 PM

| | |
|---|---|
| **From:** | Terrence Bruff (cbruff13@outlook.com) |
| **Date:** | September 25, 2025, 10:10 PM |
| **Subject:** | Re: USAA Document Request Charles Bruff |

I went on disability recently on March 21, but the confusion came from the fact that you sent me the old document with the old wording originally. And then when I told Lincoln financial something was wrong, they sent me another document, but it wasn't signed by USAA. And then I asked my mom about it and she told me I must've been grandfathered in because I was considered disabled by USAA in 2021 and I've been considered disabled by Social Security since birth. Mom pointed out that the document didn't say the disability had to be continuous. It just said that you had to be considered disabled under the plan before 2022. We assumed that that's why you sent us the copy of the old document to start with. That's why I was trying to get confirmation from you.

## Message 12 — Terrence Bruff (cbruff13@outlook.com) — September 25, 2025, 10:12 PM

| | |
|---|---|
| **From:** | Terrence Bruff (cbruff13@outlook.com) |
| **Date:** | September 25, 2025, 10:12 PM |
| **Subject:** | Re: USAA Document Request Charles Bruff |

And I'm sorry if I'm being confusing. Mom and I went through the Social Security process together when I was a child and when I was in college. For Social Security, if you become disabled again for similar reasons within a five year period from your last disability claim you're reinstated instead of having to file a new claim. That's kind of why Mom assumed that USAA had similar rules because the document isn't clear and when we don't know what the rules are, we tend to assume you guys follow Social Security rules.

## Message 13 — Terrence Bruff (cbruff13@outlook.com) — September 25, 2025, 11:34 PM

| | |
|---|---|
| **From:** | Terrence Bruff (cbruff13@outlook.com) |
| **Date:** | September 25, 2025, 11:34 PM |
| **Subject:** | Re: USAA Document Request Charles Bruff |

Honestly, it's really late at night and I don't do well with inconsistency so I'm going to go to bed. I'll send another email tomorrow with more details. I don't know if my situation would qualify as an exception and

the answer to that question is the difference between 20 extra thousand dollars a year. That's why we were so nervous when you sent a document that was inconsistent with what Lincoln financial was doing.

### Message 14 — Claim Appeal Fiduciary Services (Alicia) — September 26, 2025, 8:57 AM

| | |
|---|---|
| **From:** | Claim Appeal Fiduciary Services (Alicia) |
| **Date:** | September 26, 2025, 8:57 AM |
| **Subject:** | RE: USAA Document Request Charles Bruff |

We looked at the current version, and we don't think there is a grandfathered provision for the definition of Covered Earnings. In general, you are subject to the terms of the Plan that are in effect when you qualify for disability benefits under the terms of the Plan. So, in other words, when you meet the Plan's definition of Disabled and are awarded benefits the terms in effect on that date govern. While you may be disabled under Social Security Administration rules, that isn't the same as being found disabled under the USAA LTD Plan. The SSA has a different definition of Disabled than the USAA LTD Plan. Since your disability did not commence until March of this year, your benefits will be determined under the current Plan terms. I will confirm this with USAA and hopefully have confirmation by early next week. Thanks for your patience.  Alicia