# Exhibit APIP4

## USAA ServiceNow Document Request Thread — Employee Handbook, APIP, and Plan Document Withholding (February 20 – March 26, 2026)

ServiceNow Case No. HRC0549446

This exhibit contains the complete ServiceNow correspondence documenting USAA's refusal to produce the Employee Handbook and 2025 APIP plan document. USAA generates a new case number per submission; the subject matter is continuous across both case numbers. The HRC0549446 thread (Messages 1–8, February 20 – March 2026) documents the initial APIP denial, USAA's refusal to provide a formal denial notice or appeal rights, the handbook refusal citing Internal Use Only and directing Plaintiff to arbitration, and case closure without producing the requested documents. The HRC0564126 thread (Messages 9–10, March 25–26, 2026) documents USAA's continuation of the same refusals in response to Plaintiff's Week 2 weekly document request, including Plaintiff's written assertion that benefits disputes are expressly excluded from the arbitration agreement by its own terms.

### Message 1 of 8 — USAA HR: Initial APIP Denial — February 20, 2026, 5:01 PM CST

| | |
|---|---|
| **From:** | servicenow_prod@servicenow.usaa.com |
| **To:** | cbruff13@outlook.com |
| **Date:** | February 20, 2026, 5:01 PM CST |
| **Author:** | Michelle Fagen (Compensation Advisor Senior) |

Hello Charles, Due to the nature of your separation from USAA, you are not eligible for a 2025 Annual Performance Incentive award.

Sincerely, The Variable Compensation Team

Thank you, USAA Human Resources

### Message 2 of 8 — Plaintiff: Request for Denial Letter and Appeal Information — February 20, 2026, 6:47 PM CST

| | |
|---|---|
| **From:** | Terrence Bruff <cbruff13@outlook.com> |
| **To:** | servicenow_prod@servicenow.usaa.com; humanresources@usaa.com |
| **Date:** | February 20, 2026, 6:47 PM CST |

OK.

Obviously, I disagree and I'm gonna need more than that to know how to appeal.

Firstly, can I have a denial letter?

Secondly, can I appeal?

Thank you in advance.

### Message 3 of 8 — Plaintiff: Request for Employee Handbook — February 20, 2026, 6:49 PM CST

| | |
|---|---|
| **From:** | Terrence Bruff <cbruff13@outlook.com> |
| **To:** | servicenow_prod@servicenow.usaa.com; humanresources@usaa.com |
| **Date:** | February 20, 2026, 6:49 PM CST |

Also, I had asked in a previous email but I don't know if emails back to ServiceNow get sent to USAA. Can I have a copy of the employee handbook that was in effect on March 22, 2025 to help me with any appeals?

### Message 4 of 8 — USAA HR: Denial Final, Not Subject to Appeal — February 25, 2026, 4:21 PM CST

| | |
|---|---|
| **From:** | servicenow_prod@servicenow.usaa.com |
| **To:** | cbruff13@outlook.com |
| **Date:** | February 25, 2026, 4:21 PM CST |
| **Author:** | Michelle Fagen (Compensation Advisor Senior) |

Hello Charles, As mentioned in my previous response, you are not eligible for a 2025 Annual Incentive Award, and this determination is not subject to appeal. I am now forwarding your case to the appropriate department for review and to address your request for the employee handbook.

Thank you, USAA Human Resources

### Message 5 of 8 — USAA HR: Employee Handbook Refusal — March 3, 2026, 8:13 AM CST

| | |
|---|---|
| **From:** | servicenow_prod@servicenow.usaa.com |
| **To:** | cbruff13@outlook.com |
| **Date:** | March 3, 2026, 8:13 AM CST |
| **Author:** | Gabrielle Tapia (HR Service Center Specialist I) |

Dear Charles, Your request was forwarded to us for a copy of the employee handbook. USAA's Employee Handbook is classified for Internal Use Only. We are not able to transmit it electronically outside of the USAA network. The only way that a former employee can request a copy of a handbook is through a legal subpoena if pursuing through arbitration/mediation.

For external disputes, you're bound by the terms of the USAA Dispute Resolution Program: Arbitration & Mediation Agreement. We have emailed you a copy of it, along with a copy of your signed Arbitration/Mediation Agreement.

Per section 2 of the Rules of Arbitration and Mediation section in the document, "To initiate arbitration under these Rules, a Party must file a written demand for arbitration with AAA and, subject to Paragraph 30 below, tender the appropriate administrative fee to the AAA, unless the Party is an Employee or Applicant who submits a request for waiver of such fee to AAA, and such request is granted by the arbitrator."

Section 22 of the Rules of Arbitration and Mediation section of the Arbitration Agreement includes the contact information for the American Arbitration Association (AAA). Please review the document for full details and contact information for the arbitration initiation process.

USAA requires an Executed Subpoena to be properly served through Corporation Service Company (CSC) cscglobal.com. When requesting employment & payroll records, please send the Executed Subpoena via CSC. When requesting employment & payroll records and CSC cannot be used, please send the Executed Subpoena via mail to:

USAA

Attn: Transactions Team, Records Department

9800 Fredericksburg Road

San Antonio, Texas 78288


Thank you, Gabrielle

HR Service Center

Thank you, USAA Human Resources

---

## Message 6 of 8 — Plaintiff: Follow-Up on Handbook and Subpoena Requirement — March 11, 2026, 11:11 PM CST

| | |
|---|---|
| **From:** | Terrence Bruff <cbruff13@outlook.com> |
| **To:** | servicenow_prod@servicenow.usaa.com; humanresources@usaa.com |
| **Date:** | March 11, 2026, 11:11 PM CST |


Thank you for letting me know. Can you guys double check to confirm that the employee handbook is not available to those currently receiving LTD, even when USAA is denying benefits like APIP that are specifically tied to LTD participation. I was hoping the employee handbook would give me some sort of rationale for the denial. But from what I'm understanding you're confirming that the only way I can get these documents would be to serve USAA and subpoena them?

The rationale that USAA/HR uses to deny me the employee handbook is strange, given that USAA has given me dozens of internal documents since I went on STD and LTD. It's strange to me that the employee handbook, which bears the same marking, would have some sort of special status that doesn't allow it to be sent out, even via secure channels.

Either way, thank you for the response.

---

## Message 7 of 8 — Plaintiff: Request for Missing Plan Documents — Date: March 12, 2026, 6:21 PM CST

| | |
|---|---|
| **From:** | Terrence Bruff <cbruff13@outlook.com> |
| **To:** | servicenow_prod@servicenow.usaa.com; humanresources@usaa.com |

Hello Gabrielle,

A few things. Around June of 2025, I asked USAA for all applicable plan documents. At that time, Claim Appeals Fiduciary Services told me that USAA instructed them to only send me three specific plan documents. Because of that, I am missing:

1.  The 2025 APIP Summary Plan Description
2.  The Non-Bank Severance Agreement

If you could send me these plan documents as soon as possible, that would be much appreciated.

Thank you.

And just for clarity, I know you told me that I'm bound by the external arbitration agreement. I don't actually believe that's true, given that this is a benefits issue and not a termination issue. Hopefully I can get those documents and review them, especially the APIP document.

## Message 8 of 8 — USAA HR: Case Closed — March 2026

| | |
|---|---|
| **From:** | servicenow_prod@servicenow.usaa.com |
| **To:** | cbruff13@outlook.com |
| **Date:** | March 2026 (exact timestamp unavailable) |

Your USAA HR Case HRC0549446 has been resolved and closed. Replies to this notification will not be received by USAA HR.

If you need additional assistance, please contact us again at humanresources@usaa.com.

Thank you, USAA Human Resources

## ServiceNow Case No. HRC0564126 — Continuation Thread

USAA HR generated Case HRC0564126 in response to Plaintiff's March 25, 2026 Week 2 weekly document request (sent to both Lincoln and USAA HR simultaneously at 1:02 AM). The subject matter is continuous with HRC0549446 — the same Employee Handbook and APIP document refusals are reiterated, alongside responses to new document requests. The following two messages constitute the complete HRC0564126 exchange.

### Message 9 of 10 — USAA HR Response — March 25, 2026, 5:17 PM CST

| | |
|---|---|
| **From:** | servicenow_prod@servicenow.usaa.com (HR Service Center) |
| **To:** | Terrence Bruff (cbruff13@outlook.com) |
| **Date:** | Wednesday, March 25, 2026, 5:17 PM CST |
| **Subject:** | HRC0564126 — EXTERNAL: Charles Bruff (Current LTD claim) — Weekly Document Request Summary |

Thank you for contacting the HR Service Center and for your patience while we reviewed your inquiry. To address the items requested under "Category 5" please see below.

USAA's Employee Handbook as well as the 2025 Annual Performance Incentive Plan Document are classified for Internal Use Only. As such, we are not able to transmit it electronically outside of the USAA network. The only way that a former employee can request a copy of a handbook is through a legal subpoena if pursuing through arbitration/mediation.

For external disputes, you're bound by the terms of the USAA Dispute Resolution Program: Arbitration & Mediation Agreement. We have attached a copy of it the email sent to you on 03/03/26, along with a copy of your signed Arbitration/Mediation Agreement.

USAA requires an Executed Subpoena to be properly served through Corporation Service Company (CSC) cscglobal.com. When requesting employment & payroll records, please send the Executed Subpoena via CSC. When requesting employment & payroll records and CSC cannot be used, please send the Executed Subpoena via mail to: USAA, Attn: Transactions Team, Records Department, 9800 Fredericksburg Road, San Antonio, Texas 78288.

Regarding the Education Assistance Plan, eligibility for the benefit following separation is as follows. You and your dependent are no longer eligible for USAA's EDvantage benefit if you leave the company. You may continue your education after leaving USAA, but you'll be responsible for covering all subsequent costs. If you leave the company mid-term, USAA covers your costs for that term. There is no requirement to stay with USAA for a specified period after using the EDvantage program. You are not required to reimburse USAA for education funding if you leave or are separated from the company.

As the HR Service Center does not have access to employee benefit details, your request for documentation regarding "denial of active employee benefits during STD phase" is currently under review. We are awaiting word back from our internal partners, and will follow up with you as soon as we have more information.

Thank you, HR Service Center

---

### Message 10 of 10 — Plaintiff Reply — March 26, 2026, 12:45 AM CST

| | |
|---|---|
| **From:** | Terrence Bruff (cbruff13@outlook.com) |
| **To:** | servicenow_prod@servicenow.usaa.com (HR Service Center HRC0564126) |
| **Date:** | Thursday, March 26, 2026, 12:45 AM CST |
| **Subject:** | Re: HRC0564126 — EXTERNAL: Charles Bruff (Current LTD claim) — Weekly Document Request Summary |

Keep in mind, benefits disputes under the benefit plan are not subject to the arbitration agreement by the terms of the agreement itself. That's why I haven't been able to follow your instructions.

You guys made determinations based on these summary plan descriptions, and so I need copies of them. The documents that I can access show that individuals who become disabled are entitled to APIP. I wasn't given any plan documents from USAA that contradict that.

I can't arbitrate this type of dispute by the terms of the agreement and therefore all I can do is keep asking for the plan documents that I need.

The same thing goes for the employee handbook — you cited my termination as the reason to deny plan benefits. That makes the employee handbook relevant because it contains information about how USAA handles termination.

To be 100% clear I'm asking these questions as an LTD plan member not as a former employee. For reasons I don't understand USAA seems to conflate the two as if they affect each other. Hopefully we can resolve this soon as this has been going on for a while.