# Exhibit DOC-REQ

## Chronological Timeline of Plaintiff's Written Document Requests and Responses

This exhibit presents a chronological timeline of every written document request made by Plaintiff to Defendants and their vendors, spanning August 2025 through April 2026. Each entry identifies the date of the request, the document requested, the party to whom the request was directed, and the response received. Each entry references the exhibit or source document where the request is reproduced in full.

> This exhibit identifies every written document request made by Plaintiff to Defendants and their vendors from August 2025 through April 2026, together with the written responses received. Each entry identifies the date of a distinct written request, the document requested, the party to whom it was directed, and the response received. The January 9, 2026 oral requests are included solely to document Lincoln's written responses, which constitute independent written refusals to produce documents. The 30-day period under ERISA § 502(c)(1) and 29 C.F.R. § 2575.502c-1 runs separately from the date of each written request. Requests that were refused outright rather than simply not responded to evidence willful non-compliance.

### Category 1 — USAA Educational Assistance Plan

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|
| Aug 11, 2025 | Request for educational assistance eligibility determination while on STD/LOA<br>↳ *Guild deferred to USAA; USAA HR did not provide formal determination* | *Guild Education (USAA vendor)* | *Exhibit C (SPD at issue); email: "Re: Next steps: Transfer to Enterprise Resolution," Aug 11, 2025* |
| Aug 12, 2025 | Request that USAA resolve ambiguity in SPD eligibility language for disabled employees<br>↳ *No formal written determination issued* | *Guild / Kelli Gowan (USAA HR)* | *Exhibit C; emails: "Re: Next steps: Transfer to Enterprise Resolution," Aug 12, 2025 (multiple)* |
| Feb 5, 2026 | Request for formal denial letter for educational assistance (Fall 2025 and Spring 2026)<br>↳ *Case closed; no formal denial letter provided* | *USAA Health & Welfare Benefits Center (BenefitConnect Case 133005)* | *Exhibit EDU1* |
| Feb 9, 2026 | Renewed request for formal denial letter on letterhead; explicit request for denial letter to provide to state vocational rehab<br>↳ *No formal denial letter provided* | *USAA Health & Welfare Benefits Center (BenefitConnect Case 133123)* | *Exhibit EDU1* |
| Feb 9, 2026 3:13 PM | Standalone written request for confirmation that no denial letter on letterhead would be provided<br>↳ *No direct written response to this specific question* | *USAA Health & Welfare Benefits Center (BenefitConnect Case 133123)* | *BenefitConnect message: "Insurance Carrier/Claim Issue Case ID: 133123," Feb 9, 2026, 3:13 PM* |
| Feb 9, 2026 3:16 PM | Request for specific contact name and documentation sufficient for Texas | *USAA Health & Welfare Benefits Center* | *BenefitConnect message: "Insurance Carrier/Claim Issue* |

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|
| | Vocational Rehabilitation program, beyond the general HR number<br><br>↳ *No substantive response; general HR number only previously provided* | *(BenefitConnect Case 133123)* | *Case ID: 133123," Feb 9, 2026, 3:16 PM* |
| Mar 2, 2026 | Documented verbal confirmation from USAA Benefits Center (Chris) that no formal denial letter would be issued for either semester; written request for written confirmation of that refusal from the Benefits Center<br><br>↳ *No written response confirming the refusal received* | *USAA Health & Welfare Benefits Center (BenefitConnect Case 134012)* | *Exhibit EDU1 (March 2 documentation email, Case ID 134012)* |
| Mar 25, 2026 1:02 AM | Resubmission: APIP SPD 2025 (item 22); educational assistance denial Fall semester (item 23); educational assistance denial Spring semester (item 24). Flagged as urgent for March 26 state VR appointment — state financial review requires formal denial documentation; omitting would constitute fraud<br><br>↳ *No response received prior to appointment* | *USAA HR (humanresources@usaa.com)* | *Email: "Charles Bruff (Current LTD claim) — Weekly Document Request Summary — Week 2," Mar 25, 2026, 1:02 AM (items 22–24)* |
| Apr 4, 2026 | Week 3 renewed request: APIP SPD 2025; formal written denial of educational assistance (Fall); formal written denial of educational assistance (Spring) — flagged as needed for state VR financial audit; employee handbook in effect March 22, 2025; written documentation of denial of active employee benefits during STD phase (medical, dental, life, wellness)<br><br>↳ *No response received* | *USAA HR (humanresources@usaa.com)* | *Email: "Charles Bruff (Current LTD Claim) — Weekly Document Request Summary — Week 3 (USAA Items)," Apr 4, 2026* |

## Category 2 — LTD Claims File

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|
| Jan 9, 2026 Phone call (oral — see note) | Request for copies of all previous medical reviews [ORAL REQUEST — included to document written refusal]<br><br>↳ *"reviews on approved claims are not shared with claimants"* | *Kristianne Corporan / Lincoln Financial (phone call)* | *Exhibit H, Document 1; Exhibit J, Document 1* |
| Jan 11, 2026 | Written request for appeal process and written confirmation that claims file will not be provided; asked if file can be sent directly to Social Security<br><br>↳ *No appeal process provided; no written policy produced; Corporan responded Jan 13: "standard practice"* | *Corporan, Thornton, Wilkerson (Lincoln)* | *Email: "Charles Bruff — follow up on conversation/claims file," Jan 11, 2026, 10:31 PM; Exhibit H, Document 3; Exhibit J, Document 3* |

| Jan 12, 2026 | Signed Authorization for Release of LTD File directing Lincoln to release "complete file" to Brown & Brown for SSDI<br>↳ *File not released to Brown & Brown — see Exhibit K* | *Lincoln National Life Insurance Company* | *Exhibit I* |
|---|---|---|---|
| Jan 12, 2026 5:07 PM | Written request for authorization form to release LTD claims file to Plaintiff personally; asked who on the medical side of Lincoln to contact<br>↳ *No authorization form produced; no response to this specific request* | *Corporan, Wilkerson, Thornton (Lincoln)* | *Email: "Re: Charles Bruff — follow up on conversation/claims file," Jan 12, 2026, 5:07 PM* |
| Jan 13, 2026 | Request that complete claims file be provided to Brown & Brown for SSA submission (follow-up to authorization)<br>↳ *"standard practice" not to release file while claim is open* | *Kristianne Corporan (Lincoln)* | *Exhibit K, Documents 4–5* |
| Jan 13, 2026 6:55 PM | Four-item numbered written request: (1) authorization to release LTD file to Plaintiff personally; (2) authorization to release closed 2021 STD file to Plaintiff; (3) escalation to Wilkerson if neither possible; (4) written policy on Lincoln letterhead or contract provision justifying refusal to provide file while requiring authorization of release to third party<br>↳ *No authorization produced; no written policy produced* | *Corporan, Wilkerson (Lincoln)* | *Email: "Re: (Secure) RE: Charles Bruff — follow up on conversation/claims file," Jan 13, 2026, 6:55 PM* |
| Jan 14, 2026 11:54 AM | Request for family review of claims file before release to Brown & Brown<br>↳ *Wilkerson corrected Jan 14, 12:18 PM: Brown & Brown would receive only medical records, not complete LTD claims file* | *Wilkerson, Corporan (Lincoln)* | *Email: "Re: Charles Bruff — follow up on conversation/claims file," Jan 14, 2026, 11:54 AM* |
| Jan 14, 2026 11:59 AM | Request for written confirmation on Lincoln letterhead from either Corporan or Wilkerson explaining why Plaintiff cannot have a copy of a file being disclosed to a third party<br>↳ *No written confirmation on letterhead produced* | *Wilkerson, Corporan (Lincoln)* | *Email: "RE: Charles Bruff — follow up on conversation/claims file," Jan 14, 2026, 11:59 AM* |
| Jan 25, 2026 5:19 PM | Request for copy of 2021 STD claims file (closed claim, not subject to appeal); complete current LTD file; written notice of SSA no-omissions obligation (20 C.F.R. § 404.1512); two-option demand: produce files within 30 days OR provide letter on Lincoln letterhead citing internal policy for submission to Social Security | *Kristianne Corporan (Lincoln)* | *Email: "Charles Bruff — LTD/STD Claim file from 2021," Jan 25, 2026, 5:19 PM; Exhibit K, Document 1; Exhibit N* |

| | | | |
|---|---|---|---|
| | ↳ *Refused Feb 12: "we are not able to provide the file to you"* | | |
| Jan 25, 2026 5:19 PM | Written notice of SSA no-omissions obligation; request that Lincoln provide claims file to Social Security directly<br><br>↳ *Deflected: "if working with vendor they will ensure SS receives relevant information"* | *Kristianne Corporan (Lincoln)* | *Exhibit K, Document 1* |
| Jan 27, 2026 3:45 PM | Did you send them my complete claims file?<br><br>↳ *Corporan 3:40 PM: "Brown & Brown was sent your medical records" — not the complete claims file* | *Kristianne Corporan (Lincoln)* | *Email: "Re: Charles Bruff — LTD/STD Claim file from 2021," Jan 27, 2026, 3:45 PM* |
| Jan 27, 2026 3:45 PM (2nd) | Request for copies of medical records already sent to Brown & Brown; request for 2021 prior claims file to include Lincoln's reviewing doctors as non-treating physicians on SSDI application<br><br>↳ *Medical records confirmed sent to Brown & Brown only; complete file not released* | *Kristianne Corporan (Lincoln)* | *Email: "Re: Charles Bruff — LTD/STD Claim file from 2021," Jan 27, 2026, 3:45 PM (second email)* |
| Jan 27, 2026 3:49 PM | Request that 2021 STD claims file also be sent to Brown & Brown; request to include Lincoln's medical review doctors as non-treating physicians on SSDI application<br><br>↳ *Not addressed* | *Kristianne Corporan (Lincoln)* | *Email: "Re: Charles Bruff — LTD/STD Claim file from 2021," Jan 27, 2026, 3:49 PM* |
| Jan 27, 2026 3:52 PM | Request for copies of medical records already transmitted to Brown & Brown<br><br>↳ *Not addressed* | *Kristianne Corporan (Lincoln)* | *Email: "Re: Charles Bruff — LTD/STD Claim file from 2021," Jan 27, 2026, 3:52 PM* |
| Jan 27, 2026 4:32 PM | Formal written demand invoking ERISA § 502(c) clock. Two options: (1) produce complete STD and LTD claims files (current and 2021) within 30 days; or (2) provide letter on Lincoln Financial letterhead with contact information citing internal policy, for submission to Social Security. Noted application cannot be filed until complete file received<br><br>↳ *Jan 28, 4:18 PM — Corporan closure: "We have sufficiently responded to your request for a copy of your claim file and will not be responding to further requests"* | *Kristianne Corporan (Lincoln)* | *Email: "Re: Charles Bruff — LTD/STD Claim file from 2021," Jan 27, 2026, 4:32 PM* |
| Feb 6, 2026 2:31 PM | Written request that Lincoln provide internal policy authorizing claims file withholding<br><br>↳ *No written policy produced; blanket refusal to provide further information* | *Kristianne Corporan (Lincoln)* | *Exhibit H, Document 3; Exhibit J, Document 3* |

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|
| Feb 12, 2026 10:25 AM | Request for formal denial letter confirming refusal to provide claims file, for inclusion in SSA expedited reinstatement application<br>↳ *Refused: "we have fully reviewed and responded to your request"* | *Kristianne Corporan (Lincoln)* | *Email: "RE: Charles Bruff — LTD/STD Claim file from 2021," Feb 12, 2026, 10:25 AM* |
| Mar 20, 2026 7:02–7:04 PM | Written follow-up asserting SSA no-omissions obligation; request for documentation of basis for claims file withholding; noted SSA cannot request information it does not know exists<br>↳ *Corporan Mar 20, 4:13 PM: "We will not provide you with a copy of the LTD or STD claim file unless an adverse claim determination is made"* | *Kristianne Corporan (Lincoln)* | *Emails: Bruff to Corporan, "RE: Charles Bruff — LTD claim # 17729133," Mar 20, 2026, 7:02 PM and 7:04 PM* |
| Mar 21, 2026 9:36 PM | Request for all internal notes, memos, clinical review summaries, and communications generated during each quarterly review — not just final conclusions (33-item request, item 20)<br>↳ *Refused Mar 23: "Category 1 — I have already addressed"* | *Kristianne Corporan (Lincoln)* | *Email: Bruff to Corporan, "RE: Charles Bruff — LTD claim # 17729133," Mar 21, 2026, 9:36 PM (item 20); Corporan response Mar 23, 2026, 5:24 PM* |
| Mar 25, 2026 1:02 AM | Resubmission of items 1–3: complete current LTD file including all reviews; complete 2021 STD file (Claim No. 17118669); or letter on Lincoln letterhead citing specific policy. Disputed Lincoln's claim that Category 1 was already addressed. Asked directly whether the withholding policy is written down anywhere or whether Lincoln simply decided to do it without any documented basis<br>↳ *No response to the specific question about written basis* | *Kristianne Corporan (Lincoln)* | *Email: "Charles Bruff (Current LTD claim) — Weekly Document Request Summary — Week 2," Mar 25, 2026, 1:02 AM (items 1–3)* |
| Apr 4, 2026 | Week 3 renewed request: complete current LTD claims file including all reviews; complete 2021 STD claims file (Claim No. 17118669); or letter on Lincoln letterhead citing specific policy and confirming whether withholding policy is written down<br>↳ *No response received* | *Kristianne Corporan (Lincoln)* | *Email: "Charles Bruff (Current LTD Claim) — Weekly Document Request Summary — Week 3," Apr 4, 2026 (items 1–3)* |

## Category 3 — Plan Documents

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|

| Apr 23, 2025 | Written request to USAA HR for clarification on health insurance, COBRA, and plan benefits while on STD; implicit request for applicable plan documents governing those benefits<br><br>↳ *Referred to humanresources@usaa.com; no formal plan document response* | *Deborah Benavides / humanresources@usaa.com (USAA HR)* | *Email: "Re: [Public] Re: Short term disability cobra and health insurance," Apr 23, 2025* |
|---|---|---|---|
| Apr 26, 2025 | Written request for Summary Plan Description for the Short-Term Disability program; noted Lincoln Financial confirmed they could not provide it<br><br>↳ *No SPD produced by USAA HR at that time; Claim Appeal Fiduciary Services subsequently appeared and produced a limited set of plan documents on USAA's authorization* | *humanresources@usaa.com (USAA HR)* | *Email: "Charles Bruff — Summary plan description for short-term disability program," Apr 26, 2025* |
| Sep 15, 2025 | Request for LTD Certificate of Coverage (not included in documents produced by Claim Appeal Fiduciary Services)<br><br>↳ *"we provided the documents that USAA asked us to provide"* | *Claim Appeal Fiduciary Services* | *Exhibit USAA2, Message 2* |
| Jan 4, 2026 7:52 PM | Request for list of all conditions covered by the Mental Illness/Non-Verifiable Symptoms Limitation<br><br>↳ *No substantive response* | *Kristianne Corporan (Lincoln)* | *Exhibit L, Document 1* |
| Feb 6, 2026 4:05 PM | Renewed request for definition of how Lincoln defines psychiatric mental illness and subjective symptoms exclusion<br><br>↳ *"we have already provided answers to your questions"* | *Kristianne Corporan (Lincoln)* | *Exhibit L, Documents 2–3* |
| Feb 10, 2026 | Request for 2025 APIP SPD and Non-Bank Severance Agreement (withheld from June 2025 production)<br><br>↳ *Case closed without producing documents* | *USAA Human Resources (ServiceNow HRC0549446)* | *Exhibit APIP4, Message 7 of 8* |
| Feb 20, 2026 | Request for formal denial letter for APIP on letterhead; request for employee handbook in effect March 22, 2025<br><br>↳ *Handbook refused (Internal Use Only); APIP denial stated "not subject to appeal"* | *USAA HR (ServiceNow HRC0549446)* | *Exhibit APIP4, Messages 2–3 of 8* |
| Mar 21, 2026 9:36 PM | Request for Lincoln's written standards for proof of disability, cooperation obligations, and definition of "severe global functional impairment" (33-item request, items 26–28)<br><br>↳ *Mar 23: Item 26 — "We offer assistance to all claimants." Items 27–28 — referred* | *Kristianne Corporan (Lincoln)* | *Email: Bruff to Corporan, "RE: Charles Bruff — LTD claim # 17729133," Mar 21, 2026, 9:36 PM (items 26–28); Corporan response* |

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|
| | *to SSA website; no internal standard produced* | | *Mar 23, 2026, 5:24 PM* |
| Mar 25, 2026 5:17 PM | Follow-up request for Employee Handbook and 2025 APIP document (HRC0564126 — continuation of HRC0549446)<br>↳ *USAA HR reiterated handbook classified Internal Use Only; directed Plaintiff to subpoena via arbitration/mediation; APIP refusal maintained* | *USAA HR Service Center (ServiceNow HRC0564126)* | *ServiceNow: "HRC0564126 — EXTERNAL: Charles Bruff (Current LTD claim) — Weekly Document Request Summary," Mar 25, 2026, 5:17 PM; Exhibit APIP4 (HRC0564126)* |
| Mar 25, 2026 1:02 AM | Request for APIP SPD 2025 (item 22); employee handbook in effect March 22, 2025 (item 25); denial of active employee benefits during STD phase for each benefit line — medical, dental, life, wellness (item 26, new)<br>↳ *No response received prior to VR appointment* | *Corporan (Lincoln); humanresources@usaa.com (USAA)* | *Email: "Charles Bruff (Current LTD claim) — Weekly Document Request Summary — Week 2," Mar 25, 2026, 1:02 AM (items 22, 25–26)* |
| Mar 26, 2026 12:45 AM | Reply asserting benefits disputes are excluded from arbitration agreement by its own terms; reiterated request for plan documents as LTD plan member, not former employee<br>↳ *No further substantive response produced* | *USAA HR Service Center (ServiceNow HRC0564126)* | *ServiceNow: "HRC0564126," Plaintiff reply Mar 26, 2026, 12:45 AM; Exhibit APIP4 (HRC0564126)* |
| Apr 4, 2026 | Week 3 renewed request: APIP SPD 2025; employee handbook in effect March 22, 2025; denial of active employee benefits during STD phase (medical, dental, life, wellness). Noted benefits disputes are not subject to arbitration<br>↳ *No response received* | *USAA HR (humanresources@usaa.com)* | *Email: "Charles Bruff (Current LTD Claim) — Weekly Document Request Summary — Week 3 (USAA Items)," Apr 4, 2026 (items 1, 4–5)* |

### Category 4 — Vocational Rehabilitation Program Documentation

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|
| Dec 17, 2025 | Request for written documentation of Lincoln's vocational rehabilitation program<br>↳ *No written program documentation provided* | *Kristianne Corporan (Lincoln)* | *Exhibit E, Document 1* |
| Dec 29, 2025 | Follow-up request for written vocational rehabilitation program documentation<br>↳ *Three bullet points provided; no formal documentation* | *Kristianne Corporan (Lincoln)* | *Exhibit E, Documents 2–3* |
| Jan 9, 2026 | Request for written program requirements and Rehabilitation Incentive Benefit | *Kristianne Corporan (Lincoln)* | *Exhibit E, Documents 4–5* |

| Phone call (oral — see note) | documentation [ORAL REQUEST — included to document written refusal]<br>↳ *No additional documentation provided* | | |
|---|---|---|---|
| Mar 21, 2026 9:36 PM | Request for Lincoln's written criteria for approving or denying a Rehabilitation Program, written definition of vocational rehabilitation services, and written criteria for the Rehabilitation Incentive Benefit (33-item request, items 23–25)<br>↳ *Mar 23: "23–25 There are no guidelines or additional information to provide."* | *Kristianne Corporan (Lincoln)* | *Email: Bruff to Corporan, "RE: Charles Bruff — LTD claim # 17729133," Mar 21, 2026, 9:36 PM (items 23–25); Corporan response Mar 23, 2026, 5:24 PM* |
| Mar 25, 2026 1:02 AM | Resubmission of vocational rehab documentation requests; added item 12 (full Rehabilitation Incentive Benefit qualification process start to finish, including who makes the determination) and item 15 (when Lincoln recommends a Rehabilitation Program and what process follows). Flagged urgency for March 26 VR appointment — state requires documentation of private benefits available; omitting would constitute fraud<br>↳ *No response received prior to appointment* | *Kristianne Corporan (Lincoln)* | *Email: "Charles Bruff (Current LTD claim) — Weekly Document Request Summary — Week 2," Mar 25, 2026, 1:02 AM (items 11–15)* |
| Apr 4, 2026 | Week 3 renewed request: written documentation of vocational rehabilitation program requirements; how Rehabilitation Incentive Benefit works and qualification process start to finish; written criteria for approving or denying a Rehabilitation Program; what qualifies as vocational rehabilitation services; when Lincoln recommends a program and what follows. Noted state VR financial audit may be affected by continued non-response<br>↳ *No response received* | *Kristianne Corporan (Lincoln)* | *Email: "Charles Bruff (Current LTD Claim) — Weekly Document Request Summary — Week 3," Apr 4, 2026 (items 11–15)* |

## Category 5 — Limitation Definition and Review Frequency

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|
| Sep 14, 2025 3:46 PM | Request for explanation of standard review frequency; noted need for predictability given disability<br>↳ *Sep 17: "there is no set frequency for disability reviews as every claim is different"* | *Shawn Miller / Kristianne Corporan (Lincoln)* | *Exhibit M, Document 1* |
| Jan 4, 2026 | Request for list of all conditions covered by the Mental Illness/Non-Verifiable Symptoms Limitation | *Kristianne Corporan (Lincoln)* | *Exhibit L, Document 1* |

|  |  |  |  |
|---|---|---|---|
|  | ↳ *No substantive response* |  |  |
| Jan 4, 2026 5:05 PM | Request for copies of Lincoln's internal guidelines (offered to sign confidentiality agreement)<br>↳ *No guidelines produced* | *Kristianne Corporan (Lincoln)* | *Email: "RE: LTD claim # 17729133," Jan 4, 2026, 5:05 PM* |
| Jan 9, 2026 Phone call (oral — see note) | Request for explanation of review frequency and differences from Social Security's approach [ORAL REQUEST — included to document written refusal]<br>↳ *"We do it case by case. There's no set time." / "There is no other explanations or information I can provide"* | *Christine / Kristianne Corporan (Lincoln phone call + email)* | *Exhibit J, Documents 1–2; Exhibit M, Document 3* |
| Feb 6, 2026 4:05 PM | Request for how Lincoln defines psychiatric mental illness and subjective symptoms exclusion with specifics to understand which prong applies<br>↳ *"we have already provided answers"* | *Kristianne Corporan (Lincoln)* | *Exhibit L, Documents 2–3* |
| Feb 6, 2026 2:31 PM | Request for written copy of internal policy governing claims file withholding and review methodology<br>↳ *No written policy produced* | *Kristianne Corporan (Lincoln)* | *Exhibit H, Document 3; Exhibit J, Document 3* |
| Mar 21, 2026 9:36 PM | Request for Lincoln's written criteria for what counts as Regular Attendance of a Physician and written guidelines for distinguishing employment factors from medical factors (33-item request, items 21–22)<br>↳ *Mar 23: Item 21 — provided policy definition of "Regular Attendance" only; no internal guidelines produced. Item 22 — "There are no guidelines or additional information to provide."* | *Kristianne Corporan (Lincoln)* | *Email: Bruff to Corporan, "RE: Charles Bruff — LTD claim # 17729133," Mar 21, 2026, 9:36 PM (items 21–22); Corporan response Mar 23, 2026, 5:24 PM* |
| Mar 21, 2026 9:36 PM | Request for Lincoln's written criteria for what conditions or symptoms fall under the Non-Verifiable Symptoms definition beyond the examples listed in the policy (33-item request, item 29)<br>↳ *Mar 23: "Non-verifiable symptoms are not applicable for your claim." NOTE: Informal statement made without letterhead, policy citation, or § 503 notice; Lincoln has never produced a written definition of Non-Verifiable Symptoms, making this assertion impossible to verify. Statement carries no procedural weight.* | *Kristianne Corporan (Lincoln)* | *Email: Bruff to Corporan, "RE: Charles Bruff — LTD claim # 17729133," Mar 21, 2026, 9:36 PM (item 29); Corporan response Mar 23, 2026, 5:24 PM; Exhibit L, Document 4* |
| Mar 25, 2026 8:52 AM | Follow-up on review frequency — Lincoln's written response to ongoing requests | *Kristianne Corporan (Lincoln)* | *Email: Corporan to Bruff, "RE: Charles Bruff — LTD claim #* |

| | | | |
|---|---|---|---|
| | ↳ *Corporan confirmed review timing "depends on claim circumstances" and occurs "approximately every 3 months" with no fixed standard; last medical information on file was September 18, 2025* | | *17729133," Mar 25, 2026, 8:52 AM; Exhibit M, Document 5* |
| Mar 25, 2026 1:02 AM | Resubmission of review frequency and limitation requests; added: item 6a (how Lincoln determined SSDI candidacy given simultaneous exhaustive reevaluation request); item 7 (types of reviews and differences, including non-physician reviews); item 8 (criteria for requesting treating physician records vs. not); item 9 (specific frequency for 'regular' attendance); item 10 (how Lincoln separates employment from medical factors); items 27–28 (Non-Verifiable Symptoms beyond policy examples; Extended Treatment Plan 36 vs. 24 months and whose physician signs off); items 29–31 (satisfactory proof of disability; appropriate treatment availability; failure to cooperate under Discontinuation provision) <br><br>↳ *No response received* | *Kristianne Corporan (Lincoln); humanresources@usaa.com (USAA)* | *Email: "Charles Bruff (Current LTD claim) — Weekly Document Request Summary — Week 2," Mar 25, 2026, 1:02 AM (items 4–10, 27–31)* |
| Apr 4, 2026 | Week 3 renewed request: written explanation of how Lincoln decides review frequency; any written guidelines or standards; whether current review frequency will stay the same and why; how Lincoln determined SSDI candidacy (item 6a); types of reviews and differences; criteria for requesting treating physician information; specific frequency for 'regular' attendance; how Lincoln separates employment from medical factors; what falls under Non-Verifiable Symptoms beyond policy examples; Extended Treatment Plan 36 vs. 24 months including whose physician signs off; satisfactory proof of disability; treatment availability evaluation; failure to cooperate definition. Also added: does Lincoln have written guidelines governing which doctors it contacts and what packets it requests, given that Lincoln has told Plaintiff the claim is subject to the Mental Illness/NVS limitation yet is requesting neurological and physical health information from providers who treat physical conditions <br><br>↳ *No response received* | *Kristianne Corporan (Lincoln)* | *Email: "Charles Bruff (Current LTD Claim) — Weekly Document Request Summary — Week 3," Apr 4, 2026 (items 4–10, 22–26, Category 9)* |

## Category 6 — SSDI-Related Document Requests

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|
| Jan 25, 2026 5:19 PM | Written notice to Lincoln of SSA no-omissions obligation; request that claims file be provided to Social Security directly<br>↳ *Deflected to Brown & Brown vendor* | *Kristianne Corporan (Lincoln)* | *Exhibit K, Document 1* |
| Jan 27, 2026 | Request for SSDI application deadline information and extension if needed<br>↳ *Deadline confirmed as 45 days after Feb 2, 2026; no extension offered* | *Kristianne Corporan (Lincoln)* | *Email: "RE: Charles Bruff — LTD/STD Claim file from 2021," Jan 27, 2026, 7:50 PM* |
| Feb 12, 2026 10:25 AM | Request for formal denial letter confirming refusal to provide claims file, for inclusion in SSA expedited reinstatement application<br>↳ *Refused* | *Kristianne Corporan (Lincoln)* | *Email: "RE: Charles Bruff — LTD/STD Claim file from 2021," Feb 12, 2026, 10:25 AM* |
| Mar 20, 2026 7:02–7:04 PM | Written follow-up asserting SSA no-omissions obligation; request for documentation of basis for claims file withholding; noted SSA cannot request information it does not know exists<br>↳ *Corporan Mar 20, 4:13 PM: "We will not provide you with a copy of the LTD or STD claim file unless an adverse claim determination is made" and "You may share the email response with Social Security if they require such documentation"* | *Kristianne Corporan (Lincoln)* | *Emails: Bruff to Corporan, "RE: Charles Bruff — LTD claim # 17729133," Mar 20, 2026, 7:02 PM and 7:04 PM; Corporan response Mar 20, 2026, 4:13 PM* |
| Mar 21, 2026 9:36 PM | Request for Lincoln's written SSDI coordination standards: criteria used to determine SSDI candidacy; policy on what Lincoln provides to SSA through Brown & Brown; policy on how Lincoln reconciles frequent review schedule with requiring SSDI application (33-item request, items 31–33)<br>↳ *Mar 23: "31–33 There are no guidelines or additional information to provide."* | *Kristianne Corporan (Lincoln)* | *Email: Bruff to Corporan, "RE: Charles Bruff — LTD claim # 17729133," Mar 21, 2026, 9:36 PM (items 31–33); Corporan response Mar 23, 2026, 5:24 PM* |
| Mar 25, 2026 8:52 AM | Follow-up challenging Lincoln's claim that it makes disability determinations independently of Social Security; requested written explanation of how Lincoln reconciles SSDI application requirement with its own review schedule<br>↳ *Corporan: "We make ongoing disability determinations independently of Social Security. Applying for or being approved for Social Security does not change how* | *Kristianne Corporan (Lincoln)* | *Email: Corporan to Bruff, "RE: Charles Bruff — LTD claim # 17729133," Mar 25, 2026, 8:52 AM; Exhibit SS1, Document 2* |

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|
| | *we review ongoing LTD claims." No written criteria or clinical basis produced.* | | |
| Mar 25–27, 2026 | Plaintiff challenged Lincoln's independence claim, citing Lincoln's own letter stating Plaintiff was a good SSDI candidate as a clinical determination; requested written guidelines on how Lincoln determines SSDI candidacy; noted Lincoln cannot require SSDI application while simultaneously withholding the claims file needed for a complete application<br><br>*↳ Mar 26 Corporan: "We don't determine if someone meets the criteria for Social Security. Social Security makes that determination." No written guidelines produced. Mar 27 Plaintiff: cited Lincoln's own letter; established three directly contradictory written Lincoln positions on SSDI eligibility with no clinical basis produced for any of them.* | *Kristianne Corporan (Lincoln)* | *Emails: Bruff to Corporan, "RE: Charles Bruff — LTD claim # 17729133," Mar 25, 2026, 2:19 PM; Corporan response Mar 26, 2026, 4:20 PM; Bruff reply Mar 27, 2026, 2:01 PM; Exhibit SS1, Documents 2–3* |
| Mar 25, 2026 1:02 AM | Request for: confirmation of whether complete LTD file was sent to Brown & Brown (item 16); whether 2021 STD file was sent (item 17); what was sent vs. withheld (item 18); how Lincoln decides to recommend SSDI assistance (item 19); how Lincoln calculates internal SSDI offset — not SSA website (item 20, new); reimbursement agreement process and standard forms (item 21, new)<br><br>*↳ No response received* | *Kristianne Corporan (Lincoln)* | *Email: "Charles Bruff (Current LTD claim) — Weekly Document Request Summary — Week 2," Mar 25, 2026, 1:02 AM (items 16–21)* |
| Apr 4, 2026 | Week 3 renewed request: confirmation whether complete LTD file was sent to Brown & Brown; whether 2021 STD file was sent; what was sent vs. withheld; how Lincoln decides to recommend SSDI assistance; how Lincoln calculates internal SSDI offset; reimbursement agreement process and standard forms<br><br>*↳ No response received* | *Kristianne Corporan (Lincoln)* | *Email: "Charles Bruff (Current LTD Claim) — Weekly Document Request Summary — Week 3," Apr 4, 2026 (items 16–21)* |

## Category 7 — Privacy and Information Handling

| Date | Document Requested | Directed To | Exhibit / Source |
|---|---|---|---|
| Apr 1, 2026 1:51 PM | Formal written request for revocation paperwork for Lincoln's blanket authorization to contact doctors and access medical records directly, following confirmed misdirected transmission of | *Kristianne Corporan (Lincoln)* | *Email: Bruff to Corporan, "RE: Charles Bruff — Paperwork for March Review," Apr 1, 2026, 1:51 PM; Corporan* |

| | | | |
|---|---|---|---|
| | Plaintiff's private medical information to an unassociated clinic<br><br>*↳ Corporan Apr 2 reply: one sentence confirming May 7 deadline only; revocation paperwork not provided; request not addressed* | | *response Apr 2, 2026, 1:41 PM* |
| Apr 4, 2026 | Written requests for: (1) Lincoln Financial's privacy policy; (2) written guidance addressing what happens when medical information or a medical records request is sent to an unintended recipient; (3) revocation paperwork or written explanation of revocation process for blanket authorization to contact doctors directly; (3a) written explanation of any claim consequences if Plaintiff provides information directly following revocation; (4) written policy governing how Lincoln transmits medical information and sends paperwork requests to providers, including use of unsecured email; (5) written confirmation of steps taken and outcome regarding the misdirected transmission, including whether the unintended recipient confirmed deletion<br><br>*↳ No response received* | *Kristianne Corporan (Lincoln)* | *Email: "Charles Bruff (Current LTD Claim) — Weekly Document Request Summary — Week 3," Apr 4, 2026 (Category 8, items 29–33)* |

The 30-day period under ERISA § 502(c)(1) and 29 C.F.R. § 2575.502c-1 runs separately from the date of each written request identified above. Requests that were refused outright rather than simply not responded to evidence willful non-compliance.