**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**


**CHARLES T. BRUFF,**


Plaintiff,


v.


**USAA HEALTH AND WELFARE BENEFITS PLAN, USAA EDUCATIONAL
ASSISTANCE PLAN, UNITED STATES AUTOMOBILE ASSOCIATION, AND
LINCOLN NATIONAL LIFE INSURANCE COMPANY,**


Defendants.


Case No.: SA26CA1720


**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
GOVERNING CLAIMS FILE ACCESS AND SEPARATION OF LINCOLN
FINANCIAL'S CLAIMS ADMINISTRATION AND LITIGATION FUNCTIONS**


Before the Court is Plaintiff's Motion for Protective Order Governing Claims File Access and

Separation of Lincoln Financial's Claims Administration and Litigation Functions. Having

considered the motion, the Court finds that good cause exists under Federal Rule of Civil

Procedure 26(c) to enter the following protective order.


**IT IS THEREFORE ORDERED as follows:**

1. Lincoln's litigation defense counsel shall not use, reference, or rely upon any document

   from Plaintiff's LTD or STD claims file in connection with this litigation unless that

document has first been produced through formal discovery and made available to both parties on equal terms.

2. Lincoln shall implement a separation between the claims administration personnel directly or indirectly involved in administering Plaintiff's specific claim and its litigation defense team for the duration of this litigation such that:

   a. Claims administration personnel directly or indirectly involved in administering Plaintiff's claim shall not be informed that this litigation is pending or that any legal proceeding involving Plaintiff has been initiated, so that their administrative and clinical determinations continue to be made on the same basis they would be made absent this proceeding;

   b. Lincoln's litigation defense counsel shall not communicate with claims administration personnel directly or indirectly involved in administering Plaintiff's claim for the purpose of influencing, directing, or shaping ongoing claims determinations in connection with this litigation, so as to preserve the administrative and clinical impartiality that Lincoln's fiduciary duty requires;

   c. Lincoln's litigation defense counsel shall not receive, review, or rely upon conclusions, assessments, or determinations generated by claims administration personnel directly or indirectly involved in administering Plaintiff's claim after the date of Plaintiff's motion outside of the formal discovery process; and

   d. No document generated through the claims administration process by personnel directly or indirectly involved in administering Plaintiff's claim after the date of

Plaintiff's motion shall be used in this litigation unless produced through formal discovery.

3.  Lincoln shall file a certification with this Court within 30 days of the date of this Order confirming that the separation described above has been implemented and identifying by title, not by name, the personnel on each side of the separation.

SO ORDERED this _____ day of _____, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS