Re: CV-7G Conferral — Motion for Protective Order — Bruff v. USAA et al., SA26CA1720 — Terrence Bruff - Outlook

 **Outlook**

## Re: CV-7G Conferral — Motion for Protective Order — Bruff v. USAA et al., SA26CA1720

**From** Terrence Bruff <cbruff13@outlook.com>

**Date** Thu 4/9/2026 11:34 AM

**To** Iwana Rademaekers <iwana@rademaekerslaw.com>

Ms. Rademaekers,

Thank you for your response. I note that the points raised in your most recent email address the merits of claims alleged in the complaint and a potential resolution of the litigation rather than the relief requested in the pending motion.

Those matters are more appropriately addressed through formal briefing and are outside the scope of this conferral.

I have conferred with Lincoln in good faith regarding the protective order as required by Local Rule CV-7G. Lincoln's opposition and its stated grounds are noted and will be addressed in the motion. I will be proceeding with filing.

Respectfully,
Charles T. Bruff
Plaintiff in Pro Se
SA26CA1720

Get Outlook for iOS

**From:** Iwana Rademaekers <iwana@rademaekerslaw.com>
**Sent:** Thursday, April 9, 2026 10:58:18 AM
**To:** Terrence Bruff <cbruff13@outlook.com>
**Subject:** Re: CV-7G Conferral — Motion for Protective Order — Bruff v. USAA et al., SA26CA1720

The administrative record is the heart of any ERISA dispute, which is why these are being provided to you.  I'm confident that the Court will view the issue the same way.   Also, your claim is in current payment status, so it's unclear what the purpose for filing this action is.  Any claim you have would be governed by ERISA, and your remedies are limited to those available under that statute.  That said, we would be willing to work with you on a solution to resolve the litigation.  Please let me know if you have any proposals.

**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Direct:  (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE:  THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED.  IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER.  THANK YOU.*

On Apr 9, 2026, at 10:27 AM, Terrence Bruff <cbruff13@outlook.com> wrote:

Ms. Rademaekers,

Thank you for your follow-up response. I want to clarify the basis for the requested relief, as your response addresses a position I am not making.

I am not arguing that counsel is prohibited from reviewing her client's documents as a general matter.

The relief requested rests on two distinct grounds.
First, Lincoln's simultaneous roles as my active fiduciary and as a litigation adversary are structurally incompatible. As plan administrator, Lincoln is obligated under ERISA and trust law principles to administer my claim solely in my interest. As a defendant in this action, Lincoln occupies an adversarial position directly opposed to my interests.

These two roles cannot coexist without court management. This conflict exists independent of any document access question.

Second, my claims file was created and maintained by Lincoln in the course of its fiduciary obligation to administer my claim solely in my interest. That file is not an ordinary corporate document.

 Using it in this litigation against me directly contradicts the purpose for which it exists and the fiduciary obligation under which it was created. Under the trust law principles ERISA incorporates, a trustee cannot use documents created in the course of its fiduciary duty against the beneficiary it is obligated to serve without court authorization. Court management of how that file is used in this litigation is therefore required.

I hope this gives more clarity

Respectfully,
Charles T. Bruff
Plaintiff in Pro Se
SA26CA1720

Get Outlook for iOS

---

**From:** iwana@rademaekerslaw.com <iwana@rademaekerslaw.com>
**Sent:** Thursday, April 9, 2026 10:07:34 AM
**To:** 'Terrence Bruff' <cbruff13@outlook.com>
**Subject:** RE: CV-7G Conferral — Motion for Protective Order — Bruff v. USAA et al., SA26CA1720

I'm not sure what you are basing your argument upon, but counsel is always permitted to review its client's documents.

**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Direct:  (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE:  THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED.  IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER.  THANK YOU.*

**From:** Terrence Bruff <cbruff13@outlook.com>
**Sent:** Thursday, April 9, 2026 9:18 AM
**To:** Iwana Rademaekers <iwana@rademaekerslaw.com>
**Subject:** Re: CV-7G Conferral — Motion for Protective Order — Bruff v. USAA et al., SA26CA1720

Ms. Rademaekers,

Thank you for your response. I note that Lincoln opposes the relief requested on three grounds: (1) the motion does not use the Court's prescribed form; (2) the motion is premature because Lincoln has not yet responded to the Complaint and USAA has not appeared; and (3) the requested relief lacks legal basis.
I will address each of these objections in my refiled motion.

I also note that your email states that you are currently preparing both the current and 2021 claims files for production. This confirms that Lincoln's litigation counsel presently has access to claims file materials that have not been produced to me through formal discovery and that I have never seen. This is precisely the asymmetry my motion seeks to address. Your email will be referenced in the refiled motion as evidence that the harm the protective order is designed to prevent is not prospective but present.

Respectfully,
Charles T. Bruff
Plaintiff in Pro Se
SA26CA1720

---

**From:** Iwana Rademaekers <iwana@rademaekerslaw.com>
**Sent:** Thursday, April 9, 2026 8:41:48 AM
**To:** Terrence Bruff <cbruff13@outlook.com>
**Cc:** SandyAcker <sandy@rademaekerslaw.com>
**Subject:** Re: CV-7G Conferral — Motion for Protective Order — Bruff v. USAA et al., SA26CA1720

Assuming you intend to file the identical motion that you filed on April 8, 2026, Lincoln opposes this motion for three reasons:

1) The motion does not use the Court's prescribed form for a motion for protective order, as the Court stated in its April 8, 2026 order;

2. Although I have filed a Notice of Appearance in the lawsuit, Lincoln has not responded to your Complaint. Moreover, there has been no appearance by the other defendant in the lawsuit. Accordingly, this motion is premature.

3. The relief you are requesting in the motion has no legal basis in either the Court's procedures or any applicable regulation or statute.

That said, we are currently preparing both the current and the 2021 claim files for production to you, and you will receive them shortly.  Many of your issues will be resolved by that production.

**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Direct:  (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE:  THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED.  IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER.  THANK YOU.*

On Apr 9, 2026, at 8:24 AM, Terrence Bruff <cbruff13@outlook.com> wrote:

Ms. Rademaekers,

I am writing to confer with you pursuant to Local Rule CV-7G regarding my intent to refile my Motion for Protective Order Governing Claims File Access and Separation of Lincoln Financial's Claims Administration and Litigation Functions in the above-referenced matter.

The motion requests three categories of relief:

First, that Lincoln's litigation defense counsel be required to obtain any documents from my LTD or STD claims file through formal discovery, on equal terms with both parties, rather than through Lincoln's privileged administrative access as plan administrator.

Second, that Lincoln implement a separation between claims administration personnel directly or indirectly involved in administering my specific claim and its litigation defense team for the duration of this litigation, consistent with the structural remedy the Supreme Court approved in Metropolitan Life Insurance Co. v. Glenn, 554 U.S. 105 (2008).

Third, that Lincoln file a certification with the Court within 30 days confirming that the separation has been implemented, identifying by title — not by name — the personnel on each side of the separation.

Please advise whether Lincoln opposes this relief and, if so, the basis for that opposition.

Because I have Autism Spectrum Disorder, written communication is my appropriate accommodation for conferral. I am conducting this conferral by email to create a clear record and to ensure accurate communication between the parties.
Respectfully,

Charles T. Bruff
Plaintiff in Pro Se
SA26CA1720