# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## SAN ANTONIO DIVISION

CHARLES BRUFF,

    Plaintiff,

vs.                          Case No. 5:26-CV-01720

USAA HEALTH AND WELFARE BENEFITS PLAN,

USAA EDUCATIONAL ASSISTANCE PLAN,

UNITED STATES AUTOMOBILE ASSOCIATION,

AND LINCOLN NATIONAL LIFE INSURANCE

COMPANY,

    Defendants.

**PLAINTIFF'S NOTICE TO THE COURT REGARDING DEFENDANT LINCOLN'S**

**INITIAL DISCLOSURES AND RULE 26(g) CERTIFICATION**

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

Plaintiff Charles Terrence Bruff respectfully submits this Notice pursuant to his duty of candor to

this Court. Plaintiff is proceeding pro se and does not have formal legal training. He is bringing

this matter to the Court's attention because he observed several things in Defendant Lincoln's Initial

Disclosures that he does not know how to handle procedurally, and he believes the Court should be aware of them.

## I. BACKGROUND

On April 12, 2026, Defendant Lincoln National Life Insurance Company served its Initial Disclosures on Plaintiff by email. Plaintiff has reviewed those disclosures. Plaintiff notes that as of the date of this Notice no Rule 26(f) conference has been held and no scheduling order has issued in this case. Lincoln's Initial Disclosures were therefore served before the procedural event that triggers the disclosure obligation under Federal Rule of Civil Procedure 26(a)(1)(C).

## II. PLAINTIFF'S UNDERSTANDING OF RULE 26(a) AND RULE 26(g)

As Plaintiff understands Federal Rule of Civil Procedure 26(a)(1)(A)(i), a party must disclose the name and contact information of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses.

As Plaintiff understands Rule 26(g)(1), every disclosure under Rule 26(a) must be signed by at least one attorney of record, and that signature certifies that to the best of the signer's knowledge information and belief formed after a reasonable inquiry the disclosure is complete and correct as required by Rule 26(a). Plaintiff understands that this certification attaches automatically to the signature and does not require the word certify to appear anywhere in the document itself.

Plaintiff may be wrong in his understanding of these rules and defers to the Court's guidance.

### III. WHAT PLAINTIFF OBSERVED

Plaintiff observed three things in Lincoln's Initial Disclosures that he does not know how to address.

### A. Omission of Witnesses With Direct Personal Knowledge

Lincoln's Initial Disclosures identify three witnesses. Plaintiff himself. Iwana Rademaekers, counsel for Lincoln, identified in connection with Lincoln's claim for attorneys fees. And Kayla Bick and Matthew Schaapveld, Lincoln Financial Group employees identified for authentication of the administrative record and construction of plan documents.

Plaintiff observed that Lincoln's disclosures do not identify a single individual who had direct personal contact with Plaintiff during the claims process. Plaintiff's operative complaint, filed March 16, 2026, identifies and quotes from written communications with the following Lincoln employees by name.

Kristianne Corporan, LTD Technical Specialist, whose written statements form the evidentiary basis for multiple claims and who is cited in Exhibits H, L, M, E, and CORPORAN1 already on the docket.

Shericka Wilkerson, Social Security Claims Examiner, whose written statements are the basis for the contradictory SSDI assessment claims already pleaded in the complaint.

Faith Cole, Social Security Specialist, whose written demand letter is Exhibit R and forms the basis for the Section 407 claim already pleaded in the complaint.

Aleysia Chambers, Vocational Rehabilitation Counselor, whose written communications are Exhibit F and form the basis for the vocational rehabilitation fiduciary breach claim already pleaded in the complaint.

Sasha Thornton, Senior Claims Examiner, who managed Plaintiff's claim during the entire short term disability period and is identified by name in the complaint's factual record.

Shawn Miller, LTD Claims Associate, who signed the LTD approval letter and made written representations about the governing policy document identified in the complaint.

Each of these individuals is identified by name in the operative complaint. Their written communications are attached as exhibits that were already on the docket at the time Lincoln's Initial Disclosures were generated and certified on April 12, 2026. Plaintiff does not understand how Lincoln's counsel could certify that the initial disclosures are complete and correct under Rule 26(g) while omitting every individual who had direct personal contact with Plaintiff and whose written statements were part of the court record at the moment of certification.

Plaintiff further notes that these disclosures were served before any Rule 26(f) conference had occurred. Lincoln chose to serve disclosures early, outside the procedural framework that triggers the disclosure obligation, and still omitted every witness with direct personal knowledge of the conduct at issue in this litigation.

**B. Scope of Document Production Representation**

In Section B of its Initial Disclosures, Lincoln certifies that the bates numbered documents produced herewith constitute all documents currently in Lincoln's possession custody or control that Lincoln may use to support its claims or defenses. Plaintiff understands this to mean that Lincoln has represented it will not rely on any document outside the produced bates range to support its claims or defenses in this litigation. Plaintiff does not know whether that representation creates a binding limitation on Lincoln's ability to introduce additional materials in future filings. He is bringing it to the Court's attention because he does not know how to address it if Lincoln later relies on materials outside the certified range.

**C. Insurance Agreement Certification**

In Section D of its Initial Disclosures, Lincoln certifies that it is not aware of any insurance agreements other than the disability benefit plan in dispute. Plaintiff's operative complaint names additional benefit arrangements that are explicitly in dispute in this litigation — including the USAA Health and Welfare Benefits Plan, the USAA Educational Assistance Plan, and the USAA company of placement insurance reclassification. Plaintiff does not know whether Lincoln's certification means it contends those arrangements are not insurance agreements, or whether the certification is incomplete with respect to the benefit arrangements named in the complaint. He is bringing it to the Court's attention because he does not understand how to interpret it.

Plaintiff is not asserting bad faith with respect to any of these observations. He does not know whether any of these matters reflect strategic decisions, oversights, or something else entirely. He is not in a position to make that determination.

### IV. WHY PLAINTIFF IS BRINGING THIS TO THE COURT'S ATTENTION

Plaintiff is bringing this to the Court's attention for two reasons.

First, Plaintiff's own duty of candor to this Court requires him to disclose observations that may be relevant to the integrity of the proceedings, even when he does not know what to do with them procedurally.

Second, Plaintiff does not know whether he is required to file a formal motion, whether he should raise these matters at the Rule 26(f) conference, whether the Court will address them sua sponte, or whether there is some other procedure he should follow. He is asking for the Court's guidance.

Plaintiff is drained. Less than two weeks after Lincoln's counsel appeared in this case, Plaintiff is in receipt of a certified disclosure that omits every individual whose written conduct forms the evidentiary basis of the operative complaint, makes representations about the scope of its document production that Plaintiff does not know how to interpret, and certifies ignorance of benefit arrangements that are named in the operative complaint. He is bringing it to the Court's attention because he believes it is the right thing to do.

Plaintiff respectfully brings this matter to the Court's attention and defers to the Court's judgment on how to proceed.

Respectfully submitted,

**/s/ Charles Terrence Bruff**

Charles Terrence Bruff

Plaintiff in Pro Se

4835 Medical Drive #29643

San Antonio TX 78229

Dated: April 14, 2026

## CERTIFICATE OF SERVICE

I certify that on April 14, 2026, a true and correct copy of the foregoing Notice was served on counsel for Defendant Lincoln National Life Insurance Company via the Court's CM/ECF electronic filing system, which will send notification to:

Iwana Rademaekers,

Esq. Law Offices of Iwana Rademaekers, P.C.

iwana@rademaekerslaw.com

 Charles Terrence Bruff

Plaintiff in Pro Se