IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES BRUFF, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Case No. 5:26-CV-01720** |
| USAA HEALTH AND WELFARE | ) | |
| BENEFITS PLAN, USAA | ) | |
| EDUCATIONAL ASSISTANCE PLAN, | ) | |
| UNITED STATES AUTOMOILE | ) | |
| ASSOCIATION, AND LINCOLN | ) | |
| NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Response to *Plaintiff's Motion for Protective Order Governing Claims File Access and Separation of Lincoln Financial's Claims Administration and Litigation Functions* (Document 16) filed by Plaintiff on April 9, 2026.

**INTRODUCTION AND FACTUAL BACKGROUND**

The above-styled action pertains to the claim submitted by Plaintiff Charles Bruff ("Plaintiff") for benefits from the USAA Health and Welfare Benefits Plan (the "Plan"). Plaintiff's claim was approved by Lincoln and continues in payment status to the present date.[1] In his Complaint, Plaintiff seeks relief from all Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"),[2] under 29 U.S.C. § 1132(a)(1) and 29 U.S.C. § 1132(a)(3). Although it is unclear what relief Plaintiff seeks from Lincoln, the allegations

---

[1]    Complaint at ¶¶ 7-11.
[2]    Complaint at ¶ 1.

against Lincoln in the Complaint appear to stem from Plaintiff's communications with Lincoln's claims department regarding access to his claim file.[3]    However, there has been no adverse determination regarding Plaintiff's LTD benefit from the Plan under the Policy that would have triggered a requirement under 29 U.S.C. § 2560.503-1(h)(2)(iii) that the claim file must be provided to Plaintiff.   Nevertheless, as Plaintiff has now filed a lawsuit and the claim file and resulting administrative record would be relevant to Plaintiff's claims, Lincoln's counsel provided Plaintiff with a full copy of the claim file and the relevant policy on April 12, 2026.

Plaintiff has now filed a Motion for Protective Order Governing Claims File Access and Separation of Lincoln Financial's Claims Administration and Litigation Functions (the "Motion") seeking a protective order from the Court ordering Lincoln's counsel to have no communications "directly or indirectly" with Lincoln's claims department.   In other words, Plaintiff sued Lincoln because of actions or inactions by Lincoln's claims department and now seeks to keep Lincoln's claims department from access to any legal advice or communications with its attorney.[4]   Such a request is absurd on its face and should be denied by this Court. Additionally, to the extent that Plaintiff requests protection of his claim file under the Court's standard form (Local Rules, Appendix H-1), Lincoln does not object to the entry of such an order.

## ARGUMENT

### A.    PLAINTIFF CITES NO LEGAL AUTHORITY TO SUPPORT HIS REQUESTS.

In his Motion, Plaintiff does not seek to protect his personal and private information from third-party disclosure or any entity outside of Lincoln.   Rather, he seeks to preclude Lincoln's claims department from contact with Lincoln's legal department and Lincoln's legal counsel.

---

[3]    Complaint at ¶¶ 25 and 27.

[4]    The instant Motion seeks "Separation of Financial's Claims Administration and Litigation Functions."

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF MOTION FOR PROTECTIVE ORDER

Plaintiff's Motion does not cite any legal authority whatsoever that would support the bizarre request to bar a party's attorney from having contact with his/her own client.  The only legal authority that Plaintiff cited in his Motion makes no reference whatsoever to barring an attorney from contacting his/her own client.

Additionally, Plaintiff also refers to Federal Rule of Civil Procedure 26(c), stating that this Rule "authorizes this Court to issue a protective order for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or prejudice."  But in citing this Rule, Plaintiff does not demonstrate in his Motion how Lincoln's contact with its attorney would cause any "annoyance, embarrassment, oppression, or undue burden or prejudice" or how such a Protective Order barring Lincoln's contact with its attorney would serve to protect Plaintiff from "annoyance, embarrassment, oppression, or undue burden or prejudice."  Additionally, the legal cases cited by Plaintiff refer to fiduciary roles and responsibilities in ERISA litigation.  But none of them refer to an attorney's ability to contact his/her own client to obtain documents necessary to defend the client in litigation proceedings.

### B.    PLAINTIFF'S ASSERTION REGARDING "SEPARATION OF FUNCTIONS" MAKES NO SENSE.

Plaintiff states in his Motion that "The separation of functions Plaintiff seeks applies specifically to claims administration personnel directly or indirectly involved in administering Plaintiff's specific claim — not to Lincoln's claims administration function broadly.  Lincoln remains free to communicate with any other claims or medical personnel not involved in administering this claim."[5]  This makes no sense, particularly given that the primary issue Plaintiff seems to have against Lincoln is his inability to access claim file documents.

---

[5]    Plaintiff's Motion at p. 2.

Moreover, Plaintiff's Motion appears to seek an order to preclude Lincoln's counsel from obtaining a copy of the claim file. However, granting Plaintiff's request would result in Lincoln's attorney in this action being unable to access these documents and provide them to Plaintiff or to defend Lincoln against the allegations made by Plaintiff against Lincoln in the Complaint.

Plaintiff appears to be confused about how discovery in a lawsuit works. If not for the lawsuit, Lincoln's claims department would have no obligation to comply with the rules of discovery, as the Federal Rules of Civil Procedure apply to civil litigation actions. However, now that Plaintiff has filed the instant action, Lincoln is required to access and produce the administrative record pertaining to the claim at issue in this action. To do so, Lincoln's counsel must have the ability to contact her client regarding the documents maintained by Lincoln's claims department. Plaintiff has the mistaken idea that Lincoln is precluded from seeking legal advice on its actions or inactions and fails to understand that a corporation cannot represent itself in court like an individual can. Corporations are required to retain counsel to represent them in court.

In his Motion, Plaintiff makes reference to legal authority regarding "walling off" and "separation of claims administration functions from other financial and operational functions." However, Plaintiff misconstrues the language contained in the legal authority to which he cites. These "walling off" procedures are meant to ensure that insurance companies have taken substantial measures to ensure claim accuracy and to remove bias from its claim processing, including the "walling off" of underwriting from claim processing functions (i.e., the financial department should have no influence to persuade claims department personnel to deny claims by making bonuses, wages, or promotions contingent upon the number of denied claims). Nowhere

in the legal authority cited by Plaintiff does it state that a corporation's legal counsel or a corporation's legal department can have no contact with its claims department or that the claims department of a corporation should be precluded from access to legal advice.  Such an assertion is wholly unfounded, and therefore, Plaintiff's Motion for Protective Order should be denied.

**C.   PLAINTIFF'S NOTICE OF DEVELOPMENT (DOCUMENT 17) MISCHARACTERIZES THE EMAIL SENT TO HIM BY LINCOLN REGARDING FURTHER COMMUNICATIONS.**

After filing the Motion for Protective Order, Plaintiff filed an additional document regarding an email he had received from Lincoln, which stated that the undersigned had appeared in the case.  As is normal in such cases after a claimant files suit, Lincoln advised Mr. Bruff to communicate with Lincoln's counsel regarding the aspects of his claim that were part of the lawsuit.  Plaintiff misinterpreted this email to state that he was no longer permitted to communicate with Lincoln and that he must send his clinical and medical records to the undersigned.   This is not correct, and upon review of Plaintiff's Notice, the undersigned immediately emailed Plaintiff on April 10, 2026, at 2:41 P.M., stating:

> In light of your filing today, I wanted to clarify that clinical and other medical records should continue to be sent to Lincoln, consistent with the instructions in the authorization.  These should not be sent to me.  Additionally, if Lincoln sends you forms to complete in connection with your claim, those completed forms should be sent to Lincoln, not to me.

Accordingly, Plaintiff has only been requested to direct further inquiries about the matters he has raised in his Complaint to the undersigned.

**III.**
**REQUEST FOR RELIEF**

For the reasons cited above, Lincoln requests that the Court deny Plaintiff's Motion for Protective Order Governing Claims File Access and Separation of Lincoln Financial's Claims Administration and Litigation Functions, or alternatively, enter the Court's standard protective

order (Local Rule Appendix H-1) in this action, and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 15th day of April 2026.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

By:  /s/ Iwana Rademaekers
     Iwana Rademaekers, Esq.
     Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following parties or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Charles T. Bruff
Email:  cbruff13@outlook.com

  April 15, 2026                                          /s/ Iwana Rademaekers
Date                                                    Iwana Rademaekers