Charles T. Bruff
4835 Medical Drive #29643
San Antonio, Texas 78229
318-452-8978
cbruff13@outlook.com
Plaintiff in Pro Se

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## SAN ANTONIO DIVISION

**CHARLES T. BRUFF,**
　Plaintiff,

v.

USAA HEALTH AND WELFARE BENEFITS PLAN,
USAA EDUCATIONAL ASSISTANCE PLAN,
UNITED STATES AUTOMOBILE ASSOCIATION,
AND LINCOLN NATIONAL LIFE INSURANCE COMPANY,
　Defendants.

Case No. 5:26-CV-01720

### PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY BRIEF
### IN EXCESS OF PAGE LIMIT

Plaintiff Charles T. Bruff respectfully moves this Court for leave to file a reply brief of approximately fifteen pages in support of his Motion for Protective Order Governing Claims File Access and Separation of Lincoln Financial's Claims Administration and Litigation Functions (ECF No. 16), in excess of the ten-page limit established by Local Rule CV-7(c).

In support, Plaintiff states as follows:

1. Lincoln's response (ECF No. 19) raised multiple distinct issues requiring separate treatment, including: a mischaracterization of the relief requested; a representation of production completeness filed the day after counsel acknowledged completeness was unresolved on the most critical document category; a factually incorrect assertion that no adverse benefit determination has occurred under governing federal regulation; a misconstruction of the walling off doctrine under Glenn; a materially incomplete account of the April 10, 2026 contamination correspondence; and a partial concession on the Appendix H-1 confidentiality order that raises threshold issues regarding Plaintiff's statutory rights under ERISA § 104(b)(4).

2. Each of these issues is substantively distinct and required independent analysis. The reply brief is fifteen pages because Lincoln's response raised six discrete legal and factual issues, not because the brief is padded or repetitive.

3. The reply also addresses the broader implications of Lincoln's position regarding the definition of adverse benefit determination under 29 C.F.R. § 2560.503-1(m)(4)(i), as amended by the DOL's 2018 final rule — a regulatory definition that has been binding on Lincoln for nearly nine years and that Lincoln's response applied incorrectly. Accurate treatment of that issue required more than the space a ten-page reply would permit.

4. Plaintiff files this motion and the accompanying reply simultaneously tonight, April 17, 2026, well in advance of the April 29, 2026 reply deadline under Local Rule CV-7. No party will be prejudiced by the additional pages.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the accompanying

reply brief in excess of the ten-page limit.


Respectfully submitted,


/s/ Charles T. Bruff
Charles T. Bruff
Plaintiff in Pro Se
4835 Medical Drive #29643
San Antonio, Texas 78229
318-452-8978
cbruff13@outlook.com

Dated: April 17, 2026

### CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, a true and correct copy of the foregoing motion was

served upon counsel for Defendant Lincoln National Life Insurance Company through the

Court's CM/ECF electronic filing system, which will automatically generate electronic notice to

all counsel of record.


/s/ Charles T. Bruff
Charles T. Bruff