**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

CHARLES T. BRUFF,
  Plaintiff,

v.

USAA HEALTH AND WELFARE BENEFITS PLAN;
USAA EDUCATIONAL ASSISTANCE PLAN; UNITED
STATES AUTOMOBILE ASSOCIATION; and THE
LINCOLN NATIONAL LIFE INSURANCE COMPANY,

  Defendants.

Civil Action No. 5:26-CV-01720-XR

**PLAINTIFF'S NOTICE OF WAIVER OF SERVICE REQUESTS,
RETURN RECEIPTS, AND WAIVER NON-RETURN**

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

Plaintiff Charles T. Bruff, proceeding pro se, respectfully submits this Notice to inform the Court

of the status of waiver of service requests directed to the USAA Entity Defendants pursuant to

Federal Rule of Civil Procedure 4(d), and to provide the Court with the certified mail return

receipt records confirming that those waiver requests were received. Plaintiff further notifies the

Court that no signed waiver has been returned by any USAA Entity Defendant and that formal

service of process on those defendants is being arranged.

**I.  WAIVER REQUESTS AND GOVERNING DOCUMENTS**

On March 18, 2026, Plaintiff transmitted requests for waiver of service pursuant to Federal Rule

of Civil Procedure 4(d) to the USAA Entity Defendants by certified mail with return receipt

requested. These were waiver requests — not formal service — inviting each defendant to waive

formal service pursuant to the procedures and obligations set forth in Rule 4(d). A waiver request was also transmitted at that time to the registered agent for Defendant Lincoln National Life Insurance Company. The Lincoln waiver request is addressed in Section III.D of this Notice.

Plaintiff directed the waiver request to the USAA home office at 9800 Fredericksburg Road, San Antonio, Texas 78288, addressed to the USAA Office of General Counsel, because the USAA Health and Welfare Benefits Plan Summary Plan Description identifies the Plan Administrator — the USAA Benefits Administration Committee — at that address, and because ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), authorizes service on an ERISA plan at the address of the plan administrator. This waiver request was directed to USAA in its capacity as ERISA plan sponsor and plan administrator.

Plaintiff directed a separate waiver request to Corporation Service Company (CSC) at 211 E. 7th Street, Suite 620, Austin, Texas 78701, as the registered agent for USAA Casualty Insurance Company, because Plaintiff's membership documents governing his relationship with USAA Casualty Insurance Company identify CSC as the designated agent for service of legal process in matters involving that entity. This waiver request was directed to USAA Casualty Insurance Company in Plaintiff's capacity as a USAA member. Each waiver request was thus directed to the address specified by the governing documents for the respective entity.

Under Rule 4(d)(1)(F), a defendant must return a signed waiver within 30 days of the date the request was sent. Plaintiff's waiver requests were transmitted on March 18, 2026, establishing a response deadline of approximately April 17–18, 2026. As of the date of this filing, no signed waiver of service has been returned by any USAA Entity Defendant.

## II.  RETURN RECEIPT RECORDS

Plaintiff has received the following PS Form 3811 domestic return receipts confirming delivery

of the waiver requests to each addressee:

| Addressee | Delivery Address | Date | Received By |
|---|---|---|---|
| USAA Office of General Counsel (Exhibit A-1) | 9800 Fredericksburg Rd San Antonio TX 78288 | March 24, 2026 | Andres Garcia (signature in non-standard location) |
| USAA Casualty Insurance Company c/o CSC (Exhibit A-2) | 211 E. 7th St, Ste 620 Austin TX 78701 | March 26, 2026 | Chandler Crow, Agent (Viva Tejas Logistics) |
| Lincoln National Life Insurance Company c/o CSC (Exhibit A-3) | 211 E. 7th St, Ste 620 Austin TX 78701 | March 26, 2026 | Chandler Crow, Agent (Viva Tejas Logistics) |

Copies of all three PS Form 3811 domestic return receipts are attached hereto as Exhibits A-1,

A-2, and A-3 respectively. Plaintiff notes that the attached exhibits were digitized using the

Adobe Scan mobile application, which renders scanned documents in high-contrast black and

white format. The original green return receipt cards are in Plaintiff's physical possession and

are available for inspection by the Court or any party upon request.

## III.  OBSERVATIONS REGARDING THE RETURN RECEIPTS

Plaintiff notes the following observations arising from the return receipt records that are relevant

to the Court's understanding of the service landscape in this matter.

A.  **USAA and Lincoln Share a Registered Agent**. The return receipts for USAA

Casualty Insurance Company (Exhibit A-2) and Defendant Lincoln National Life Insurance

Company (Exhibit A-3) reflect delivery to the same registered agent — Corporation Service

Company — at the same address in Austin, Texas, on the same date, March 26, 2026, bearing the

signature of the same individual, Chandler Crow. This confirms that USAA Casualty Insurance Company and Lincoln National Life Insurance Company share a registered agent at the same physical location. Plaintiff previously noted this shared relationship in prior filings and incorporates it here as a matter of documented record.

B. **Waiver Requests Were Received**. All three waiver requests were received by their respective addressees on or before March 26, 2026. The USAA Office of General Counsel received its waiver request at the USAA home office on March 24, 2026, processed through the DATAMARK institutional mail system. The receipt bears the signature of Andres Garcia. The waiver requests directed to the registered agent for USAA Casualty Insurance Company and Lincoln National Life Insurance Company were received on March 26, 2026, and signed by Chandler Crow acting as agent through Viva Tejas Logistics.

C. **No Waiver Returned by USAA Entity Defendants**. As of the date of this filing, no signed waiver of service has been returned by United States Automobile Association, USAA Health and Welfare Benefits Plan, USAA Educational Assistance Plan, or USAA Casualty Insurance Company. The 30-day response period established by Rule 4(d)(1)(F) has expired. The USAA Entity Defendants' failure to return a signed waiver without good cause subjects them to the costs of formal service pursuant to Rule 4(d)(2).

D. **Lincoln National Life Insurance Company**. The return receipt for Lincoln National Life Insurance Company (Exhibit A-3) is included for completeness of the record. Lincoln appeared in this action through counsel on April 7, 2026, rendering the question of formal service against Lincoln moot. Plaintiff does not seek fee recovery against Lincoln under Rule 4(d)(2) and includes the Lincoln receipt solely to provide the Court with a complete record of all certified mail activity related to waiver requests in this action.

## IV.  STATUS OF FORMAL SERVICE AND ANTICIPATED FEE MOTION

Having received no signed waiver from any USAA Entity Defendant within the time required by Rule 4(d)(1)(F), Plaintiff has arranged for formal service of process on the USAA Entity Defendants through Xpress Process LLC, a licensed process serving company. Service is anticipated within the next seven days. Formal service is being directed to the USAA Office of General Counsel at 9800 Fredericksburg Road, San Antonio, Texas 78288, and to Corporation Service Company as registered agent at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Proof of completed service will be filed with the Court upon receipt of the executed affidavits of service from Xpress Process LLC.

Upon completion of formal service and appearance by the USAA Entity Defendants, Plaintiff intends to file a motion for recovery of formal service costs pursuant to Rule 4(d)(2). Rule 4(d)(2) provides that a defendant who, without good cause, fails to sign and return a timely waiver requested by a plaintiff located within the United States is required to pay the expenses later incurred in making service. Plaintiff will itemize and document all recoverable service costs in that motion. Plaintiff does not seek fee recovery in this Notice, which is submitted solely to inform the Court of the current service status and to place the return receipt records in the docket.

## V.  CONCLUSION

Plaintiff respectfully notifies the Court that: (1) waiver of service requests were transmitted to all USAA Entity Defendants by certified mail in March 2026; (2) all waiver requests were received as confirmed by the attached return receipts, which were digitized via Adobe Scan with the original green cards available for inspection upon request; (3) the 30-day waiver response period

has expired without a signed waiver being returned by any USAA Entity Defendant; (4) formal service of process through Xpress Process LLC is anticipated within the next seven days; and (5) Plaintiff intends to seek recovery of formal service costs pursuant to Rule 4(d)(2) by separate motion following service and appearance by the USAA Entity Defendants.

NOTE: Plaintiff has poor handwriting due to cerebral palsy. These limitations did not affect the delivery of the waivers of service as confirmed by both USPS Tracking and Return Reciept.

Respectfully submitted,

/s/ **Charles T. Bruff**
Charles T. Bruff
Pro Se Plaintiff
4835 Medical Drive #29643
San Antonio, Texas 78229
cbruff13@outlook.com
(318) 452-8978

Date: April 18, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth above, a true and correct copy of the foregoing Notice was served on counsel for Defendant Lincoln National Life Insurance Company by electronic mail at the following addresses:

Iwana Rademaekers, Esq.
Law Offices of Iwana Rademaekers, P.C.

17304 Preston Road, Suite 800
Dallas, Texas 75252
iwana@rademaekerslaw.com
sandy@rademaekerslaw.com

The USAA Entity Defendants have not yet appeared through counsel and are not registered ECF

users. Notice to the USAA Entity Defendants will be effectuated through the formal service

process described herein.


/s/ **Charles T Bruff**
Charles T. Bruff