# Exhibit CONFLICT2

## Lincoln Financial's Litigation Counsel Active in Clinical Communications Channel — April 22, 2026

This exhibit documents an email chain dated April 22, 2026, involving Plaintiff Charles T. Bruff, Lincoln LTD Technical Specialist Kristianne Corporan (Kristianne.Corporan@lfg.com), and Lincoln's litigation counsel Iwana Rademaekers (iwana@rademaekerslaw.com). The chain establishes four facts material to Plaintiff's pending motions:

(1) Plaintiff explicitly and in writing requested that Lincoln identify a neutral clinical contact without a conflict of interest and without litigation awareness, citing the May 4, 2026 medical records deadline.

(2) Lincoln's clinical response — from Corporan — was a single sentence directing Plaintiff to continue sending medical information to her, without acknowledging the conflict Plaintiff identified, without identifying a neutral party, and without addressing the independence requirement of 29 C.F.R. § 2560.503-1(b)(7).

(3) Lincoln's litigation counsel Rademaekers received Corporan's clinical exchange with Plaintiff, forwarded the entire clinical thread from her litigation counsel email address, and responded directly to Plaintiff's clinical submission questions — directing him where to send medical records and characterizing Corporan's privacy assurance.

(4) Rademaekers' privacy assurance — that Corporan "will not share your records to anyone outside of Lincoln without notifying you first" — does not address Plaintiff's documented concern, which is the absence of a wall between the claims administration function and Lincoln's litigation defense function. Both functions are inside Lincoln. The assurance was crafted to address a different concern than the one Plaintiff raised.

*Filing Note: This exhibit is submitted in connection with Plaintiff's Motion for Injunction Pending Appeal. It supplements Exhibit CONFLICT1 (ECF No. 17), which documented Lincoln's April 10, 2026 redirection of clinical correspondence to litigation counsel. Exhibit CONFLICT2 documents the state of the clinical channel as of April 22, 2026 — twelve days after CONFLICT1 and eleven days before the May 4 deadline.*

_____
_____

## Document 1 — Plaintiff's Initial Inquiry to Corporan — April 22, 2026, 2:12 PM

| | |
|---|---|
| **From:** | Terrence Bruff <tbruff15@gmail.com> |
| **To:** | Corporan, Kristianne <Kristianne.Corporan@lfg.com> |
| **Date:** | Wednesday, April 22, 2026, 2:12 PM CST |
| **Subject:** | Charles Bruff — Week 5 (Notice that Miss Misty sent paperwork.) |
| **Claim No.:** | 17729133 |

Relevant portions excerpted:

*"I understand that you've asked me not to contact you, but you haven't identified anyone on the clinical side for me to contact. I can't contact litigation counsel for issues that aren't related to the lawsuit. There are rules against that. If I am not supposed to contact you please identify a neutral clinical contact within Lincoln that I can send Medical Records to."*

*"If possible, I would prefer to send medical information to someone who doesn't have knowledge of litigation at all. Is it possible for me to be reassigned to someone who isn't actively working in an adverse capacity? What I mean is is it possible for me to be assigned to someone on the clinical side who is not also working with litigation counsel? For obvious reasons, it would make me feel a lot more comfortable if the people making the decisions in regards to my claim were actually neutral parties."*

*Note: Plaintiff's 2:12 PM email raised the contamination concern in writing and explicitly asked Lincoln to identify a neutral clinical contact before the May 4, 2026 deadline. Lincoln's response is documented in Document 2.*

_____

## Document 2 — Corporan's Response — April 22, 2026, 2:05 PM

| | |
|---|---|
| **From:** | Corporan, Kristianne <Kristianne.Corporan@lfg.com> |
| **To:** | Terrence Bruff <tbruff15@gmail.com> |
| **Date:** | Wednesday, April 22, 2026, 2:05 PM CST |
| **Subject:** | Re: Charles Bruff — Week 5 (Notice that Miss Misty sent paperwork.) |
| **Claim No.:** | 17729133 |

Complete substantive response, reproduced verbatim:

*"Terrence,  You will continue sending the medical information to me."*

*Note: Corporan's response is one sentence. It does not identify a neutral clinical contact. It does not acknowledge Plaintiff's documented concern about litigation awareness in the claims channel. It does not address the independence requirement of 29 C.F.R. § 2560.503-1(b)(7). It directs Plaintiff to continue using the existing channel without any explanation of how that channel satisfies the regulatory independence requirement.*

_____

## Document 3 — Plaintiff's Explicit Request for Neutral Party — April 22, 2026, 3:11 PM

| From: | Terrence Bruff <tbruff15@gmail.com> |
|---|---|
| To: | Corporan, Kristianne <Kristianne.Corporan@lfg.com> |
| Date: | Wednesday, April 22, 2026, 3:11 PM CST |
| Subject: | Re: Charles Bruff — Week 5 (Notice that Miss Misty sent paperwork.) |
| Claim No.: | 17729133 |

Relevant portions excerpted:

> *"Please identify as soon as possible the neutral contact that I can send medical information to. Since you were actively involved in litigation against me, I don't know that I can send medical information to you anymore. I don't know that you should be talking to my providers. Every other time I've had to appeal with an insurance company, the litigation has been kept separate from the claims side. This has never happened to me before. Again, I only have until May 4. I urgently need you to identify a neutral party without a conflict of interest."*

> *Note: This is Plaintiff's second explicit written request for a neutral clinical contact in a single afternoon. Plaintiff identified the precise regulatory concern — litigation awareness in the claims channel — stated the deadline, and asked Lincoln to resolve it. Lincoln's response is documented in Document 4.*

_____
_____

## Document 4 — Litigation Counsel Rademaekers Responds to the Clinical Thread — April 22, 2026, 5:41 PM

| From: | iwana@rademaekerslaw.com (Iwana Rademaekers, litigation counsel) |
|---|---|
| To: | tbruff15@gmail.com |
| Date: | Wednesday, April 22, 2026, 5:41 PM CST |
| Subject: | FW: confidential FW: Charles Bruff — Week 5 (Notice that Miss Misty sent paperwork.) |
| Note: | Rademaekers forwarded the clinical thread from her litigation counsel email address. |

Complete substantive response, omitting signature block and confidentiality notice:

> *"Hello again, Mr. Bruff. To delay responses, please email your inquiries directly to me. At the outset, I wanted to confirm that you received the email I sent to you on April 16th, in response to your April 11th email to Kristianne Corporan. I have attached a copy of my email to you here. My April 16th email addresses the matters you have raised in both*

*your April 11th email and your April 22nd email below. If you have follow-up questions to my email, please direct those to me.*

*Also, as a reminder, I had previously advised you to send any clinical documentation directly to the Lincoln contact instead of to me, and that this would also apply to Lincoln's requests for such documentation directly from your health care providers.*

*Also note that in Ms. Corporan's other email to you today, she confirmed that she will not share your records to anyone outside of Lincoln without notifying you first."*

*Note: This response establishes four facts material to the pending motions: (1) Rademaekers received Plaintiff's clinical exchange with Corporan. She forwarded the entire thread from her litigation counsel email address. Litigation counsel had real-time visibility into clinical communications on April 22, 2026. (2) Rademaekers responded to Plaintiff's clinical submission question — where to send medical records — from her litigation counsel address. The nominal clinical channel routes to a function that is actively managed by Lincoln's litigation defense team. (3) Rademaekers' privacy assurance — that Corporan "will not share your records to anyone outside of Lincoln without notifying you first" — does not address Plaintiff's concern. Rademaekers herself is not inside Lincoln. While she has a right to communicate with her client in general being directly connected to plaintiff's clinical correspondence in real time may be beyond the scope of what she needs to defend Lincoln from the allegations at issue in this litigation. Plaintiff's concern is the absence of a wall between the claims administration function and Lincoln's litigation defense function. The assurance addresses external disclosure only. (4) Rademaekers did not identify a neutral clinical contact. She directed Plaintiff back to the existing channel, which this exhibit documents is not functionally independent of Lincoln's litigation defense operation.*

_____
_____

## Summary of Conduct Documented in This Exhibit

*Taken together, Documents 1 through 4 establish the following sequence: April 22, 2026, 2:12 PM: Plaintiff explicitly requests a neutral clinical contact, citing Corporan's litigation awareness and the May 4 deadline. April 22, 2026, 2:05 PM: Corporan responds with one sentence directing Plaintiff to continue sending medical information to her. No neutral contact identified. No acknowledgment of the independence concern. April 22, 2026, 3:11 PM: Plaintiff repeats his request explicitly, states he cannot verify the independence of the existing channel, and invokes the deadline a second time. April 22, 2026, 5:41 PM: Lincoln's litigation counsel Rademaekers forwards the clinical thread from her litigation counsel email address and responds to Plaintiff's clinical submission questions. No neutral contact is identified. Plaintiff is directed back to the contaminated channel. The privacy assurance offered does not address Plaintiff's documented concern. As of the filing of this exhibit, Lincoln has not identified a neutral clinical contact. Plaintiff does not know how to submit medical records before May 4, 2026 through a channel that satisfies the independence requirement of 29 C.F.R. § 2560.503-1(b)(7). That gap was created by Lincoln's own conduct and has not been remediated.*