# Exhibit CONFLICT3

## Lincoln's Litigation Counsel's Threatened Transmission of Plaintiff's Unredacted Medical Records to Unidentified, Unappeared Counsel — April 22, 2026

This exhibit documents an email from Lincoln's litigation counsel Iwana Rademaekers (iwana@rademaekerslaw.com) sent to Plaintiff Charles T. Bruff on April 22, 2026 at 6:24 PM, and Plaintiff's response sent the same evening. The email and response are submitted for three independent purposes material to Plaintiff's pending motions:

(1) To establish that Lincoln's litigation counsel threatened to transmit Plaintiff's complete unredacted 2021 Short-Term Disability claims file and current Short-Term and Long-Term Disability claims file — a combined production of over 2,500 pages of protected health information — to an attorney who had not filed a Notice of Appearance, before a Rule 26(f) conference had occurred, and before the formal discovery window had opened under Fed. R. Civ. P. 26(d)(1).

(2) To establish that Rademaekers conditioned her willingness to withhold that transmission on Plaintiff's agreement to a standard protective order whose terms she did not describe and for which she provided no draft — a protective order that, if it is the Western District of Texas Standard Protective Order, may retroactively attach litigation confidentiality restrictions to documents Plaintiff holds an independent statutory right to receive under ERISA § 104(b)(4) outside of and predating this litigation.

(3) To establish that the attorney whose imminent appearance Rademaekers cited as the basis for the threatened transmission did not appear on April 22, 2026 as represented, has not appeared as of the date of this filing, and was never identified by name, firm, or bar number in any communication to Plaintiff.

> *Exhibit Context: This exhibit is the third in a sequence documenting the expanding conflict between Lincoln's litigation defense function and Plaintiff's clinical and statutory rights:  Exhibit CONFLICT1 (ECF No. 17, April 10, 2026): Lincoln's claims administrator Kristianne Corporan transmitted Lincoln's litigation counsel's notice of appearance through the clinical claims channel and redirected all clinical correspondence to litigation counsel. Litigation documents entered the clinical channel.*
>
> *Exhibit CONFLICT2 (filed herewith): On April 22, 2026, Rademaekers received Plaintiff's clinical correspondence with Corporan, forwarded it from her litigation counsel email address, and responded to Plaintiff's clinical submission questions. Litigation counsel was active in clinical communications. Exhibit CONFLICT3 (this exhibit): On April 22, 2026, Rademaekers threatened to transmit Plaintiff's complete unredacted clinical file to an unidentified unappeared attorney, conditioned on a protective order concession, before the discovery window had opened. Plaintiff's clinical information is the subject of a threatened litigation disclosure.*

_____
_____

## Document 1 — Rademaekers Email to Plaintiff — April 22, 2026, 6:24 PM

| From: | iwana@rademaekerslaw.com (Iwana Rademaekers, litigation counsel for Lincoln) |
|---|---|

| To: | Plaintiff Charles T. Bruff |
|---|---|
| Date: | Wednesday, April 22, 2026, 6:24 PM |
| Subject: | [Not provided in record] |
| Via: | yahoo.com (per email header) |

Complete substantive text, reproduced verbatim:

*"Hello – I received an email from an attorney who advised me he would be appearing on behalf of USAA today. I did want to let you know that under the Rules, I will need to send him a copy of the initial Disclosures with a link to the same documents that I sent to you, as parties are expected to serve such documents to all parties in the lawsuit. See, Fed. R. Civ. P. 26(a)(1)(A). if you are concerned about this, I reiterate my suggestion that we request that the Court enter its standard protective order in the matter. Of course, USAA's counsel would also have to agree. If I do not receive a response from you within seven days, I will proceed with the service of the Initial Disclosures and the link to the documents."*

*Note on Document 1:  1. Rademaekers represented that an attorney "advised me he would be appearing on behalf of USAA today" — i.e., April 22, 2026. No USAA attorney filed a Notice of Appearance on April 22, 2026. No USAA attorney has appeared as of the date of this filing. The attorney she referenced was not identified by name, firm, or bar number in this email or any subsequent communication to Plaintiff.*
 *2. Rademaekers cited Fed. R. Civ. P. 26(a)(1)(A) as the basis for her obligation to serve the initial disclosures on USAA's counsel. Rule 26(a)(1) requires service on "each other party." Rule 5(b) requires service on an attorney of record. An attorney who has not filed a Notice of Appearance is not a party and is not an attorney of record. The rule she cited does not require service on unappeared counsel.*
*3. The "link to the same documents" she referenced is the OneDrive link previously provided to Plaintiff containing his 2021 STD claims file and current STD/LTD claims file — a combined production of over 2,500 pages of unredacted protected health information.*
 *4. Rademaekers' stated condition for withholding that transmission was Plaintiff's agreement to "the Court's standard protective order." She provided no draft of the proposed order and did not describe its terms. The Western District of Texas Standard Protective Order, if that is the order she had in mind, creates a broadly-defined category of "Confidential" documents that may retroactively restrict Plaintiff's access to documents he holds an independent statutory right to receive under ERISA § 104(b)(4) outside of this litigation.*
*5. No Rule 26(f) conference has occurred. The formal discovery window had not opened under Fed. R. Civ. P. 26(d)(1) at the time of this email. Local Rule CV-5.2 and Fed. R. Civ. P. 5.2 require protection of sensitive personal health information in disclosures. The Western District of Texas has adopted specific redaction requirements for medical information.*

_____
_____

## Document 2 — Plaintiff's Response to Rademaekers — April 22, 2026, 10:00 PM

| From: | Plaintiff Charles T. Bruff |
|---|---|
| To: | iwana@rademaekerslaw.com (Iwana Rademaekers) |
| Date: | Wednesday, April 22, 2026, approximately 10:00 PM |
| Subject: | Re: [Rademaekers April 22 email] |

Relevant excerpts from Plaintiff's response:

> *"I've checked the docket — USAA still hasn't filed a Notice of Appearance or any other pleading. Since they aren't actually a party to the case yet, I'm not sure how a 'seven-day' timeline would even apply."*

> *"Did the attorney you spoke with give you a specific date for when they plan to formally appear? On that note, could you please forward me the email you received from USAA's counsel? Since I'm a party to this lawsuit and wasn't included in that exchange, I should be kept in the loop on any coordination regarding appearances or scheduling."*

> *"The formal discovery window is still closed under Fed. R. Civ. P. 26(d)(1) and WDTX Local Rule CV-16 because we haven't had a Rule 26(f) conference yet."*

> *"The OneDrive links you sent contain the file Lincoln has a standalone fiduciary duty to produce under ERISA § 104(b)(4). If Lincoln had handled this as a fiduciary production rather than through litigation counsel, we wouldn't be having this overlap issue with Rule 26(a)."*

> *"I have not yet received a follow-up on whether those materials are missing or will be produced. Under Rule 26(a), a party only has to disclose what they'll actually use for their defense. It is not at all clear that my entire 2021 and 2026 STD and LTD claims files are even mandatory disclosures under Rule 26(a)."*

> *"Please do not serve the links containing the claims file or my personal information on USAA's counsel. If you feel a need to serve your Initial Disclosures prematurely, you are more than welcome to serve your PDF disclosure document — which contains your witness list and a description of documents by category or Bates number — without including the links to the actual sensitive files."*

> *Note on Document 2: Plaintiff responded to Rademaekers' email the same evening it was received. Plaintiff's response: (1) identified that USAA had not appeared and questioned the procedural basis for the seven-day window; (2) requested that Rademaekers identify the attorney and forward his communication to Plaintiff; (3) raised the Rule 26(d)(1) discovery closure; (4) raised the ERISA § 104(b)(4) fiduciary production issue; (5) raised the incompleteness of the claims file; (6) explicitly requested that Rademaekers refrain from serving the OneDrive links on unappeared counsel. As of the date of this filing, Rademaekers has not responded to Plaintiff's April 22 reply.*

_____
_____

## Summary of Facts Established by This Exhibit

> *1. On April 22, 2026 at 6:24 PM, Rademaekers notified Plaintiff she intended to serve his complete unredacted claims file on an attorney she did not identify, citing that attorney's anticipated appearance that day.*

*2. That attorney did not appear on April 22, 2026. That attorney has not appeared as of the date of this filing.*

*3. Rademaekers cited Fed. R. Civ. P. 26(a)(1)(A) as authority. That rule does not require service on unappeared counsel. The rule she cited does not support what she proposed to do.*

*4. Rademaekers conditioned her willingness to withhold the transmission on Plaintiff's agreement to a standard protective order she did not describe and for which she provided no draft.*

*5. The OneDrive links she proposed to transmit contain Plaintiff's 2021 STD claims file and current STD/LTD claims file — over 2,500 pages of unredacted protected health information including psychiatric records, mental health treatment notes, clinical evaluations, and disability documentation.*

*6. No Rule 26(f) conference had occurred. The discovery window had not opened. Local Rule CV-5.2 and Fed. R. Civ. P. 5.2 redaction requirements apply.*

*7. Plaintiff responded the same evening, raised specific objections, requested identification of the attorney and forwarding of his communication, and asked Rademaekers to refrain from serving the links. Rademaekers has not responded.*

*8. The back-channel communication between Rademaekers and the unidentified USAA attorney occurred without Plaintiff's knowledge or inclusion. Plaintiff first learned of it through Rademaekers' April 22 email.*