# Exhibit SSDI1

## Social Security Administration Benefit Verification Letter — February 27, 2026

This exhibit is the Social Security Administration Benefit Verification Letter issued to Plaintiff Charles T. Bruff, dated February 27, 2026 (BNC#: 26UE313K42220, REF: DI). The letter is submitted for three independent purposes material to Plaintiff's pending motions:


(1) To establish that the Social Security Administration has already determined Plaintiff disabled under SSA rules as of October xx, 199x — his date of birth — under the same disability standard (inability to engage in substantial gainful activity) that governs both SSI and SSDI programs.

(2) To establish that Lincoln Financial Group was provided a copy of this letter at the time of Plaintiff's Short-Term Disability approval and again at the time of his Long-Term Disability approval. Lincoln approved both claims with knowledge of this prior federal disability adjudication.

(3) To establish that Lincoln has identified no clinical development, changed condition, or regulatory basis for medical review that is consistent with a prior federal adjudication finding Plaintiff disabled under a more demanding standard than Lincoln's own Own Occupation policy definition.

*SSI vs. SSDI — Why This Letter References SSI:  Plaintiff received both Supplemental Security Income (SSI) and Social Security Disability Insurance (SSDI) benefits concurrently. The SSDI benefit was received as a Disabled Adult Child (DAC) on his father's earnings record under 42 U.S.C. § 402(d). Both programs use the same disability standard: inability to engage in substantial gainful activity.  When Plaintiff returned to work at USAA, payments under both programs ceased due to earnings exceeding applicable thresholds. The benefit verification letter references SSI because that program is indexed to Plaintiff's own Social Security number. The SSDI DAC benefit is indexed to his father's record. A benefit verification letter pulled on Plaintiff's own Social Security number will by default reference SSI.  The underlying disability determination — that the SSA found Plaintiff disabled under its rules as of October xx, 199x — applies to both programs and was not affected by the cessation of payments. Cessation of payments due to earnings does not constitute a finding that Plaintiff is no longer disabled. It constitutes a finding that Plaintiff's earnings exceeded the applicable threshold. Those are legally distinct determinations.*

_____
_____

## Document 1 — SSA Benefit Verification Letter — February 27, 2026

| | |
|---|---|
| **Issued by:** | Social Security Administration |
| **Date:** | February 27, 2026 |
| **BNC#:** | 26UE313K42220 |
| **REF:** | DI |
| **Issued to:** | Charles Bruff, San Antonio TX |

| Program: | Supplemental Security Income (SSI) / Disabled Adult Child (DAC) SSDI |
|---|---|

Verbatim excerpts from the letter:

> *"We found that you became disabled under our rules on October xx, 199x."*

> *"You are entitled to monthly payments as a disabled individual."*

> *"Beginning November 2020, the current Supplemental Security Income payment is $0.00."*

> *"Payments were stopped beginning November 2020."*

*Note on payment cessation: Payments stopped in November 2020 because Plaintiff's employment income at USAA exceeded the SSI income threshold and SSDI Substantial Gainful Activity threshold. This is a payment suspension based on earnings, not a reversal of the underlying disability determination. The SSA's finding that Plaintiff "became disabled under our rules on October xx, 199x" remains in effect.*

_____
_____

## Legal Significance of This Exhibit

### 1.  The SSA Disability Standard Is More Demanding Than Lincoln's Own Occupation Standard.

The SSA disability standard requires a finding that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment. 42 U.S.C. § 423(d)(1)(A). Lincoln's LTD policy Own Occupation standard requires only that Plaintiff be unable to perform the material duties of his own occupation as a software engineer. The SSA resolved the more demanding question in Plaintiff's favor as of his date of birth. A claimant the SSA has found unable to engage in any substantial gainful activity necessarily cannot perform the material duties of a specific sedentary occupation.

### 2.  Lincoln Approved Both STD and LTD Claims With Knowledge of This Determination.

Plaintiff provided this benefit verification letter to Lincoln at the time of his STD approval and again at the time of his LTD approval. Lincoln's approval of both claims was made with actual knowledge that the federal government had already adjudicated Plaintiff's disability under a more demanding standard. Lincoln has not identified any clinical development since those approvals that would be inconsistent with the prior federal adjudication.

### 3.  Lincoln's Direction to Apply for SSDI Is Inconsistent With Conducting a Simultaneous Medical Review.

Lincoln determined Plaintiff was a strong candidate for SSDI and arranged federal benefits representation through Brown & Brown Absence Services Group. Lincoln made that determination while in possession of this benefit verification letter. Lincoln cannot simultaneously maintain that Plaintiff meets the SSA's most demanding disability standard — the standard Lincoln invoked by directing the SSDI application — and conduct a medical review premised on the possibility that Plaintiff no longer meets Lincoln's less demanding Own Occupation standard. Lincoln has provided no explanation of how those two positions are reconcilable.

### 4.  The Prior Federal Adjudication Undermines the Clinical Basis for Lincoln's Review Frequency.

Plaintiff has requested in writing, on multiple occasions over a period of almost one year, that Lincoln explain the basis for the frequency of its medical reviews. Lincoln has not responded to those requests. A claimant with a lifelong federal disability determination — covering conditions present since birth including cerebral palsy and autism spectrum disorder — is not a candidate for frequent functional improvement reviews under any clinically grounded standard. The SSA's own rules distinguish between conditions expected to improve and permanent conditions. Lincoln's review cadence has not been explained by reference to any written guideline, changed clinical condition, or regulatory requirement. In the context of a prior federal disability adjudication in Lincoln's possession, that unexplained frequency supports an inference that the reviews serve Lincoln's litigation interests rather than a legitimate clinical purpose.

_____
_____

*Filing Note: The original benefit verification letter is attached to this exhibit. The letter does not contain Plaintiff's Social Security number. It contains Plaintiff's name, current address, date of birth (redacted), and the SSA's disability determination. This exhibit is filed in connection with Plaintiff's Motion for Preliminary Injunction Pending Appeal and supplements Exhibits CONFLICT1 (ECF No. 17), CONFLICT2, DISCLOSURE (ECF No. 18), and SSATXT (ECF No. 25-2).*

# Social Security Administration
# **Benefit Verification Letter**

Date: February 27, 2026
BNC#: 26UE313K42220
REF: DI

CHARLES BRUFF
98 MCLENNAN OAK
SAN ANTONIO TX  78240-5203

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

## Information About Supplemental Security Income Payments

Beginning November 2020, the current Supplemental Security Income payment is $0.00.

This payment amount may change from month to month if income or living situation changes.

Supplemental Security Income Payments are paid the month they are due.

(For example, Supplemental Security Income Payments for March are paid in March.)

Payments were stopped beginning November 2020.

We found that you became disabled under our rules on October ██, 199█.

## Type of Supplemental Security Income Payment Information

You are entitled to monthly payments as a disabled individual.

## Date of Birth Information

The date of birth shown on our records is

## Suspect Social Security Fraud?

Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

See Next Page

**If You Have Questions**

**Need more help?**

1.  Visit www.ssa.gov for fast, simple and secure online service.
2.  Call us at **1-800-772-1213**, weekdays from 8:00 am to 7:00 pm.  If you are deaf or hard of hearing, call TTY **1-800-325-0778**. Please mention this letter when you call.
3.  You may also call your local office at **1-877-697-4799**.

SOCIAL SECURITY
411 RICHLAND HILLS DR
SAN ANTONIO TX 78245

*Social Security Administration*