UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION


CHARLES T. BRUFF,

Plaintiff,


v.


USAA HEALTH AND WELFARE BENEFITS PLAN,

USAA EDUCATIONAL ASSISTANCE PLAN,

UNITED STATES AUTOMOBILE ASSOCIATION, AND

LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Defendants.


Case No. 5:26-CV-01720-XR


**ORDER GRANTING PLAINTIFF'S MOTION FOR**

**PRELIMINARY INJUNCTION PENDING APPEAL**


1

This matter came before the Court on Plaintiff Charles T. Bruff's Motion for Preliminary Injunction Pending Appeal, filed pursuant to Federal Rule of Appellate Procedure 8(a)(1) and Federal Rule of Civil Procedure 62(d). Plaintiff filed a Notice of Appeal on April 23, 2026 (ECF No. 26) of this Court's April 22, 2026 text order denying Plaintiff's Motion for Preliminary Injunction (ECF No. 25). The Court has considered the motion, the accompanying Declaration of Charles T. Bruff, and the exhibits filed therewith, and finds as follows.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff has demonstrated a strong likelihood of success on appeal. This Court's April 22, 2026 text order denying Plaintiff's Motion for Preliminary Injunction did not state the findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a)(2). The order addressed only one of the four factors required by Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008), and did not engage with the three independent legal grounds for relief Plaintiff presented — ERISA § 510 (29 U.S.C. § 1140), ERISA § 404(a)(1) (29 U.S.C. § 1104(a)(1)), and equitable estoppel under Deckert v. Independence Shares Corp., 311 U.S. 282 (1940). The order was issued within 48 hours of filing, before Defendant Lincoln had been required to respond and before any briefing cycle had begun.

2. Plaintiff faces substantial irreparable harm absent an injunction. Plaintiff's long-term disability benefit is the financial foundation of a medically-structured discharge plan built around supported community living. Loss of that benefit cannot be remedied by money damages. The administrative record is being contaminated by claims administration personnel with litigation awareness in violation of 29 C.F.R. § 2560.503-1(b)(7)'s independence requirement, producing irreversible harm to the integrity of any future benefit determination. Plaintiff cannot submit a

complete claims file to the Social Security Administration under penalty of perjury because Defendant Lincoln's own litigation counsel has confirmed the file may be incomplete on a material category. A May 4, 2026 medical records deadline creates date-certain irreparable harm that cannot await the resolution of this appeal.

3.  The balance of hardships tips sharply in Plaintiff's favor. Defendant Lincoln is already paying the benefits at issue and has been since September 18, 2025. The injunction requires only that Lincoln refrain from taking unilateral adverse action based on a review conducted by litigation-aware personnel, under a deadline Lincoln set, through a clinical channel Lincoln has compromised, using a claims file Lincoln's own counsel cannot certify as complete.

4.  The injunction serves the public interest. ERISA's independence requirements exist to protect all disability claimants from plan administrators with financial incentives to deny benefits. Permitting adverse action during the pendency of an appeal of an order that contains no Rule 52(a)(2) findings renders the mandatory requirements of that rule a nullity in the disability benefits context.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Defendant Lincoln National Life Insurance Company is ENJOINED from reducing, suspending, or terminating Plaintiff's long-term disability benefits for any reason without prior leave of this Court, pending resolution of Plaintiff's appeal of this Court's April 22, 2026 order (ECF No. 26);

2.  Defendant Lincoln National Life Insurance Company is ENJOINED from conducting any medical review of Plaintiff's disability status using claims administration personnel who have been exposed to information regarding this litigation, pending resolution of Plaintiff's appeal, on the ground that any such review violates 29 C.F.R. § 2560.503-1(b)(7) and produces administrative record evidence that is irreversibly tainted;

3.  Defendant Lincoln National Life Insurance Company is ENJOINED from taking any adverse action against Plaintiff based on his inability to submit medical records through a clinical submission channel satisfying the independence requirements of 29 C.F.R. § 2560.503-1(b)(7), or based on any failure of the SSDI application process attributable to the incompleteness of Lincoln's claims file production as confirmed by Lincoln's own counsel on April 14, 2026; and

4.  Defendant Lincoln National Life Insurance Company is ENJOINED from transmitting, serving, or otherwise disclosing Plaintiff's unredacted medical records, claims file, or any documents produced in this action containing Plaintiff's protected health information to any party, counsel, or third party outside of standard clinical business need, without prior leave of this Court.

IT IS FURTHER ORDERED that this injunction shall remain in effect pending resolution of Plaintiff's appeal in the United States Court of Appeals for the Fifth Circuit, Case No. _____, or until further order of this Court.

SO ORDERED this _____ day of _____, 2026.

XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE

WESTERN DISTRICT OF TEXAS

4