Charles T. Bruff
4835 Medical Dr. #29643
San Antonio, Texas 78229
318-452-8978
Plaintiff in Pro Se

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**CHARLES T. BRUFF,**
    Plaintiff,
v.
**USAA HEALTH AND WELFARE BENEFITS PLAN,**
**USAA EDUCATIONAL ASSISTANCE PLAN,**
**UNITED STATES AUTOMOBILE ASSOCIATION,**
**AND LINCOLN NATIONAL LIFE INSURANCE**
**COMPANY,**
    Defendants.

Case No. SA26CA1720

**PLAINTIFF'S MOTION FOR CORRECTIVE ACTION REGARDING**
**UNAUTHORIZED DISCLOSURE OF THIRD-PARTY PROTECTED**
**HEALTH INFORMATION IN CLAIMS FILE PRODUCTION**

## I. INTRODUCTION

Plaintiff Charles T. Bruff, appearing pro se, respectfully moves this Court for an order requiring Defendant Lincoln National Life Insurance Company ("Lincoln") to take corrective action following the discovery that Lincoln's April 12, 2026 claims file production contains the protected health information ("PHI") of a third party — a different USAA employee who is not a party to this litigation. The factual basis for this motion is set forth in full in Plaintiff's Notice of Production Deficiency: Third-Party Protected Health Information Commingled in STD Claims File Production, filed concurrently herewith and incorporated by reference as Exhibit A.

This motion does not arise from a discovery dispute or a disagreement about the scope of production. It arises from the unauthorized disclosure of a stranger's private medical records — including her date of birth, FMLA certification, Attending Physician Statement, and treating physician identity — to Plaintiff, to defense counsel's law firm, and potentially to additional

parties, without authorization and without the affected individual's knowledge or consent. The affected individual is not a party to this case. She cannot protect herself here. Plaintiff brings this motion because no one else in a position to do so has acted.

## II. BASIS FOR RELIEF

This Court has inherent authority to manage the conduct of litigation before it, including the authority to order corrective action when a production results in the unauthorized disclosure of a non-party's protected medical information. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (federal courts possess inherent power to manage their own proceedings). That authority extends to ordering remediation of disclosures that affect individuals outside the litigation when those disclosures arise from conduct occurring within it.

Lincoln's HIPAA obligations with respect to the Third-Party Claimant's records do not arise from Lincoln's role as a disability insurer. They arise from Lincoln's role as the third-party administrator of USAA's leave programs, including FMLA. In that capacity, Lincoln received the Third-Party Claimant's FMLA certification and Attending Physician Statement directly from her or her provider as part of Lincoln's administration of her leave. Lincoln did not receive those records as an employer holding employment records — it received them as a third-party administrator performing leave administration functions on behalf of USAA. A third-party administrator that creates, receives, maintains, or transmits protected health information in the course of performing administrative functions for a covered entity is a Business Associate under HIPAA. See 45 C.F.R. § 160.103; HHS, Business Associates Guidance. Lincoln's own producer contracting documents acknowledge that Lincoln operates as a Business Associate on behalf of covered entities and that it agrees not to use or disclose PHI in a manner that would violate HIPAA. The Third-Party Claimant's FMLA records were PHI in Lincoln's hands — not employment records held by an employer — because Lincoln received them in its administrative capacity, not in any employment capacity.

Lincoln administers eligibility determinations for the USAA group health plan for LTD participants. The USAA group health plan is a covered entity. Lincoln's role as the third-party administrator coordinating leave and disability eligibility for that plan places it squarely within the

business associate framework. The impermissible disclosure of the Third-Party Claimant's PHI — including her medical records, date of birth, FMLA claim number, and treating physician identity — to Plaintiff, to defense counsel's law firm, and potentially to USAA's counsel, without authorization and without her knowledge or consent, triggers Lincoln's breach notification obligations under HIPAA, 45 C.F.R. § 164.404, and the Texas Health & Safety Code § 181.101 et seq. Plaintiff cannot compel that notification through regulatory channels alone. Court intervention is appropriate.

Plaintiff also notes that this motion is being filed as a pro se litigant who has no procedural mechanism to compel action on behalf of a non-party whose identity Plaintiff does not intend to disclose in any public filing. Plaintiff is raising this issue because it is the right thing to do and because the Court is the only forum available to Plaintiff that has authority over the parties responsible for the disclosure.

## III. RELIEF REQUESTED

For the reasons set forth in this motion and in Exhibit A, Plaintiff respectfully requests that the Court order the following:

1. Lincoln shall provide written confirmation within seven (7) days that Lincoln is aware of the commingling error and the unauthorized disclosure of the Third-Party Claimant's PHI.

2. Lincoln shall notify the Third-Party Claimant that her PHI was disclosed to Plaintiff and, if applicable, to USAA's counsel, as required under HIPAA, 45 C.F.R. § 164.404, and the Texas Health & Safety Code § 181.101 et seq., and shall provide written confirmation to Plaintiff and the Court that notification has been made.

3. Lincoln shall produce a corrected STD 2021 claims file through normal clinical channels, from which the Third-Party Claimant's PHI has been removed and in which the eight pages correctly belonging to Plaintiff's file are restored, or in which the absence of those pages is explained.

4. Lincoln shall confirm in writing whether the OneDrive production links were shared with USAA's counsel and, if so, what steps have been taken to notify any additional recipients and to address the resulting disclosure.

5. Lincoln shall confirm in writing whether Plaintiff's PHI appears in the Third-Party Claimant's claims file or in any other Lincoln claimant's file.

## IV. CONCLUSION

Plaintiff does not file this motion to gain a litigation advantage. Plaintiff files it because a person who is not a party to this case had her most sensitive private medical information transmitted without her knowledge or consent to multiple parties — none of whom had any authorization to receive it — as a result of Lincoln's claims file production. That person deserves to be notified. Plaintiff respectfully requests that the Court order Lincoln to take the corrective steps identified above.

Respectfully submitted,

/s/ Charles T. Bruff
Charles T. Bruff
4835 Medical Dr. #29643
San Antonio, Texas 78229
318-452-8978
Plaintiff in Pro Se

Dated: May 1, 2026

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i) of the Western District of Texas, Plaintiff certifies that he notified counsel for Defendant Lincoln National Life Insurance Company of the issue described in this motion by email to Iwana Rademaekers and Sandy Acker on May 1, 2026. As of the time of filing, defense counsel has responded but not clearly articulated how this breach is going to be handled. Accordingly, this motion is presented to the Court as opposed.

/s/ Charles T. Bruff
Charles T. Bruff
Plaintiff in Pro Se

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 1, 2026, a true and correct copy of the foregoing motion and the attached Exhibit A were served upon counsel for Defendant Lincoln National Life Insurance Company through the Court's CM/ECF electronic filing system, which will automatically generate electronic notice to all counsel of record.

/s/ Charles T. Bruff
Charles T. Bruff
Plaintiff in Pro Se