**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CHARLES BRUFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 5:26-CV-01720** |
| **USAA HEALTH AND WELFARE** | ) | |
| **BENEFITS PLAN, USAA** | ) | |
| **EDUCATIONAL ASSISTANCE PLAN,** | ) | |
| **UNITED STATES AUTOMOBILE** | ) | |
| **ASSOCIATION, AND LINCOLN** | ) | |
| **NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Response to *Plaintiff's Motion for Preliminary Injunction Pending Appeal* (Document 27) filed by Plaintiff on April 24, 2026.

**INTRODUCTION AND FACTUAL BACKGROUND**

The above-styled action pertains to the claim submitted by Plaintiff Charles Bruff ("Plaintiff") for benefits from the USAA Health and Welfare Benefits Plan (the "Plan"). Plaintiff's claim was approved by Lincoln and continues in payment status to the present date.[1] In his Complaint, Plaintiff seeks relief from all Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"),[2] under 29 U.S.C. § 1132(a)(1) and 29 U.S.C. § 1132(a)(3). Although it is unclear what relief Plaintiff seeks from Lincoln, the allegations against Lincoln in the Complaint appear to stem from Plaintiff's communications with Lincoln's

---

[1] Complaint at ¶¶ 7-11.
[2] Complaint at ¶ 1.

claims department regarding access to his claim file.[3]   However, there has been no adverse determination regarding Plaintiff's LTD benefit from the Plan under the Policy that would have triggered a requirement under 29 U.S.C. § 2560.503-1(h)(2)(iii) that the claim file must be provided to Plaintiff.   Nevertheless, as Plaintiff has now filed a lawsuit and the claim file and resulting administrative record would be relevant to Plaintiff's claims, Lincoln's counsel provided Plaintiff with a full copy of the claim file and the relevant policy on April 12, 2026, which effectively moots Plaintiff's claims against Lincoln in the Complaint.

Plaintiff has filed a series of unfounded motions in this action, including a Motion for Protective Order (Document 16), which was correctly denied by the Court.   Plaintiff then filed a Motion for Preliminary Injunction (Document 25), in which Plaintiff sought to have the Court intervene in Lincoln's administration and claims decision process by asking it to order Lincoln not to make any claims decisions without first seeking approval by the Court.   Specifically, Plaintiff's Motion stated he was seeking an injunction requiring Lincoln to "maintain the status quo – specifically, to continue paying Plaintiff's long-term disability ("LTD") benefits at the current rate, without any reduction, suspension, or termination for any reason, without prior leave of this Court – pending the resolution of this action."   The Motion further requested a ruling by May 4, 2026,[4] "the date by which Lincoln has demanded submission of medical records through a clinical pathway that Lincoln's own conduct on April 10, 2026, rendered unavailable."   The Court correctly denied his Motion for Preliminary Injunction, stating in its April 22, 2026, Order:

> A movant seeking a preliminary injunction must demonstrate a substantial likelihood of success on the merits. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Plaintiff's motion objects to the fact that Lincoln directs Plaintiff to

---

[3]    Complaint at ¶¶ 25 and 27.
[4]    The actual date stated in Lincoln's 3/24/2026 correspondence is May 7, 2026.

communicate through Lincoln's counsel. Plaintiff also complains that Lincoln has not yet provided a complete claim file as part of its initial discovery disclosures. It is unclear how these allegations bear on the merits of Plaintiff's claims. He accordingly failed to demonstrate a substantial likelihood of success on the merits."[5]

*Clark*[6] described the four factors that must be shown for extraordinary relief such as an injunction. These are: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. *Clark*, 812 F.2d at 933. As the Court stated, Plaintiff's original Motion for Preliminary Injunction did not meet these criteria.

Plaintiff has filed a Motion for Preliminary Injunction Pending Appeal (Document 27), requesting the same relief that he did in his previous Motion, which the Court denied on sound grounds. And as was the case with Plaintiff's previous Motion, Plaintiff's current Motion does not contain arguments sufficient to warrant an injunction against Lincoln from administering Plaintiff's claim in accordance with the terms of the relevant Policy and fails to demonstrate a substantial likelihood of success on the merits of the case.

Accordingly, Plaintiff's Motion for Injunction Pending Appeal is completely without merit and for the reasons discussed in detail below, Plaintiff's Motion should be denied.

---

[5]    Text Order entered on April 22, 2026.
[6]    Citing, *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974).

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO
PLAINTIFF MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL**

## ARGUMENT

**A.** **THE COURT'S APRIL 22, 2026, ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION WAS CORRECT, AND THE CURRENT MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED FOR THE SAME REASONS.**

The Court's April 22, 2026, Order was short and to the point, and the Order clearly points out the reasons for the denial of Plaintiff's Motion. And despite the fact that the Order points out Plaintiff's failure to "demonstrate a substantial likelihood of success on the merits," Plaintiff's current Motion for Preliminary Injunction fails to make up for his shortcomings with respect to that argument, or any other shortcomings noted in the Court's Order.

Plaintiff's Motion states that Plaintiff is seeking an injunction requiring Lincoln to "maintain the status quo—specifically, to continue paying Plaintiff's long-term disability ("LTD") benefits at the current rate without reduction, suspension, or termination for any reason, for any reason without prior leave of this Court—pending resolution of Plaintiff's appeal." (Document 27, p. 2). As stated in the Court's April 22, 2026, Order, Plaintiff's previous Motion for Preliminary Injunction (Document 25) failed to demonstrate a substantial likelihood of success on the merits, as required by *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). And the same holds true for the current Motion, which is subject to a similar framework for analysis.

Plaintiff relies upon Federal Rule of Civil Procedure 62(d) in making his Motion, which allows the Court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." The relevant factors in determining if relief under Rule 62(d) should be given are: 1) whether the party seeking the relief has made a strong showing of a likelihood of success on the merits, 2) whether the party seeking relief will be irreparably injured, 3) whether the relief will substantially injure another party's interests, and 4) where public interest lies. *Firearms Policy Coalition, Inc. v. McCraw*, 623 F. Supp. 3d 740, 757

(N.D. Tex. 2022), citing  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) and *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986).

Plaintiff's Motion fails to provide any support for the first two factors.  First, there is nothing to show Plaintiff has a strong showing of a likelihood of success on the merits, as was the case with his previous Motion for Preliminary Injunction (Document 25).  Second, with regard to irreparable injury to the Plaintiff, as Plaintiff states in his Motion, Lincoln has given a deadline for certain documentation to be provided in support of Plaintiff's claim by May 7, 2026, consistent with the policy requirement that Plaintiff submit "proof" that he meets the definition of "disabled" in the policy.  This does not mean that an adverse benefit decision is imminent.  In fact, extensions to such deadlines are commonly requested and granted if good reason exists.  For unexplained reasons, Plaintiff has not requested an extension and does not allege in his Motion that he has sought one.

With regard to the third factor, Plaintiff has made no reference to a bond or other terms that secure Lincoln's rights in his Motion.  Lincoln will be irreparably injured if it is required to continue to pay benefits for a claim that should properly be denied, as recovery of any such benefits after they are paid and likely spent would not be possible.[7]

Concerning the fourth factor to consider the public interest, rather than seek an extension of the May 7th deadline, Plaintiff is asking the Court to prevent Lincoln from complying with its fiduciary duty to administer the plan under the policy for the benefits of all the participants in the plan – not just the Plaintiff.[8]  This is not consistent with the public interest or Lincoln's fiduciary

---

[7]    "All types of equitable liens must be enforced against a specifically identified fund in the defendant's possession," including overpayments of a benefit claim.  *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 873-74 (5th Cir. 2018), citing *Montanile v. Board of Trustees*, 577 U.S. 136, 146 (2016).

[8]    29 USC § 1104(a)(1) states that a plan fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and … for the exclusive purpose of providing benefits to participants and their beneficiaries … and … defraying reasonable expenses of administering the plan."

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO
PLAINTIFF MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL

duties.    The injunction requested by Plaintiff would prevent Lincoln from administering Plaintiff's claim in accordance with the terms of the relevant policy, and Plaintiff cites no legal precedent supporting such preemptive intervention, and none exists.    Therefore, the injunction requested by Plaintiff would not serve the public interest.

Plaintiff also relies on Federal Rule of Appellate Procedure 8(a)(1) to support his Motion, but that Rule would only apply if the Motion was filed in his appeal with the Fifth Circuit. Nevertheless, Plaintiff's Motion fails to include the items required by this Rule, specifically:

> (A) The motion must:
>> (i) show that moving first in the district court would be impracticable; or
>> (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.
> (B) The motion must also include:
>> (i) the reasons for granting the relief requested and the facts relied on;
>> (ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and
>> (iii) relevant parts of the record.

Accordingly, Plaintiff's request for an injunction seeking to have the court intervene in Lincoln's administration and claims decision process should be denied.

### B.    MUCH OF PLAINTIFF'S MOTION CONSISTS OF ASSERTIONS AND ARGUMENTS THAT DO NOT PERTAIN TO THE GROUNDS FOR THE MOTION OR THE REQUESTED RELIEF.

Throughout his 24-page[9] motion, Plaintiff makes several assertions and arguments that have nothing to do with the relief requested in the motion or the factors Plaintiff is required to show to receive the relief he has requested.    Lincoln briefly addresses some of those assertions and arguments here to provide context to the Court.

---

[9]    More than double the 10-page maximum prescribed by LR CR-7(C)(2), and Plaintiff did not seek leave from the Court to exceed the 10-page limit.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO
PLAINTIFF MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL

Plaintiff states in his Motion that Lincoln "controls the records" needed in order for Plaintiff to comply with the Policy's requirement that Plaintiff apply for Social Security Disability Insurance ("SSDI"). This statement is patently false. Lincoln is not the originator of these medical records, nor does it control Plaintiff's medical records. The medical records to support Plaintiff's SSDI claim all originate from, and are maintained by, Plaintiff's own treatment providers. As previously stated, after Plaintiff filed the lawsuit, counsel for Lincoln produced a complete Bates-labeled copy of the entire claim file to Plaintiff on April 12, 2026. And despite Plaintiff's statement in his Motion that the undersigned "confirmed in writing that the production is incomplete on a material category," the Exhibit attached to Plaintiff's Motion shows that the actual statement made by the undersigned was "Everything is included, but I'll have to confirm on item 3. I'll get back to you soon." It is important to note that "item 3" of Plaintiff's inquiry refers to "any guidance criteria or standards" used in evaluating Plaintiff's claim for disability benefits. Lincoln's counsel's comment was directed solely towards that point. Regardless, Lincoln's procedural manuals and internal guidelines pertaining to the processing of claims are not part of the administrative record regarding Plaintiff's claim for benefits and as such, any delay in producing these documents does not render production of the claim file under Fed. R. Civ. P. 26(1) "incomplete" as asserted by Plaintiff.

Plaintiff further argues, as he did in his previous Motion, that these documents constitute a "material category" as they are apparently needed for his application for benefits from the Social Security Administration. However, Lincoln's internal manuals and guidelines would be wholly irrelevant to Plaintiff's claim for SSDI. Plaintiff has stated that, "The Social Security Administration has since notified Plaintiff directly that it cannot process his application without forms that cannot be accurately completed without a certified complete claims file" and refers to

"Exhibit SSATXT" of his previous Motion (Document 25-2), which merely states that the SSA cannot process his application without a completed SSA-3368 form.  However, Page 1 of Form SSA-3368 (copy attached as Exhibit A) contains this statement:

> **YOU DO NOT NEED TO ASK DOCTORS OR HOSPITALS FOR ANY MEDICAL RECORDS**. If you have consented to us obtaining medical records from your providers, we will request your records directly from them. The information that you give us on this report tells us where to request your medical and other records." (emphasis original).

As the form states, Plaintiff is not required to submit the actual medical records with the Form SSA-3368, and he is certainly not required to submit to the SSA a copy of Lincoln's claim file, policy, or documentation regarding Lincoln's "guidance criteria or standards" used in evaluating Plaintiff's claim for disability benefits.  Nevertheless, Plaintiff is in possession of a complete copy of Lincoln's claim file regarding Plaintiff's claim for LTD benefits.

Plaintiff again refers to an April 10, 2026, email from Lincoln's claims staff that states "Because of the ongoing litigation involving certain aspects of your claim, please direct further correspondence to Lincoln's counsel of record in your pending lawsuit."  However, this statement has been taken completely out of context as the subject line of the email to which he is referencing (and attached as an Exhibit to his Notice of Development at Document 17-2) reads "Weekly Document Request Summary" which directly refers to a chain of emails initiated by Plaintiff to Lincoln's claims staff in which he states he is "going to start sending you a summary email every week that consolidates all of the things I have been asking for."[10]  Plaintiff's request for documents is at the very heart of Plaintiff's claims against Lincoln in this action.[11] Accordingly, as is normal in such cases after a claimant files suit, Lincoln advised Plaintiff to communicate with Lincoln's counsel regarding the aspects of his claim that were part of the

---

[10]    *See* Exhibit B attached hereto, specifically, page 7 (Lincoln/Bruff 0200).
[11]    Complaint at ¶¶ 22-29.

lawsuit. Additionally, as previously stated in Lincoln's Response to Plaintiff's Motion for Protective Order, upon review of Plaintiff's Notice of Development (Document 17), the undersigned immediately emailed Plaintiff on April 10, 2026, at 2:41 P.M., stating:

> In light of your filing today, I wanted to clarify that clinical and other medical records should continue to be sent to Lincoln, consistent with the instructions in the authorization. These should not be sent to me. Additionally, if Lincoln sends you forms to complete in connection with your claim, those completed forms should be sent to Lincoln, not to me.

(*See* Document 19 at page 5)

Accordingly, it has been explained to Plaintiff that he has only been requested to direct further inquiries about the matters he has raised in his Complaint to the undersigned and that he should continue to send clinical and other medical records to Lincoln. Therefore, Plaintiff's assertion on Page 8 of his Motion that on April 10, 2026, Lincoln "eliminated the only lawful pathway for submitting medical records required by a Lincoln-imposed deadline" is wholly untrue and completely without merit.

Plaintiff's Motion continues to make the arguments he raised in his previous Motions regarding the separation of functions between Lincoln's claims administration personnel and its litigation department, which only reflect his confusion about discovery procedure in litigation and how the attorney/client relationship works. If not for the lawsuit, neither Lincoln, nor its claims department would have any obligation to comply with rules of discovery set forth in the Federal Rules of Civil Procedure. However, now that Plaintiff has filed the instant action, Lincoln's counsel was required to access and produce the administrative record pertaining to the claim at issue in this action. Moreover, Lincoln immediately produced these documents to Plaintiff in light of his argument in his Complaint. Before the action was filed, Lincoln had no obligation to provide these documents to Plaintiff, as no adverse benefit decision had been

issued.[12]    Moreover, to obtain documentation and adequately represent her client, Lincoln's counsel must have the ability to contact her client regarding the documents maintained by Lincoln's claims department.    Additionally, there is simply no basis for an argument that an entity or its legal counsel needs to seek a court order[13] to communicate and obtain and produce the records of the entity.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction Pending Appeal has failed to show that he is entitled to the relief he seeks.    Plaintiff is seeking the same relief that was previously denied when the Court correctly denied his Motion for Preliminary Injunction that sought the same relief.    As Plaintiff has failed to show that he meets the requirements for the relief he requests under Fed. R. Civ. P. 62(d) under the appropriate legal framework, the Court should deny Plaintiff's Motion.

## REQUEST FOR RELIEF

For the reasons cited above, Lincoln requests that the Court deny Plaintiff's Motion for Preliminary Injunction Pending Appeal and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 2nd day of May 2026.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

---

[12]    29 CFR. § 2560.503-1(h)(2)(iii).
[13]    Counsel for Defendant has advised Plaintiff several times regarding its willingness to allow the Court to enter its standard protective order in this action.

By: /s/ Iwana Rademaekers
       Iwana Rademaekers, Esq.
       Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following parties or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Charles T. Bruff
Email:  cbruff13@outlook.com

May 2, 2026                                     /s/ Iwana Rademaekers
Date                                                 Iwana Rademaekers