**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

CHARLES TERRENCE BRUFF,
*Plaintiff,*
v.
LINCOLN NATIONAL LIFE INSURANCE COMPANY;
USAA HEALTH AND WELFARE BENEFITS PLAN;
USAA EDUCATIONAL ASSISTANCE PLAN; and
UNITED STATES AUTOMOBILE ASSOCIATION,
*Defendants.*
Civil Action No. 5:26-CV-01720

**PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL, OR IN THE ALTERNATIVE, FOR IN CAMERA REVIEW, IN SUPPORT OF MOTION FOR CORRECTIVE ACTION REGARDING THIRD-PARTY PROTECTED HEALTH INFORMATION**

**I. INTRODUCTION AND PROCEDURAL CONTEXT**

On May 4, 2026, this Court entered a text order denying Plaintiff's Motion for Corrective Action (Document 28) on two grounds: (1) that Plaintiff had not established the "irreducible constitutional minimum of standing" to seek relief on behalf of a third party whose personal information was "allegedly" disclosed; and (2) that the relief sought appeared to run to the third party rather than to Plaintiff.

Plaintiff files this motion to address both problems directly. The documents in question are not alleged. They are Bates-stamped pages produced by Lincoln National Life Insurance Company ("Lincoln"), certified complete by defense counsel on April 27, 2026, and transmitted to Plaintiff as part of the administrative record in this litigation. Plaintiff cannot attach these pages to a public filing without compounding the exact privacy violation Lincoln created. That is not a standing problem. It is an evidentiary problem created by the sensitive nature of the evidence itself, and the Court's own procedures provide the remedy.

Following the Court's May 4, 2026 denial order, Plaintiff contacted the Court the same afternoon—at approximately 2:30 p.m. Central Time on May 4, 2026—to ask how to properly present sensitive documents that cannot be attached to a public filing. Ms. Sylvia Ann Fernandez, Courtroom Deputy to Judge Rodriguez, advised Plaintiff that the appropriate procedural mechanism is a motion for leave to file documents under seal, or in the alternative, a request for in camera review. Ms. Fernandez did not provide legal advice, but she identified the correct procedural path. Plaintiff followed that guidance. This motion is the result.

The Court's own published Fact Sheet for Civil Cases directs parties with procedural questions to contact Ms. Fernandez. Plaintiff did exactly that.

## II. THE DOCUMENTS ARE NOT ALLEGED—THEY ARE BATES-STAMPED

The Court's May 4 order used the word "allegedly" to describe the disclosure of a third party's protected health information. Plaintiff respectfully submits that this characterization does not reflect the record. The documents in question are not alleged. They are specific, identifiable pages in Lincoln's own production, bearing Lincoln's own Bates stamps, certified to this Court by defense counsel.

Plaintiff describes each page with precision:

Lincoln/Bruff 2021 394: A Lincoln Financial Group letter to the affected individual's treating physician, dated July 2020, referencing a different claim number and the affected individual's name and date of birth. Signed by a Lincoln STD Claims Specialist.

Lincoln/Bruff 2021 395: Page 2 of that letter, continuing the records request and containing Lincoln Financial Group contact and signature information.

Lincoln/Bruff 2021 396: A Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act), page 1 of 3. The affected individual's name and Leave ID number appear in the form header. The employer is identified as USAA. Leave begin and end dates are specified.

Lincoln/Bruff 2021 397: Page 2 of 3 of the FMLA Certification, containing completed clinical sections. Section II includes treatment frequency, provider referral details, a provider name and phone number, and a description of the patient's condition.

Lincoln/Bruff 2021 398: Page 3 of 3 of the FMLA Certification. Contains the treating physician's handwritten signature, printed name, and direct phone number.

Lincoln/Bruff 2021 399: A Lincoln Financial Group fax cover sheet referencing the affected individual's name, date of birth, and Leave ID number. Sent by a Lincoln Leave Claims Specialist.

Lincoln/Bruff 2021 400: Page 1 of a Lincoln Financial Group FMLA Intermittent Leave End Notification letter, dated November 14, 2020, addressed to the affected individual by name. Contains her Leave ID, remaining FMLA entitlement hours, and action items specific to her leave.

Lincoln/Bruff 2021 401: Page 2 of that notification letter, continuing instructions to the affected individual and signed by a Lincoln Leave Services representative. Contains a CC to a named third party.

The affected individual's name appears on every substantive page of this eight-page set. Her claim number, date of birth, Leave ID, treating physician identity, clinical treatment information, and employer are present across multiple pages. These are not subtle. A reviewer reading page 394 for ten seconds would see that the claimant named is not Charles Terrence Bruff.

Plaintiff cannot attach these pages to a public filing. Doing so would place the affected individual's name, date of birth, Leave ID, treating physician identity, and clinical information on the public docket of a federal court—compounding the disclosure Lincoln created and adding a second unauthorized release to the first. Plaintiff is not willing to do that. Plaintiff also cannot file these documents under seal as a routine ECF attachment. The CM/ECF system does not permit pro se litigants to file sealed documents electronically. Filing under seal requires leave of Court and physical delivery of the documents directly to the Clerk's Office. That is precisely why Plaintiff did not attach these pages to the original Motion for Corrective Action, and precisely why Plaintiff now seeks leave through this motion. The absence of the documents from the original filing was not an oversight. It was the only available course of action consistent with protecting the affected individual's privacy while awaiting the Court's guidance on the appropriate procedure—guidance that Ms. Fernandez provided on May 4, 2026. The appropriate mechanism for the Court to verify the existence and contents of these pages without a public disclosure is a sealed filing following leave of Court, or in camera review. That is precisely what Plaintiff requests.

### III. PLAINTIFF'S OWN INJURIES DO NOT REQUIRE THIRD-PARTY STANDING

The Court's May 4 order framed the Motion for Corrective Action as an attempt by Plaintiff to seek relief on behalf of a third party. With respect, that framing does not reflect what Plaintiff asked for. Plaintiff has three concrete, particularized injuries that require no third-party standing whatsoever.

First: Plaintiff's claims file is contaminated with a stranger's records. Eight pages that should contain Plaintiff's own clinical information from the period corresponding to positions 394 through 401 of the STD 2021 file are displaced and unaccounted for. Those are Plaintiff's missing records. Lincoln has produced no explanation for where they are, whether they were ever received, or whether they were reviewed and excluded. The displacement of Plaintiff's own records by another patient's records is an injury to Plaintiff's administrative record—not to the third party.

Second: Lincoln's production certification is demonstrably false on the face of the production. Defense counsel represented in writing on April 27, 2026 that the production contains "everything that Lincoln reviewed to issue its decision" regarding Plaintiff's claim. If that representation is accurate, Lincoln reviewed a different USAA employee's FMLA records in connection with Plaintiff's STD claim—which is itself actionable. If that representation is false, defense counsel certified an incomplete and inaccurate production to this Court under Rule 26(g). Either answer is Plaintiff's injury. The false certification does not belong to the third party. It is directed at this Court, and it is about Plaintiff's file.

Third: Plaintiff now involuntarily possesses another person's protected health information through no act of his own. Plaintiff did not request it. Plaintiff did not create the condition that caused it to be produced. Plaintiff bears obligations and risks as an involuntary recipient of a stranger's PHI that he should not bear. That is Plaintiff's injury.

Each of these injuries is concrete, particularized, traceable to Lincoln's conduct, and redressable by a corrected production, an accurate certification, and an accounting of the displaced pages. Plaintiff does not need the affected individual's standing to seek those remedies.

## IV. WHAT PLAINTIFF WAS ACTUALLY ASKING THE COURT TO DO

The Motion for Corrective Action asked the Court to do two things that do not require third-party standing.

First, Plaintiff was alerting the Court to Lincoln's independent statutory obligations. Under HIPAA's breach notification provisions, applicable state insurance regulations including the Texas Insurance Code, and the Virginia insurance regulations applicable to the affected individual's state, Lincoln has mandatory obligations to notify the affected individual that this disclosure occurred, to investigate the scope of the breach, and to document its remediation. Plaintiff does not need standing to inform the Court that those obligations exist under existing federal and state law. Plaintiff is not attempting to enforce those obligations on the affected individual's behalf. Plaintiff is providing the Court with information about what Lincoln is independently required to do.

Second, Plaintiff was expressing a concern—grounded in the documented record of this litigation—that Lincoln may not fulfill those obligations voluntarily. That concern is not speculative. It is supported by the documented history of this production.

Lincoln assembled this production and transmitted it to litigation counsel. Defense counsel and her paralegal reviewed it. It was Bates-stamped. It was certified complete to this Court under Rule 26(g). At no point did anyone identify that pages 394 through 401 do not belong in the Bruff file. Plaintiff—a pro se litigant receiving this production for the first time—identified it.

That sequence does not inspire confidence in Lincoln's capacity or willingness to self-report and self-correct a disclosure that is now part of a federal litigation record. The Court is better positioned

than Plaintiff to ensure that Lincoln's statutory notification obligations are met. That is all Plaintiff asked the Court to do.

Plaintiff does not need standing to notify the Court of what existing law requires. And the Court does not need a standing analysis to exercise its inherent authority to ensure that counsel and parties before it comply with applicable law.

## V. RELIEF REQUESTED

Plaintiff respectfully requests the following relief:

1. Leave to file pages Lincoln/Bruff 2021 394 through 401 under seal, so that the Court may verify their contents before ruling on any further relief. The sealed filing would be accompanied by a brief index identifying each page by Bates number and describing its contents, consistent with the descriptions provided in Section II of this motion.

2. In the alternative, in camera review of the same pages for the same purpose, without a public sealed filing.

3. Upon verification, reinstatement of the Motion for Corrective Action (Document 28) for ruling on the merits. Once the Court has reviewed the documents, the word "allegedly" no longer applies, and the standing analysis can be evaluated in light of the specific relief Plaintiff actually requested—which runs to Plaintiff's own corrected production, not to the affected individual's rights.

## VI. CONFERENCE REQUIREMENT

Plaintiff submits that a conference of counsel is unnecessary with respect to this motion. This motion does not address the merits of any claim or defense. It addresses only the existence of specific Bates-stamped documents that this Court characterized as "alleged" in its May 4, 2026 order, and requests the procedural mechanism necessary for the Court to verify those documents before ruling. No substantive relief is sought beyond reinstatement of a prior motion for which conferral has already occurred. A separate conference on the threshold question of whether documents exist would serve no purpose and would further delay resolution of a disclosure that has been pending since Plaintiff identified it and filed the original Motion for Corrective Action on May 1, 2026.

## CONCLUSION

Plaintiff followed the Court's own procedural guidance, provided by Ms. Fernandez, Courtroom Deputy, on May 4, 2026. Plaintiff identified a disclosure that Lincoln created, reported it to this Court rather than ignoring it, and sought the procedural mechanism that would allow the Court to verify the evidence without placing a stranger's protected health information on the public docket. That is the conduct of a litigant acting in good faith. Plaintiff asks the Court to look at the documents before ruling on whether they exist.

Respectfully submitted,
Charles Terrence Bruff
Pro Se Plaintiff
4835 Medical Dr. #29643
San Antonio, TX 78229
318-452-8978
cbruff13@outlook.com
May 4, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2026, I filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record

/s/ Charles Terrence Bruff
Charles Terrence Bruff
Pro Se Plaintiff