IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CHARLES BRUFF,                                    )
                                                  )
                Plaintiff,                        )
                                                  )
vs.                                               )
                                                  )    Case No. 5:26-CV-01720
USAA HEALTH AND WELFARE                           )
BENEFITS PLAN, USAA                               )
EDUCATIONAL ASSISTANCE PLAN,                      )
UNITED STATES AUTOMOILE                           )
ASSOCIATION, AND LINCOLN                          )
NATIONAL LIFE                                     )
INSURANCE COMPANY,                                )
                                                  )
                Defendants.                       )

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Defendant The Lincoln

National Life Insurance Company ("Lincoln") files this Motion to Dismiss Plaintiff's Complaint

brought by Plaintiff Charles Bruff ("Bruff") filed on March 16, 2026 (the "Complaint").

**I.
GROUNDS FOR THE MOTION 0**

In Plaintiff's Original Complaint (the "Complaint"), Plaintiff asserts a claim against

Lincoln pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for

recovery of benefits under 29 U.S.C. § 1132(a)(1), seeking "monetary and equitable relief."[1]

However, nowhere in Plaintiff's Complaint does he assert that his LTD benefit has been denied.

The only allegation pertaining to an alleged denial of benefits from the Group Disability Income

Policy (the "Policy") that Lincoln issued to his employer, USAA, pertained to vocational

---

[1]    Complaint at ¶ 1.

rehabilitation services, which is not a "benefit" under this Policy.  Accordingly, Plaintiff fails to state a claim under 29 U.S.C. § 1132(a)(1)(B) or any other subsection of § 1132(a)(1).

Additionally, Plaintiff also seeks injunctive relief, as well as declaratory and equitable relief from Lincoln under 29 U.S.C. § 1132(a)(3).[2]  Although Plaintiff's Complaint is vague, Plaintiff appears to make three allegations in this regard.  First, Plaintiff seeks to enjoin Lincoln from applying an offset due to Plaintiff's receipt of SSDI benefits under the Policy, asserting that this is a violation of 42 U.S.C. § 407.  Second, Plaintiff complains that Lincoln has not provided him with a copy of his claim file.  And third, Plaintiff asserts that Lincoln failed to provide disclosures regarding the potential application of the Policy's Mental Illness/Non-Verifiable Symptoms benefit limitation.  However, the allegations pled in the Complaint in support of Plaintiff's requests for equitable relief, even if taken as true, are insufficient to support the relief requested by Plaintiff.

To avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[3]  Plaintiff has failed to meet this burden with regard to the Complaint,[4] and it must be dismissed.

---

[2]  Complaint at ¶¶ 1, 33-35, and 39-40; First Claim for Relief (¶¶ 41-45 and the "Wherefore" Paragraph thereafter); Second Claim for Relief (¶¶ 46-52 and the "Wherefore" Paragraph thereafter); Third Claim for Relief (¶¶ 53-63 and the "Wherefore" Paragraph thereafter); Seventh Claim for Relief (¶¶ 85-111 and the "Wherefore" Paragraph thereafter); and the Eighth Claim for Relief (the second Paragraph's numbered 104-111, ¶¶ 112-122 and the "Wherefore" Paragraph thereafter).

[3]  *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations) (citation omitted).

[4]  Lincoln would not oppose a Motion by Plaintiff to amend the Complaint to address the unclear nature of his claims and the specific relief that is sought.

## II.
## ARGUMENT AND AUTHORITIES

### A.    THE STANDARD AND THE POLICY

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[5]  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Plaintiff has failed to meet this burden with regard to the claim for equitable relief under 29 U.S.C. § 1132(a)(3), and this claim must be dismissed from this action.

Although Plaintiff may not have attached the Policy and certain letters to him from Lincoln to the Complaint,[6] it is clear that Plaintiff bases his claims against Lincoln on the Policy and these letters sent to Plaintiff, and the Court must refer to these documents in considering his claims.  Accordingly, true and correct copies of the Policy (Exhibit A), and Lincoln's September 12, 2025, letter to Plaintiff (Exhibit B) are attached to Lincoln's Motion.  As Plaintiff's claims against Lincoln are clearly predicated on the Policy and the letter, it is well-established that under such circumstances, Lincoln may attach the Policy and the letter to the Motion to Dismiss and the Court may properly consider them in ruling on the Motion to Dismiss without conversion to summary judgment under Rule 56. *Collins v. Morgan Stanley Dean*

---

[5]    Fed. R. Civ. P. 12(b)(6).
[6]    None of the exhibits referenced in the Complaint are attached to the Complaint.

*Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Wilson v. Kimberly-Clark Corp.*, 254 Fed. Appx. 280, 284 (5th Cir. 2007).

### B.    SECTION 1132(a)(1) CLAIM FOR RELIEF

Although the Complaint states that Plaintiff brings this ERISA action for monetary and equitable relief pursuant to 29 U.S.C. §§ 1132(a)(1) and 1132(a)(3),[7] it is unclear what relief Plaintiff seeks from Lincoln under 29 U.S.C. § 1132(a)(1).  As admitted by Plaintiff in the Complaint, Plaintiff's claim for long-term disability ("LTD") benefits from the USAA Health and Welfare Benefits Plan (the "Plan") was approved and has continued to be paid by Lincoln through the present.[8]  The only allegation of a denied benefit pertains to vocational rehabilitation services.  The only benefit in the Policy pertaining to rehabilitation states:

*Rehabilitation Incentive Benefit*

Lincoln will pay an increased Monthly Benefit while a Covered Person is fully participating in a Rehabilitation Program. Lincoln must first approve the Rehabilitation Program in writing before a Covered Person can be considered for this benefit. If Lincoln does not approve a Rehabilitation Program, the regular Disability benefit will be payable provided the Covered Person is Disabled under the terms of this policy. To be eligible for a Rehabilitation Incentive Benefit, the Covered Person must:

1. be Disabled and receiving benefits under this policy; and
2. be fully participating in a Rehabilitation Program approved by Lincoln.

In the Complaint, Plaintiff asserts that he was "referred to Lincoln Financial Vocational Rehabilitation, a service offered under the LTD policy. . . On January 27, 2026, Plaintiff was denied vocational rehabilitation services without a formal denial letter required by ERISA § 503."[9]  However, Lincoln's informal referral to its internal vocational rehabilitation department to consider Plaintiff for internal vocational services is not a benefit under the Policy.  Plaintiff

[7]    Complaint at ¶ 1.
[8]    Complaint at ¶¶ 7-11.
[9]    Complaint at ¶ 19.

may receive the Rehabilitation Incentive Benefit if he is participating in a "Rehabilitation Program," as defined by the Policy that has been approved by Lincoln.  This does not require that such Rehabilitation Program be offered by Lincoln.  Any internal vocational services that Lincoln may offer a claimant is not a stated benefit under the Policy and cannot be the basis for a claim under 29 U.S.C. § 1132(a)(1).  Plaintiffs pursuing a claim to recover benefits under ERISA "must demonstrate that they are each entitled to benefits under the terms of the applicable Plan document." *Wilson v. Kimberly Clark Corp.*, CA No. 2:06cv43KS-MTP, 2009 U.S. Dist. LEXIS 30802 at p. 11 (S.D. Miss. Apr. 2, 2009) (copy attached) *citing Haubold v. Intermedics, Inc.*, 11 F.3d 1333, 1341 (5th Cir. 1994)  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted with regard to his claim against Lincoln under 29 U.S.C. § 1132(a)(1), and it must be dismissed by the Court.

### C.     SECTION 1132(a)(3) CLAIM FOR EQUITABLE RELIEF

Plaintiff Complaint also contains a claim for recovery of injunctive relief, as well as declaratory and equitable relief [10] under 29 U.S.C. § 1132(a)(3).  Although the allegations in the Complaint are unclear, Plaintiff appears to make three allegations in this regard, none of which are actionable under § 1132(a)(3).

First, Plaintiff seeks to enjoin Lincoln from applying an offset due to Plaintiff's receipt of SSDI benefits under the Policy, asserting that this is a violation of 42 U.S.C. § 407.  However, the offset under the Policy (Exhibit A at Lincoln/Bruff 6 and 31) is not an effort to recover Plaintiff's SSDI benefits that would be in violation of § 407, which prohibits attachment or levy against Social Security benefits, such as SSDI.  *Cusson v. Liberty Life Assur. Co.*, 592 F.3d 215,

---

[10]     Complaint at ¶¶ 1, 33-35, and 39-40; First Claim for Relief (¶¶ 41-45 and the "Wherefore" Paragraph thereafter); Second Claim for Relief (¶¶ 46-52 and the "Wherefore" Paragraph thereafter); Third Claim for Relief (¶¶ 53-63 and the "Wherefore" Paragraph thereafter); Seventh Claim for Relief (¶¶ 85-111 and the "Wherefore" Paragraph thereafter); and the Eighth Claim for Relief (the second Paragraph's numbered 104-111, ¶¶ 112-122 and the "Wherefore" Paragraph thereafter).

232 (1st Cir. 2010).  The provisions regarding benefit offsets under the Policy simply specify how benefits are to be calculated.

Second, Plaintiff complains that Lincoln has not provided him with a copy of his claim file.  However, under the relevant regulations, a claimant does not have a right to receive a copy of the claim file unless there has been an adverse benefit determination.  29 C.F.R. § 2560.503-1(h)(2)(iii).  The Complaint does not assert that there has been an adverse benefit determination with regard to Bruff's claim.  Moreover, there is no basis for injunction on this basis, as Plaintiff has admitted that Lincoln has provided Plaintiff with a copy of his claim file.[11]

Third, Plaintiff asserts that Lincoln failed to provide disclosures regarding the potential application of the Policy's Mental Illness/Non-Verifiable Symptoms benefit limitation.  However, no adverse benefit determination has been made with regard to the application of this provision of the Policy, and benefits continue in payment status.  Lincoln's September 12, 2025, benefit approval letter simply quoted the "Mental Illness, Substance Abuse and/or Non-Verifiable Symptom Limitation" provision of the Policy and stated that "If your condition no longer meets the criteria of the above limitation but remains disabling as supported by medical documentation, your claim will be evaluated for continued benefits beyond this limitation.  We will continue to review your claim and request medical documentation to evaluate your continued eligibility for benefits."  If Plaintiff's benefits under the Policy are actually terminated under this Policy provision, Plaintiff will receive an adverse benefit determination that is fully compliant with the relevant regulations, including the provision of appeal rights.  Lincoln's letter was simply to put Plaintiff on notice that this Policy provision may apply and is not an adverse benefit termination under the applicable regulations.

---

[11]    Plaintiff's Reply in Support of Motion for Protective Order (Document 23) at p. 3-4.

Accordingly, Plaintiff's allegations in the Complaint do not state a claim upon which equitable relief such as an injunction may be granted, and the Court should dismiss Plaintiff's 29 U.S.C. § 1132(a)(3) claim against Lincoln.

### D.     COMPENSATORY, STATUTORY EXEMPLARY, AND PENALTY DAMAGES ARE NOT AVAILABLE IN THIS ACTION

It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA. *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993); *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).  As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under his ERISA-controlled plan. Accordingly, should the Court not dismiss Plaintiff's claims against Lincoln in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

### E.     THE JURY TRIAL SOUGHT BY PLAINTIFF IS NOT AVAILABLE IN THIS ACTION

As stated above, all of Plaintiff's claims against Lincoln must be dismissed. Additionally, a trial by jury is not available under ERISA.  *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323-24 (5th Cir. 1994) ("ERISA law is closely analogous to the law of trusts, an area within the exclusive jurisdiction of the courts of equity. . . .We have held, as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial.")  Accordingly, should the Court not dismiss Plaintiff's claims against Lincoln in their entirety, Plaintiff's demand for a jury in this action should be stricken by the Court.

### III.
### REQUEST FOR RELIEF

Lincoln requests the Court dismiss Plaintiff's Complaint against it with prejudice; dismiss Plaintiff's requests for injunctive relief and for compensatory and punitive damages;

award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

and grant Defendant any other relief to which it shows itself justly entitled.

Dated this 19th day of May 2026.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

By:  /s/ Iwana Rademaekers
        Iwana Rademaekers, Esq.
        Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following parties or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Charles T. Bruff
Email:  cbruff13@outlook.com

James Goodfellow
james.goodfellow@jacksonlewis.com

  May 19, 2026                                            /s/ Iwana Rademaekers
Date                                                         Iwana Rademaekers