**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

CHARLES TERRENCE BRUFF,
     Plaintiff,
**v.**
USAA EDUCATIONAL ASSISTANCE PLAN,
et al.,
     Defendants.

Civil Action No. 5:26-CV-01720

**PLAINTIFF'S REPLY IN SUPPORT OF APPLICATION FOR
CLERK'S ENTRY OF DEFAULT AGAINST LINCOLN NATIONAL
LIFE INSURANCE COMPANY PURSUANT TO FED. R. CIV. P. 55(a)**

**TO THE CLERK OF THE COURT:**

Plaintiff Charles Terrence Bruff respectfully submits this Reply in support of his Application for

Clerk's Entry of Default Against Lincoln National Life Insurance Company ("Lincoln National")

(Doc. 34) and in response to Lincoln National's Opposition (Doc. 36). Entry of default is a

ministerial act. The undisputed record establishes that Lincoln National failed to plead or otherwise

defend within the time required by law. The Clerk should enter default.

**I. LINCOLN NATIONAL MISSED THE DEADLINE**

1.  Plaintiff transmitted a request for waiver of service to Lincoln National on March 18, 2026,

    by certified mail with return receipt requested, addressed to Lincoln National's registered

    agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.  The return receipt for Lincoln National's waiver request — PS Form 3811, attached to

    Plaintiff's Notice of Waiver of Service Requests, Return Receipts, and Waiver Non-Return

(Doc. 24, Exhibit A-3) — confirms delivery on March 26, 2026, signed by Chandler Crow, agent through Viva Tejas Logistics. This document has been on the docket since April 18, 2026.

3. Under Federal Rule of Civil Procedure 4(d)(3), a defendant has 60 days from the date the waiver request was sent to answer or otherwise respond to the complaint. Sixty days from March 18, 2026 is May 17, 2026. Out of an abundance of caution, Plaintiff calculated the deadline as May 18, 2026 in filing the Application.

4. The USAA Defendants, whose waiver requests were sent on the same date as Lincoln National's, filed a motion for extension of time (Doc. 33) in which they acknowledged that their answer deadline was May 18, 2026. That motion was granted by text order on May 13, 2026. At the time Lincoln National's deadline expired, the most recent action on this docket was the Court's order granting the USAA Defendants an extension of time. Lincoln National made no such request and filed nothing.

5. As of midnight on May 18, 2026, Lincoln National had filed no answer, motion to dismiss, motion for extension of time, or any other responsive pleading beyond its counsel's initial notice of appearance.

6. Lincoln National's counsel filed a notice of appearance in this action more than a month before the May 18, 2026 deadline expired. Lincoln National therefore had actual notice of the pending lawsuit, the applicable deadline, and the obligation to respond or seek an extension. The failure to take any action before the deadline expired was not the result of lack of notice.

7. Plaintiff filed the Application for Clerk's Entry of Default at 1:54 a.m. on May 19, 2026, as reflected in the CM/ECF Notice of Electronic Filing receipt attached hereto as Exhibit

A. Lincoln National had already defaulted by operation of law when the deadline expired at midnight.

## II. LINCOLN NATIONAL'S POST-DEADLINE FILINGS DO NOT DEFEAT DEFAULT

Lincoln National filed a Motion to Dismiss for Failure to State a Claim (Doc. 35) and an Opposition to Plaintiff's Application (Doc. 36) on May 19, 2026 — one day after the deadline expired and approximately four hours after Plaintiff's Application was already on the docket. These filings do not cure the default.

Default is triggered by operation of law when a defendant fails to plead or otherwise defend within the time required. The Clerk's entry of default under Rule 55(a) is the ministerial recognition of that fact — it does not create the default; it records it. Lincoln National's deadline passed at midnight on May 18, 2026. No filing by Lincoln National on May 19, 2026, can retroactively satisfy a deadline that had already expired.

Lincoln National filed its Motion to Dismiss without seeking leave of court under Federal Rule of Civil Procedure 6(b)(1)(B), which governs motions to act after a deadline has expired and requires a showing of excusable neglect. No such showing has been made and no leave was sought. An untimely filing submitted without leave does not constitute a timely responsive pleading for purposes of Rule 55(a).

## III. THE APPROPRIATE REMEDY IS A RULE 55(c) MOTION

Lincoln National's Opposition does not contest that the deadline was May 18, 2026, nor that nothing was filed by that date. Lincoln National argues instead that its post-deadline Motion to Dismiss should be treated as a responsive pleading that defeats the default. This is not the proper procedural vehicle for that relief.

The proper remedy for a party seeking relief from a default is a motion under Federal Rule of Civil Procedure 55(c), which requires Lincoln National to demonstrate good cause for missing the deadline, a meritorious defense, and an absence of prejudice to Plaintiff. Lincoln National's Motion to Dismiss (Doc. 35) and Opposition (Doc. 36) should be stricken as untimely filed without leave, and Lincoln National should be directed to proceed under Rule 55(c) if it seeks relief from the default.

## IV. THE RECORD REQUIRES UNIFORM APPLICATION OF PROCEDURAL STANDARDS

Plaintiff notes for the record that procedural requirements have been strictly enforced against him throughout this litigation. Among the multiple denials of Plaintiff's protective order motions, at least one was denied in part because Plaintiff had not conferred with opposing counsel — a requirement the Court applied strictly even though Lincoln National had appeared as a party only within the prior 24 hours at the time of that denial.

Lincoln National has now filed two documents on the same day, after missing its deadline by one day, without seeking leave of court and without conferring with Plaintiff. The Clerk's ministerial duty under Rule 55(a) does not vary based on which party has missed a deadline. Where the record establishes that a defendant has failed to plead or otherwise defend within the time required, the Clerk should enter default. The record here establishes exactly that.

## V. CONCLUSION

The record is undisputed: the waiver request was sent March 18, 2026; delivery to Lincoln National's registered agent was confirmed by return receipt on March 26, 2026 (Doc. 24, Exhibit A-3); the deadline to respond was May 18, 2026; and Lincoln National filed nothing by that date. Plaintiff's Application was filed at 1:54 a.m. on May 19, 2026 — before Lincoln National filed

anything that day. Lincoln National defaulted by operation of law. The Clerk should enter default against Lincoln National Life Insurance Company pursuant to Federal Rule of Civil Procedure 55(a).

Respectfully submitted,

/s/ Charles Terrence Bruff
**Charles Terrence Bruff**
Plaintiff, Pro Se
4835 Medical Dr. #29643
San Antonio, TX 78229
Phone: 318-452-8978
cbruff13@outlook.com
Date: May 19, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, a true and correct copy of the foregoing Reply was served on all counsel of record via the Court's CM/ECF system, which will send notification to:

Iwana Rademaekers
iwana@rademaekerslaw.com
James Goodfellow
james.goodfellow@jacksonlewis.com
/s/ Charles Terrence Bruff
**Charles Terrence Bruff**