**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**


CHARLES TERRENCE BRUFF,
Plaintiff,
v.
USAA EDUCATIONAL ASSISTANCE PLAN, et al.,
Defendants.


Civil Action No. 5:26-CV-01720-XR


**PLAINTIFF'S MOTION FOR RECONSIDERATION OF
TEXT ORDER MOOTING PLAINTIFF'S APPLICATION
FOR CLERK'S ENTRY OF DEFAULT (DOC. 34)**


**NOTE ON CONFERENCE REQUIREMENT**

This motion seeks reconsideration of a court order entered on May 19, 2026. It is directed to the Court, not to opposing counsel. The default application (Doc. 34) and Lincoln's opposition (Doc. 36) were fully briefed before the Court entered the mootness order. Conference with opposing counsel regarding reconsideration of a court order is not required under Local Rule CV-7(i) or any other applicable rule. No conference has been conducted and none is necessary.

**I. INTRODUCTION**

On May 19, 2026, the Court entered a text order mooting Plaintiff's Application for Clerk's Entry of Default Pursuant to Fed. R. Civ. P. 55(a) (Doc. 34) on the sole ground that Defendant Lincoln National Life Insurance Company filed a Motion to Dismiss Plaintiff's Complaint (Doc. 35). The order contains no legal analysis, cites no authority, and does not address the threshold question of whether Doc. 35 was timely filed or whether it constitutes a defense to the default that had already arisen by operation of law before Doc. 35 was filed.

The premise of the mootness order is legally incorrect. The default arose at midnight on May 18, 2026 — the moment Lincoln's answer deadline expired without any responsive pleading or motion having been filed. Doc. 35 was filed on May 19, 2026 — after the default existed, after Plaintiff's 55(a) application was already on the docket, and without leave of court. A filing that is itself untimely and unauthorized cannot cure a default that arose before it was filed. The mootness order should be vacated and the Clerk should be directed to enter default against Lincoln National Life Insurance Company.

Plaintiff also respectfully notes that this order continues a pattern of text-order dispositions without findings or legal analysis that is already before the Fifth Circuit on interlocutory appeal (Doc. 26). The mootness order was entered by law clerk notation — TMlc — and contains no findings of fact, no legal conclusions, and no citation to any authority. It is entered on the same day as the events it purports to resolve. This is not an isolated occurrence. It is the most recent entry in a documented pattern that the Fifth Circuit is currently reviewing.

## II. THE DEFAULT AROSE BEFORE DOC. 35 WAS FILED

The timeline is undisputed on the face of the docket.

Lincoln's answer or other responsive pleading was due on May 18, 2026. The docket reflects no filing by Lincoln on May 18, 2026. At midnight on May 18, 2026 — the moment the deadline expired — Lincoln had failed to plead or otherwise defend as shown by the record. The default arose by operation of law at that moment. Federal Rule of Civil Procedure 55(a) does not require a court order to create a default. It requires only that a party has failed to plead or otherwise defend within the time required. That condition was satisfied at midnight on May 18.

Plaintiff filed his Application for Clerk's Entry of Default (Doc. 34) at 1:54 a.m. on May 19, 2026 — after the default had already arisen by operation of law, and before Lincoln filed anything. Lincoln filed Doc. 35 and Doc. 36 at approximately 6:00 a.m. on May 19, 2026 — four hours after Plaintiff's application was on the docket, and without seeking or obtaining leave of court.

The sequence is critical. The default existed before Doc. 35 was filed. A default that has already arisen cannot be retroactively cured by a subsequent filing, particularly one that was itself untimely and made without leave. The mootness order treats the filing of Doc. 35 as if it dissolved a default that had not yet arisen. The chronology of the docket establishes the opposite.

### III. AN UNTIMELY MOTION TO DISMISS FILED WITHOUT LEAVE DOES NOT CURE A DEFAULT

Rule 55(a) requires the clerk to enter default when a party has failed to plead or otherwise defend as shown by the record. The clerk's function is ministerial. Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). The clerk does not exercise discretion about whether a default should be entered. The clerk acts when the conditions of the rule are met.

Lincoln's position — adopted without analysis in the mootness order — is that filing a motion to dismiss cures a default, regardless of when that motion is filed or whether leave was obtained. That position has no support in the text of Rule 55(a), in Fifth Circuit precedent, or in the procedural record of this case.

A motion to dismiss filed after the answer deadline without leave of court is not a timely responsive pleading. It is an unauthorized filing. The Local Rules of this Court require leave to file out of time. Lincoln did not seek leave. Lincoln did not acknowledge the missed deadline. Lincoln did not offer any explanation for why the deadline was missed. Lincoln did not file a motion for

extension of time under Rule 6(b). Lincoln simply filed two documents at 6:00 a.m. on May 19 and relied on the Court to treat them as if the deadline had not passed.

The only mechanism for addressing a default that has already arisen is a motion to set aside under Rule 55(c), which requires a showing of good cause. Lincoln has filed no Rule 55(c) motion and has offered no showing of good cause. The mootness order bypassed that process entirely.

### IV. LINCOLN ADVANCED TWO POSITIONS — BOTH ARE LEGALLY UNAVAILING

Lincoln's opposition to the default application (Doc. 36) advanced two distinct positions. The first was explicit: that Lincoln was never properly served because no signed waiver appears on the docket, and therefore the answer deadline never started running. The second was implicit: that filing Doc. 35 constituted a defense to the default. The mootness order appears to have accepted one or both of these positions without identifying which, without legal analysis, and without citation to authority. Because there are no findings, Plaintiff cannot determine which premise the Court accepted. That itself is a Rule 52(a)(2) problem. But both positions are independently unavailing.

### A. Lincoln's Service Argument Is Forfeited

Lincoln's explicit position was that it was never properly served — that no signed waiver is on the docket and Lincoln denies signing one. The legal consequence Lincoln drew from this was that the answer deadline never began to run and therefore Lincoln cannot be in default.

This argument is foreclosed by Rule 12(h)(1) and by six weeks of litigation conduct. Rule 12(h)(1) provides that a defense of insufficient service of process is waived if it is not raised in the first responsive pleading or in a pre-answer Rule 12 motion filed before that pleading. Lincoln filed neither. Lincoln's first filing in this case was not a motion challenging service — it was a

substantive opposition to Plaintiff's motion for a protective order. The service defense was forfeited the moment Lincoln began participating in this litigation on the merits without raising it.

The principle is well established: a party that voluntarily appears and participates in litigation waives defects in service. (FRCP 12(h)(1), National Equipment Rental, Ltd. V. Szukhent, 375 U.S. 311, 313 (1964)) The purpose of service is to provide notice and bring the party before the court. That purpose is satisfied when a party actually appears and litigates. Lincoln appeared through counsel on April 7, 2026. Over the following six weeks, Lincoln filed substantive oppositions, received CM/ECF notifications, participated in conferrals, and engaged with the merits of Plaintiff's motions. Lincoln was before this Court as a matter of conduct, regardless of whether formal service was perfected in the manner Lincoln now claims was required. A party cannot participate in six weeks of federal litigation and then argue it was never properly before the court.

Lincoln's service argument is also self-defeating. If Lincoln was never properly served and the answer deadline never started running, then Lincoln also had no right to file Doc. 35 as a matter of course under Rule 12(b)(6). A party that is not properly before the court cannot file a motion to dismiss on the merits — it can only appear and raise service defects. Lincoln did neither. It cannot claim the protection of a procedural defect it never raised while simultaneously filing substantive motions that assume it is a proper party.

## B. A Post-Default Motion to Dismiss Without Leave Does Not Cure the Default

Lincoln's implicit position — accepted by the mootness order — is that filing Doc. 35 after the default arose dissolved the default. This fails for the reasons stated in Section III. A motion to dismiss filed after the answer deadline expired, after the default arose, and without leave of court is not a timely defensive filing. It does not satisfy the "plead or otherwise defend" requirement of Rule 55(a) because the time for satisfying that requirement had already passed. The only

mechanism for addressing a default that has already arisen is Rule 55(c). Lincoln filed no Rule 55(c) motion and made no showing of good cause.

To the extent the mootness order rested on a timeliness argument — that filing within hours of the deadline's expiration is effectively timely — that argument has no support in the rules. Rule 55(a) contains no grace period. The default arose at midnight on May 18 when the deadline expired. A filing made six hours later by counsel who was actively monitoring the docket and filed two other documents the same morning is not timely.

## V. THE MOOTNESS ORDER CONTINUES A PATTERN ALREADY BEFORE THE FIFTH CIRCUIT

### A. The Documented Pattern

Plaintiff filed an interlocutory notice of appeal on April 23, 2026 (Doc. 26), currently pending before the Fifth Circuit, challenging this Court's practice of resolving contested motions by text order without findings of fact or conclusions of law in violation of Federal Rule of Civil Procedure 52(a)(2). The mootness order is the most recent entry in that documented pattern:

- Doc 2 — Attorney Appointment Motion — Denied by text order without application of the Ulmer factors. No findings. (TMlc) Denied by Text order April 13, 2026

- Doc 16 — Third Protective Order Motion — Original Motion filled Lincoln responded on Doc 19. Court denies by text order, Plaintiff responds after not realizing motion had been denied without full briefing. Doc 23. (TMlc) Denied by Text Order April 16, 2026

- Doc 25 — Original Preliminary Injunction: Denied by text order within 48 hours, before Lincoln responded, briefing cycle incomplete. No findings. No authority cited. Denied by Text Order April, 22 2026  (TMlc)

- Doc. 28 — Motion for Corrective Action: Denied by text order applying the wrong legal standard to injuries that ran directly to Plaintiff. No findings. Text Order May 4 2026 (TMlc)

- Doc. 34 — Application for Clerk's Entry of Default: Mooted by text order without addressing timeliness, leave requirements, or whether a post-default filing can cure a default that preceded it. No findings. No authority cited. Text Order May 19th (TMlc)

- Doc. 27 — the Motion for Preliminary Injunction Pending Appeal — remains unruled as of this filing, fully briefed since May 3, 2026. Every motion decided without a complete briefing cycle was decided against Plaintiff.

**B. The Mootness Order Creates an Untenable Precedent**

The mootness order did not moot Doc. 34 because Lincoln filed its motion to dismiss within hours of missing the deadline. It mooted Doc. 34 because Lincoln filed a motion to dismiss at all — without regard to timeliness, leave, or whether the default had already arisen. The logical consequence is that any defendant in default can dissolve that default by filing any motion to dismiss, at any time, without leave and without satisfying the good cause standard that Rule 55(c) requires. CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992). That result eliminates Rule 55(c) as a functional procedural protection. It is not a result this Court should reach by text order without findings while the appeal documenting this Court's text-order practice is pending before the Fifth Circuit.

Plaintiff respectfully notifies the Court that the May 19, 2026 mootness order will be presented to the Fifth Circuit as a further instance of the pattern on appeal if reconsideration is not granted. The Fifth Circuit is entitled to a complete and current record of that practice as it develops during the pendency of the appeal.

## VI. NO PRECEDENT EXISTS FOR THE MOOTNESS PROCEDURE THIS COURT EMPLOYED

Plaintiff, with the help of AI tools, has researched the treatment of default applications across all federal circuits and in the Federal Judicial Center's comprehensive February 2024 study of default and default judgment practices in the district courts (Exhibit FJC). That study examined default procedures across all ninety-four federal district courts. It documented the two recognized procedural outcomes for a pending default application: entry of default under Rule 55(a) or set-aside under Rule 55(c) with a showing of good cause. It did not document, in any district, the practice of mooting a default application on the ground that the defaulting party subsequently filed a motion to dismiss.

The case law confirms the same binary. Courts deny default applications when a defendant has filed a timely motion to dismiss, because a timely motion to dismiss satisfies the "plead or otherwise defend" requirement of Rule 55(a). Courts set aside defaults already entered when a defendant demonstrates good cause under Rule 55(c). But in no published decision in any circuit has a court mooted a default application — declared it neither entered nor set aside, but simply extinguished — on the ground that the defaulting party filed a motion to dismiss after the default arose and without leave of court. That procedural outcome does not exist in the Federal Rules. It does not exist in the case law. It does not exist in the FJC's comprehensive study of actual district court practice.

The significance of this absence is not merely academic. A procedural ruling with no basis in the rules and no support in any published authority is a ruling that the Fifth Circuit has no framework for affirming. If the Fifth Circuit reviews the mootness order and determines it is procedurally invalid — that a default application can only be resolved by entry or set-aside, not by mootness — the consequences cascade through everything that follows. Every filing Lincoln

makes after the point of default that was never properly resolved, every ruling this Court enters on those filings, and every deadline that passes would have occurred while Lincoln was in default. Unwinding that record would require this Court, the parties, and the Fifth Circuit to reconstruct an entire phase of litigation from a procedurally sound foundation.

That unwinding would not fall only on Lincoln and Plaintiff. The USAA defendants have their own answer deadline running, their own motions pending, and their own defense posture that may coordinate with Lincoln's. Any ruling this Court enters on Lincoln's MTD may affect the legal framework governing USAA's defense. Arguments Lincoln makes may be adopted by USAA. If Lincoln's post-default filings are later declared unauthorized, USAA's filings made in reliance on Lincoln's participation would need to be re-evaluated as well. USAA did not cause Lincoln's default. USAA is collateral damage from a procedural ruling that resolved Lincoln's situation through a mechanism that does not exist in the rules.

## VII. IN THE ALTERNATIVE, PLAINTIFF REQUESTS A STAY OF PROCEEDINGS PENDING FIFTH CIRCUIT REVIEW — CONTINGENT ON RULING ON THE PENDING PI MOTION

If the Court declines to reconsider the mootness order, Plaintiff requests a stay of all district court proceedings pending resolution of the interlocutory appeal. Two independent bases support a stay.

### A. First Basis: The Appeal Challenges the Pattern This Order Continues

The interlocutory appeal challenges this Court's practice of entering text orders without findings. The mootness order is an instance of that practice entered while the appeal is pending. If proceedings continue without a stay, this Court will rule on Lincoln's MTD, potentially rule on the pending PI, and generate additional record — all while the Fifth Circuit is reviewing whether the text-order practice is lawful. Orders entered during the pendency of that appeal on the same pattern

the appeal challenges may themselves require reversal, creating duplicative proceedings that a stay prevents.

**B. Second Basis: The Mootness Order Has No Procedural Foundation and May Require Everything to Be Unwound**

The more fundamental basis for a stay is the procedural invalidity of the mootness order itself. As established in Section VI, there is no precedent — in the Federal Rules, in Fifth Circuit case law, or in ninety-four district courts surveyed by the FJC — for resolving a default application by mootness. If the Fifth Circuit determines this procedural outcome is invalid, every filing Lincoln makes and every ruling this Court enters from this point forward occurs against an uncertain foundation. The stay is not a request for the Court to suspend all activity indefinitely. It is a request for the Court to pause until the Fifth Circuit can tell the parties whether Lincoln was in default — a question that determines the legal validity of everything that follows.

**C. The Stay Creates an Impossible Position Without a Ruling on Doc. 27**

Plaintiff must be candid with the Court about the position the mootness order has created. Plaintiff faces a procedural dilemma with no good exit that does not require the Court to act on both the stay and the pending PI simultaneously.

If proceedings continue without a stay and the Fifth Circuit later determines the mootness order was invalid, everything filed by Lincoln and every ruling entered by this Court from May 19 forward would need to be unwound — a substantial waste of judicial and party resources. But if Plaintiff requests a stay of all proceedings, that stay halts the PI motion as well. The PI motion (Doc. 27) has been fully briefed since May 3, 2026. It seeks to protect Plaintiff's benefit status while Lincoln's review process operates without judicial oversight. The Mental Illness and Non-Verifiable Symptoms Limitation clock is running. The clinical pathways identified in Plaintiff's Menninger discharge plan remain blocked. A stay that halts proceedings without a preliminary

injunction in place leaves Plaintiff exposed to the ongoing, accumulating, and potentially irreversible harms the PI was filed to prevent.

The Court created this dilemma by resolving the default application through a procedural mechanism that does not exist in the rules, without findings, and without the analysis that Rule 55(c) requires. The only resolution that does not prejudice Plaintiff is for the Court to act on both simultaneously: reconsider the mootness order and rule on the pending PI motion (Doc. 27). If the Court declines to reconsider but grants a stay, the stay must be accompanied by a ruling on Doc. 27 — otherwise the stay itself causes the harm the PI was designed to prevent. The Court has the authority and the obligation to resolve both. Plaintiff respectfully requests that it do so.

### VIII. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

(1) Vacate the May 19, 2026 text order mooting Doc. 34;

(2) Direct the Clerk of Court to enter default against Defendant Lincoln National Life Insurance Company pursuant to Federal Rule of Civil Procedure 55(a);

(3) In the alternative, if the Court declines to direct entry of default, issue an order with findings adequate for appellate review under Federal Rule of Civil Procedure 52(a)(2) explaining the legal basis for treating Doc. 35 as a timely and authorized filing sufficient to cure the default that arose at midnight on May 18, 2026;

(4) In the further alternative, if the Court declines reconsideration, stay all district court proceedings pending resolution of the interlocutory appeal (Doc. 26), and simultaneously rule on Plaintiff's Motion for Preliminary Injunction Pending Appeal (Doc. 27), so that the stay does not expose Plaintiff to the ongoing harms the PI was filed to address; and

(5) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/ Charles T. Bruff
Charles Terrence Bruff
Pro Se Plaintiff
4835 Medical Drive #29643
San Antonio, Texas 78229
cbruff13@outlook.com
(318) 452-8978


Date: May 19, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth above, a true and correct copy of the foregoing

Motion was filed with the Clerk of Court using the CM/ECF system, which will send notification

of such filing to all counsel of record, including:


Iwana Rademaekers, Esq. | iwana@rademaekerslaw.com

James Goodfellow, Esq. | james.goodfellow@jacksonlewis.com


/s/ Charles T. Bruff

Charles Terrence Bruff