**EXHIBIT FJC**

**Cover Sheet and Summary of Relevant Findings**

Federal Judicial Center
Default and Default Judgment Practices in the District Courts
February 2024
Available at:
https://www.fjc.gov/sites/default/files/materials/26/FJC_report_Rule_55_February_2024.pdf

### PURPOSE OF THIS EXHIBIT

This exhibit is submitted in support of Plaintiff's Motion for Reconsideration of Text Order Mooting Plaintiff's Application for Clerk's Entry of Default (Doc. 34). It provides the source citation and relevant findings from the Federal Judicial Center's February 2024 comprehensive study of default and default judgment practices across all ninety-four federal district courts.

Plaintiff submits this exhibit to support the argument that mooting a default application on the ground that the defaulting party filed a post-deadline, post-default, unauthorized motion to dismiss has no precedent in the Federal Rules, in published case law, or in the documented practice of any federal district court.

### RELEVANT FINDINGS FROM THE FJC REPORT

The FJC report surveyed default procedures across all ninety-four federal district courts. Its findings relevant to this motion are as follows:

1. Two-Step Structure Is Universal. The report documents the two-step structure of Rule 55 — entry of default under Rule 55(a), followed by entry of default judgment under Rule 55(b) — as the universal framework across all district courts. The report identifies no third procedural category.

2. Mootness of Default Applications Not Documented. The report surveyed the actual practices of all ninety-four district courts in handling default applications, including

variations in local rules, clerk practices, and judicial involvement. It does not document, in any district, the practice of mooting a default application on the ground that the defaulting party subsequently filed a motion to dismiss.

3. Clerk-Chambers Consultation Documented. The report notes that consultation between the clerk's office and chambers is common prior to entry of default, and that in at least one district, internal procedures require the courtroom deputy to check with the judge's law clerk. The report documents this as a practice that sometimes delays entry but does not eliminate it. It does not document consultation resulting in a mootness disposition.

4. Recognized Alternatives to Entry Are Denial and Set-Aside. The report identifies the following recognized alternatives to entry of default: denial of the application where service was defective, denial where the defendant has otherwise defended, and set-aside under Rule 55(c) upon a showing of good cause. Mootness is not among the recognized alternatives documented in the report.

**NOTE ON AVAILABILITY**

The complete FJC report is publicly available at the URL listed above and is published by the Federal Judicial Center, an agency of the United States Courts. Plaintiff will provide a printed copy of the complete report to the Court upon request. The URL resolves to a PDF document of approximately 100 pages. The findings summarized above appear throughout the report in the sections addressing Rule 55(a) entry of default procedures and clerk practices.

Respectfully submitted,

/s/ Charles T. Bruff
Charles Terrence Bruff
Pro Se Plaintiff
May 19, 2026