# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

CHARLES TERRENCE BRUFF, Plaintiff

v.

USAA HEALTH AND WELFARE BENEFITS PLAN, et al., Defendants

Case No. 5:26-CV-01720-XR

## EXHIBIT DEF
### ADMINISTRATIVE RECORD PRODUCTION DEFICIENCY ANALYSIS

## PREFATORY NOTE

Lincoln National Life Insurance Company certified its administrative record as complete. This exhibit documents what that record contains. Lincoln's motion to dismiss relies on the certified record. A certified record that is statistically and substantively incomplete cannot form the basis for a dispositive ruling or a fair response to a dispositive motion.

## NOTE ON METHODOLOGY AND KEY FINDINGS

Each of the 2,428 Bates-stamped pages produced by Lincoln Financial Group was individually catalogued and assigned a forensic classification. "Blank/standardized forms" are counted regardless of whether they appear as first-instance or duplicate copies — a blank Attending Physician Statement is non-substantive content whether it appears once or ten times. "Duplicate substantive documents" are verbatim copies of a document already present elsewhere in the same file. "Boilerplate" covers fraud-notice pages, fax cover sheets, CIOX transmission covers, and confidentiality footers.

► Amber flags indicate pages requiring manual physical inspection before legal reliance. Red flags indicate confirmed anomalies (third-party PHI, absence of expected documents).

> ⚠ CRITICAL FINDING — ABSENT PHYSICIAN FORMS
>
> Lincoln Financial produced 27 blank physician forms in the STD 2021 file and 49 blank physician forms in the LTD 2026 file. In neither file does a legibly completed Attending Physician Statement or Functional Mental Status Evaluation from any of Plaintiff's treating physicians appear. Both claims were approved — meaning Lincoln possessed sufficient clinical evidence to approve benefits — yet the structured forms

designed to capture that clinical evidence are absent from the production. The most probable explanation consistent with the record is that completed forms were received by Lincoln and exist in Lincoln's internal systems, but were not included in the claims file produced to Plaintiff. The alternative — that every physician declined to return every form across both claims — is inconsistent with Lincoln's own approval decisions. By contrast, the only completed physician form in the STD 2021 file belongs to the affected individual (a different USAA employee), whose APS signed by the treating physician was commingled into Plaintiff's file via fax batch error. Her forms are complete and legible. Plaintiff's are absent.

## EXHIBIT DEF-A — CLAIMS FILE PAGE COMPOSITION

### EXHIBIT DEF-A1 — STD 2021 Claims File

| Bates Range: Lincoln/Bruff 2021 001 – 473 | Total Pages: 473 |
|---|---|

| Category | Pages | % of File |
|---|---|---|
| Blank/standardized forms — first instance | 61 | 12.9% |
| Blank/standardized forms — duplicate copies | 40 | 8.5% |
| → **Total blank / standardized forms** | **101** | **21.4%** |
| Boilerplate (fraud notices/fax/CIOX) — first instance | 29 | 6.1% |
| Boilerplate — duplicate copies | 8 | 1.7% |
| → **Total boilerplate** | **37** | **7.8%** |
| Duplicate substantive documents | 45 | 9.5% |
| ⚠ **Third-party PHI — the affected individual** | **8** | **1.7%** |
| **TOTAL FILLER / NON-SUBSTANTIVE** | **191** | **40.4%** |
| **TOTAL SUBSTANTIVE (unique medical/claim content)** | **282** | **59.6%** |

► Medical records belonging to a different USAA employee (the affected individual, Virginia) appear at Lincoln/Bruff 2021 394–401. Her FMLA Certification and APS (signed by the treating physician) are completed and legible. No equivalent completed forms exist for Plaintiff.

### EXHIBIT DEF-A2 — Current STD/LTD 2026 Claims File

| Bates Range: Lincoln/Bruff 0053 – 2004 | Total Pages: 1,955 | NOTE: Pages 0001–0052 ABSENT |
|---|---|---|

| Category | Pages | % of File |
|---|---|---|
| Blank/standardized forms — first instance | 161 | 8.2% |
| Blank/standardized forms — duplicate copies | 126 | 6.4% |

| | | |
|---|---|---|
| → **Total blank / standardized forms** | **287** | **14.7%** |
| Boilerplate (fraud notices/fax/CIOX) — first instance | 34 | 1.7% |
| Boilerplate — duplicate copies | 8 | 0.4% |
| → **Total boilerplate** | **42** | **2.1%** |
| Duplicate substantive documents | 519 | 26.5% |
| ⚠ **Partially illegible APS (pp. 1799–1800)** | **2** | **0.1%** |
| **TOTAL FILLER / NON-SUBSTANTIVE** | **848** | **43.4%** |
| **TOTAL SUBSTANTIVE (unique medical/claim content)** | **1,107** | **56.6%** |

► Attending Physician Statement returned via MedStaff X fax (04/14/2025). Handwritten entries present but rendered illegible by fax/OCR degradation. Cannot confirm whether clinical content was recorded. Requires physical inspection of original fax.

## EXHIBIT DEF-A3 — Combined Production: Both Files

**Total Pages Across Both Productions: 2,428**

| Category | Pages | % of File |
|---|---|---|
| **Total blank / standardized forms** | **388** | **16.0%** |
| **Total boilerplate** | **79** | **3.3%** |
| Duplicate substantive documents | 564 | 23.2% |
| ⚠ **Third-party PHI (the affected individual)** | **8** | **0.3%** |
| ⚠ **Partially illegible APS** | **2** | **0.1%** |
| **TOTAL FILLER / NON-SUBSTANTIVE** | **1,039** | **42.8%** |
| **TOTAL SUBSTANTIVE (unique medical/claim content)** | **1,389** | **57.2%** |

# EXHIBIT DEF-B — PHYSICIAN FORM TRACKING: SENT VS. RETURNED

The following tables track every physician form type sent by Lincoln in each production. "Returned (filled)" means a completed form with clinical content signed by a treating provider was identified in the production. Authorization forms signed only by the claimant are noted separately — they do not constitute completed physician documentation.

## EXHIBIT DEF-B1 — STD 2021: Physician Form Tracking

| Form Type | Sent (blank) | Returned (filled) | Status |
|---|---|---|---|
| Functional Mental Status Evaluation (FMSE) | 9 unique | 0 | NOT IN FILE |
| Attending Physician Statement (APS) | 4 unique | 0 | NOT IN FILE |
| Activities Questionnaire | 4 unique | 0 | NOT IN FILE |
| Claimant Supplementary Statement | 3 unique | 0 | NOT IN FILE |
| Authorization Form (HIPAA release) | 7 unique | Signed by claimant | CLAIMANT ONLY |
| Affected Individual APS (wrong patient) | N/A | 1 (the treating physician) | WRONG PATIENT |
| TOTALS | 27 | 0 confirmed | |

## EXHIBIT DEF-B2 — LTD 2026: Physician Form Tracking

| Form Type | Sent (blank) | Returned (filled) | Status |
|---|---|---|---|
| Attending Physician Statement (APS) | 8 unique | 0 legible | NOT IN FILE |
| Treating Provider Statement | 7 unique | 1 (Hunter Verheul, pp. 1861-62) | CONFIRMED |
| Behavioral Health Form / Assessment | 20 unique | 0 | NOT IN FILE |
| Activities Questionnaire | 4 unique | 0 | NOT IN FILE |
| Claimant Assessment / Supplementary Forms | 4 unique | 0 | NOT IN FILE |
| APS via MedStaff X fax (pp. 1799-1800) | N/A | Returned — illegible | REVIEW REQD |
| Authorization Forms (HIPAA release) | 6 unique | Signed by claimant | CLAIMANT ONLY |
| TOTALS | 49 | 1 confirmed + 1 review | |

## Requestable During Discovery — COMPLETED PHYSICIAN FORMS

Based on the foregoing analysis, the following documents are identified as absent from the production and subject to a targeted discovery:

1.  All completed, signed Attending Physician Statements (APS) received by Lincoln in connection with STD Claim 17118669 and LTD Claim 17729133, regardless of whether such forms were ultimately relied upon in the claims determination.

2.  All completed Functional Mental Status Evaluations (FMSE) received from any treating provider in connection with either claim.

3.  All completed Behavioral Health Forms and Treating Provider Statements received from any provider other than Hunter Verheul.

4.  Lincoln's complete internal document management log for both claims, showing all documents received, indexed, and stored — cross-referenced against the Bates-stamped production to identify any documents received but not produced.

> ⚠ Lincoln's motion to dismiss relies on the certified administrative record as the evidentiary foundation for its claims. That record was certified as complete. This exhibit documents that it is not. Proceedings on a certified record that is statistically incomplete, that contains another patient's protected health information, that begins at Bates page 53, and that contains zero completed physician forms for the named claimant across an entire STD claim cannot be fairly continued until the record is reproduced correctly and through proper clinical channels.

Respectfully submitted,

**Charles Terrence Bruff**

4835 Medical Dr. #29643
San Antonio, Texas 78229
(318) 452-8978
cbruff13@outlook.com
Plaintiff-Appellant, Pro Se