IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


CHARLES TERRENCE BRUFF,                    **FILED**

                                           MAY 2 1 2026
Plaintiff-Appellant,
                                           CLERK, U.S. DISTRICT COURT
                                           WESTERN DISTRICT OF TEXAS
                                           BY _____
v.                                                 DEPUTY CLERK


USAA EDUCATIONAL ASSISTANCE PLAN, et al.,


Defendants-Appellees.


Civil Action No. 5:26-CV-01720-XR


Fifth Circuit Case No. 26-50345


## PLAINTIFF'S NOTICE REGARDING STATUS OF APPELLATE RECORD TRANSMISSION AND REQUEST FOR PROMPT CERTIFICATION

### I. PURPOSE OF THIS NOTICE

Plaintiff-Appellant Charles Terrence Bruff respectfully files this notice to inform the Court and the Clerk of Court that, as of the date of this filing, the electronic record on appeal in Fifth Circuit Case No. 26-50345 has not been certified or transmitted to the United States Court of Appeals for the Fifth Circuit. Plaintiff further notifies the Court that no entry reflecting the Fifth Circuit's docketing of the appeal or the assignment of Case No. 26-50345 appears on this Court's docket, despite the appeal having been docketed by the Fifth Circuit on April 29, 2026.

Given the time-sensitive nature of the pending interlocutory appeal — including a Motion for Stay of District Court Proceedings currently in email conferral with opposing counsel pursuant

to Local Rule CV-7(i), with responses requested by May 22, 2026, and which Plaintiff intends to file promptly once conferral is complete, and a June 2, 2026 deadline for Plaintiff to respond to Defendant Lincoln's Motion to Dismiss — Plaintiff respectfully requests that the Clerk certify and transmit the record to the Fifth Circuit promptly, and no later than May 22, 2026.

## II. PROCEDURAL BACKGROUND

On April 23, 2026, Plaintiff filed an Interlocutory Notice of Appeal (Doc. 26) in this Court. The filing fee of $605 was paid at the time of filing. Receipt No. BTXWDC-21816410.

On April 29, 2026, the Fifth Circuit docketed the appeal and assigned Case No. 26-50345. Plaintiff learned of this docketing date on May 20, 2026, by calling the Fifth Circuit Clerk's Office directly. No notification of the docketing or case number assignment was sent to Plaintiff by the district court clerk's office, and no entry reflecting the Fifth Circuit docketing or case number appears on this Court's docket.

On May 1, 2026, Plaintiff filed a Transcript Order (Doc. 29) as required by Federal Rule of Appellate Procedure 10(b) and Fifth Circuit Rule 11. The transcript order noted that no hearings were held in this matter and no recorded proceedings requiring transcription exist. There is no transcript to produce.

On May 20, 2026, Plaintiff filed a Supplemental Notice of Interlocutory Appeal adding orders entered after the original notice, including text orders entered May 4, May 19, and May 20, 2026.

As of the date of this filing, the district court docket reflects no entry indicating that the electronic record on appeal has been certified or transmitted to the Fifth Circuit.

## III. THE RECORD SHOULD HAVE BEEN CERTIFIED AND TRANSMITTED

Under Fifth Circuit Rule 11.3 and the Fifth Circuit's published appeal flow chart, the electronic record on appeal must be certified within 15 days of the filing of the transcript or receipt

of notice that a transcript is unnecessary. Because no hearings were held in this matter and no transcript exists, the Clerk should have issued a notice that no transcript was necessary and certified the record as complete within 15 days of the transcript order filed May 1, 2026. That 15-day period expired on May 16, 2026.

Under the Fifth Circuit's own appeal flow chart, the briefing notice — which triggers the appellant's 40-day brief deadline — issues only after the electronic record is certified. Because the record has not been certified, the briefing notice has not issued, and the appellate briefing schedule has not begun. However, the delay in certification is not attributable to any act or omission by Plaintiff. Plaintiff filed the transcript order on May 1, 2026 and has done everything required to enable the Clerk to assemble and certify the record.

The duty to certify and transmit the record rests with the Clerk. Federal Rule of Appellate Procedure 11(b)(2) provides that if no transcript is ordered, the district clerk must certify to the court of appeals that the record is complete. That certification has not occurred.

## IV. THE DELAY CREATES IMMEDIATE PRACTICAL HARM

The failure to transmit the record has direct and immediate consequences for the pending interlocutory appeal.

First, Plaintiff is currently conducting email conferral with opposing counsel pursuant to Local Rule CV-7(i) regarding a Motion for Stay of District Court Proceedings Pending Interlocutory Appeal. Conferral responses are requested by May 22, 2026, and Plaintiff intends to file the stay motion promptly once conferral is complete. The stay motion will request an expedited ruling by May 28, 2026. Under Federal Rule of Appellate Procedure 8(a)(1), Plaintiff must first seek a stay from the district court before seeking one from the Fifth Circuit. If the district court denies the stay — as is anticipated — Plaintiff intends to seek a stay directly from the Fifth Circuit under FRAP 8(a)(2). That Fifth Circuit motion cannot proceed effectively without the record

having been transmitted, because the Fifth Circuit will not have the documentary basis to evaluate the motion.

Second, Plaintiff's deadline to respond to Defendant Lincoln National Life Insurance Company's Motion to Dismiss (Doc. 35) is June 2, 2026. Whether Plaintiff must respond to that motion depends on the resolution of the stay request. If the record is not transmitted and the appellate proceedings cannot advance, Plaintiff faces an impossible position: respond to a motion whose validity is contested before the Fifth Circuit can act, or miss the deadline while waiting for an administrative step that has not yet occurred.

Third, there are two additional motions pending before this Court that remain unruled: Plaintiff's Motion for Preliminary Injunction Pending Appeal (Doc. 27), fully briefed since May 3, 2026, and Plaintiff's Motion for Leave to File Under Seal (Doc. 32), unopposed since May 18, 2026. The continued pendency of those motions without ruling, combined with the record transmission delay, means that the Fifth Circuit's ability to provide meaningful review of the pattern documented in the interlocutory appeal is itself being delayed by administrative inaction at the district court level.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Clerk of Court:

(1) Certify the electronic record on appeal in Case No. 26-50345 as complete and transmit it to the Fifth Circuit no later than May 22, 2026;

(2) Enter on this Court's docket a notice reflecting the Fifth Circuit's docketing of the appeal on April 29, 2026 and the assignment of Case No. 26-50345, which has not yet appeared on the district court docket; and

(3) Confirm by email to Plaintiff at cbruff13@outlook.com when the record has been transmitted and the docket entry has been made, so that Plaintiff can confirm with the Fifth Circuit Clerk's Office that the record has been received.

Plaintiff will present this notice to the Clerk's Office in person on May 21, 2026 and requests a response at that time regarding the current status of the record transmission and the anticipated transmission date.

Respectfully submitted,

/s/ Charles T. Bruff
Charles Terrence Bruff
Plaintiff-Appellant, Pro Se
4835 Medical Drive #29643
San Antonio, Texas 78229
cbruff13@outlook.com
(318) 452-8978
Date: May 21, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2026, a true and correct copy of the foregoing Notice was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Counsel for Lincoln National Life Insurance Company:
    Iwana Rademaekers, Esq. | iwana@rademaekerslaw.com
    Sandy Acker | sandy@rademaekerslaw.com
    Sandy Acker | sandy.acker@sprouselaw.com

Counsel and Docketing Staff for USAA Defendants:
    Brian Aslin, Esq. | brian.aslin@jacksonlewis.com
    Ana Sanchez | ana.sanchez@jacksonlewis.com
    Crystal Aranda-Alvidrez | Crystal.Aranda-Alvidrez@jacksonlewis.com
    Austin Docketing | Austindocketing@jacksonlewis.com

/s/ Charles T. Bruff
Charles Terrence Bruff