**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

CHARLES TERRENCE BRUFF,
Plaintiff,
v.
USAA HEALTH AND WELFARE BENEFITS PLAN,
USAA EDUCATIONAL ASSISTANCE PLAN,
UNITED STATES AUTOMOBILE ASSOCIATION,
AND LINCOLN NATIONAL LIFE INSURANCE COMPANY,
Defendants.

Case No. 5:26-CV-01720-XR

**PLAINTIFF'S REPLY TO LINCOLN'S RESPONSE TO MOTION TO STAY**

## I. Lincoln's Consent to Preserving the Status Quo Is Consent to ECF No. 27.

The purpose of a stay pending appeal is to preserve the status quo while the appellate court addresses whether the proceedings below were lawful. Nken v. Holder, 556 U.S. 418, 426 (2009). Lincoln consented to that purpose. ECF No. 43 at 1. A party that consents to preserving the status quo has consented to the mechanism by which that preservation is accomplished.

ECF No. 27 is that mechanism. Plaintiff's motion for a preliminary injunction pending appeal asks this Court to maintain the conditions that existed before the district court's procedural errors compounded — specifically, that Plaintiff's benefits remain in place and that Lincoln's obligations to communicate remain operative — while the Fifth Circuit evaluates whether those errors were lawful. That is identical to the purpose Lincoln just consented to. Lincoln cannot consent to preserving the status quo while opposing the instrument by which the status quo is preserved. Its non-opposition to the stay is non-opposition to ECF No. 27.

ECF No. 27 has been fully briefed since May 3, 2026. No further submissions are required. Ruling on it does not initiate new proceedings or disturb the stay — it concludes a proceeding already completed and provides the legal instrument that makes the stay meaningful. A stay granted without ruling on ECF No. 27 is a stay without content: it suspends proceedings but provides no mechanism to hold conditions in place during the suspension.

Plaintiff's Motion to Stay explicitly requested a stay with two carve-outs, including a ruling on ECF No. 27. ECF No. 41 at 9. Lincoln did not oppose those carve-outs. If Lincoln intended to oppose a ruling on ECF No. 27 during the stay period, it had the opportunity to say so in its response. It did not. A non-opposition to a motion is a non-opposition to the relief the motion requests.

## II. ECF No. 32 Is Independently Ripe, Independently Unopposed, and Addresses Record Integrity, Not Merits.

ECF No. 32 — Plaintiff's motion for leave to file contaminated pages under seal for in camera review — does not ask for merits relief. It does not advance the litigation. It asks this Court to

receive, under seal, pages from Lincoln's certified administrative record that contain another individual's protected health information, so that this Court may examine a documented production defect through its own process while protecting the affected individual's privacy.

Lincoln did not oppose ECF No. 32. Plaintiff filed a notice of non-opposition on May 19, 2026 (ECF No. 38). The motion has been ripe and unopposed for over three weeks.

The contamination is not a peripheral issue. Lincoln's counsel certified the administrative record as complete. That certification is false on its face — the production visibly contains another employee's FMLA documentation. The same uncorrected, uncured record is the foundation of Lincoln's pending motion to dismiss. The stay does not reach ECF No. 32 because ruling on it is not a proceeding in the litigation. It is housekeeping on a known defect in a certified production. Deferring it does not preserve the status quo. It allows a false certification to stand uncorrected on the record while the appeal runs, and ensures that whatever proceedings follow the appeal — at this Court or on remand — are built on a record whose integrity has never been examined.

This Court expressed skepticism about the contamination in its May 4 order, using the word "allegedly" to characterize a production defect visible on the face of Lincoln's own certified submission. ECF No. 32 is the mechanism this Court created to resolve that doubt — through in camera review, under seal, without exposing the affected individual's information. Lincoln did not oppose it. There is no basis to defer it further.

### III.  Lincoln Reversed Its Conferral Position Without Explanation.

During conferral on May 21, 2026, Lincoln's counsel stated that Lincoln would oppose the stay. Plaintiff's motion documented Lincoln's conferral opposition and addressed it directly. ECF No. 41 at 1–2. Five days later, Lincoln filed a non-opposition without identifying what changed. Lincoln's conferral grounds were that the appeal would not succeed and that the MTD would be dispositive. Lincoln's response does not withdraw those positions, does not identify any new development, and does not explain the reversal. The Court is entitled to note that Lincoln opposed this motion during conferral and did not oppose it when filing became necessary.

### IV.  A Stay of All Proceedings Without a Ruling on ECF No. 27 Creates the Harm the Stay Is Designed to Prevent.

Lincoln has not communicated Plaintiff's benefit status in writing since September 2025. Lincoln has produced no letter, no notice, and no formal communication confirming that benefits remain approved and for how long. As documented in ECF No. 41, Plaintiff does not know whether he will have health insurance past June 1, 2026 — his coverage is tied to his benefit status, and Lincoln has provided no confirmation. ECF No. 41 at 6–7.

A stay that eliminates every active judicial mechanism — while Lincoln faces no obligation to communicate, no deadline, and no consequence for silence — does not preserve the status quo. It creates a vacuum in which Lincoln may act against Plaintiff's benefits without any mechanism for Plaintiff to respond, seek emergency relief, or compel disclosure. That is not a stay. That is the elimination of the only forum available to Plaintiff, with nothing in its place.

Lincoln consented to this configuration without any commitment to benefit continuity, without any agreement to provide written confirmation of benefit status, and without any assurance that

the absence of active proceedings will not be used as an occasion to act. ECF No. 27, granted during the stay period, is the minimum protection necessary to ensure that the stay does not itself become the mechanism of harm.

### V. The Nken Factors Warrant a Finding on the Merits.

Lincoln states that Plaintiff has not shown a strong likelihood of success on the merits but does not explain why, does not address the Rule 52(a)(2) argument, does not address the default mootness argument, and does not address the regulatory framework argument. ECF No. 43 at 1. A reservation without analysis is not a merits finding. This Court should apply the Nken factors and make that finding on the record — not because Lincoln contests the stay, but because Plaintiff is entitled to know the basis on which relief is granted or denied, and because the Nken analysis on ECF No. 27 directly governs whether a ruling on that motion is warranted during the stay period.

### VI. Conclusion.

Plaintiff requests that this Court grant the stay as requested in ECF No. 41, including the carve-outs directing this Court to rule on ECF No. 27 and ECF No. 32, and apply the Nken factors on the record. Lincoln's consent to preserving the status quo pending appeal is consent to the instrument of that preservation. Its non-opposition to ECF No. 41 as filed is non-opposition to the complete package of relief ECF No. 41 requests.

Respectfully submitted,

Charles Terrence Bruff
4835 Medical Dr. #29643
San Antonio, Texas 78229
(318) 452-8978
cbruff13@outlook.com
Plaintiff in Pro Se

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the CM/ECF system, which sent a Notice of Electronic Filing to all parties of record.

Charles Terrence Bruff