UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES T. BRUFF, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-26-CA-01720-XR |
| | § | |
| USAA EDUCATIONAL ASSISTANCE | § | |
| PLAN, LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, USAA | | |
| HEALTH AND WELFARE BENEFITS | | |
| PLAN, UNITED STATES | | |
| AUTOMOBILE ASSOCIATION, | | |
| *Defendants* | | |

## ORDER

On this date, the Court considered several of Plaintiff's pending motions in this case. After careful consideration, the Court issues the following Order.

### I. Motion for a Preliminary Injunction Pending Appeal (ECF No. 27)

Plaintiff appealed several of the Court's orders. ECF No. 26. He now moves for an injunction until his appeal is resolved. ECF No. 30. A court may grant an injunction while an appeal is pending from an interlocutory order that refuses an injunction. Fed. R. Civ. P. 62(d). Factors include "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *accord Sec. & Exch. Comm'n v. Barton*, 79 F.4th 573, 581 (5th Cir. 2023).

Plaintiff fails to show likelihood of success on the merits of either his appeal or his original claims. While he appealed several orders, only two appear subject to interlocutory appeal. *See* Text Orders Dated April 8, 2026, and April 22, 2026. Both of those orders denied extraordinary relief

1

in the form of preliminary injunctions. Neither of the motions that the orders addressed established a substantial likelihood that Plaintiff's underlying claims would succeed. One of the motions even sought to do so by alleging conduct that did not occur until after Plaintiff filed his Complaint. *See* ECF No. 25 at 9 (arguing that Lincoln's conduct after Plaintiff sued violated Section 510 of the Employee Retirement Income Security Act (ERISA) but failing to recognize that the Complaint does not allege a violation of Section 510). Plaintiff complains that the Court denied that motion within 48 hours of filing. ECF No. 27 at 7. He neglects the motion's "request for expedited ruling." ECF No. 25 at 12. Both in that motion and Plaintiff's motion for a protective order,[1] Plaintiff failed to clearly connect Lincoln's conduct to any of his eight claims. The Court noted as much in its orders, so Plaintiff's appeal is unlikely to succeed.

Additionally, Plaintiff has failed to show likelihood of irreparable injury. *See Trump v. CASA, Inc.*, 606 U.S. 831, 859 (2025) (noting the requirement). His purported injury appears to be the "structural[] compromise[]" that arises from "claims administration personnel who now possess litigation awareness." ECF No. 27 at 12. This produces "contamination of the administrative record . . . and the consequent corruption of any future benefit determination." *Id.* Plaintiff claims that this state of affairs is "in direct violation of ERISA's independence requirements." *Id.*

This argument overlooks that Lincoln has "litigation awareness" because Plaintiff sued it. It is unclear how the Court could eliminate this awareness without dismissing Plaintiff's case. More fundamentally, Plaintiff fails to show that Lincoln is likely to violate ERISA just because it has "litigation awareness."

---

[1] Plaintiff's "Motion for a Protective Order" (ECF No. 16) sought to prohibit Defendant Lincoln's claims-administration employees from communicating with Lincoln's counsel. This is an extraordinary request for injunctive relief.

The remaining factors weigh against an injunction. This injunction would order Lincoln to pay Plaintiff, and Plaintiff fails to persuade the Court that the injunction is in the public's interest. Plaintiff's motion (ECF No. 27) is **DENIED**.

## II. Motion for Leave to File Documents Under Seal (ECF No. 32)

Plaintiff seeks leave to file documents under seal. ECF No. 32. Courts in the Fifth Circuit "heavily disfavor sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022); *accord* Binh Hoa Le v. Exeter Fin. Corp., 990 F.3d 410, 418 (5th Cir. 2021) ("[C]ourts should be ungenerous with their discretion to seal judicial records."). "It is the solemn duty of the judge to scrupulously examine each document sought to be sealed." *June Med. Servs., L.L.C.*, 22 F.4th at 521; *accord Binh Hoa Le*, 990 F.3d at 418 (requiring "'line-by-line' balancing of the public's common law right of access against the interests favoring nondisclosure")

Here, Plaintiff seeks leave to file documents to support his motion for "corrective action." ECF No. 28. That motion alleged that Lincoln improperly disclosed a third party's confidential information. *Id.* at 1. Plaintiff sought *inter alia* an order compelling Lincoln to notify the third party of the disclosure. The Court denied the motion because Plaintiff did not establish standing to seek a remedy on behalf of the third party. *See* Text Order Dated May 4, 2026.

Plaintiff's motion to file under seal seeks to file documents that prove the disclosure. But even assuming the disclosure, Plaintiff does not establish his standing to seek relief on behalf of the third party. And to establish first-party standing, Plaintiff points to no meaningful injury. He states that his "own clinical information . . . [is] displaced and unaccounted for." ECF No. 32 at 4. And for the purposes of third-party standing, it is insufficient that "Plaintiff now involuntarily possesses another person's protected health information" and thus bears unspecified "obligations and risks." ECF No. 32 at 4.

Plaintiff's motion to file documents under seal (ECF No. 32) is **DENIED**.

### III. Motion for a Stay (ECF No. 41)

Plaintiff moves to stay this case and all deadlines pending resolution of his appeal. Lincoln does not oppose this motion. ECF No. 43. It appears that Plaintiff has yet to serve Defendants USAA Educational Assistance Plan, USAA Health and Welfare Benefits Plan, and United States Automobile Association (collectively, the "USAA defendants").

Plaintiff's motion for a stay (ECF No. 41) is **GRANTED**. With the exception of Plaintiff's deadline to serve the USAA defendants, all deadlines are hereby **STAYED** pending the resolution of Plaintiff's interlocutory appeal.

The Court finds this case is appropriate for administrative closure pending the outcome of Plaintiff's appeal. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . .").

The Clerk's office is therefore **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request or on the Court's own motion. Parties may continue to file motions and documents in the case.

It is so **ORDERED**.

**SIGNED** this June 2, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE