**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

CHARLES TERRENCE BRUFF,
Plaintiff,
v.
USAA HEALTH AND WELFARE BENEFITS PLAN,
USAA EDUCATIONAL ASSISTANCE PLAN,
UNITED STATES AUTOMOBILE ASSOCIATION,
AND LINCOLN NATIONAL LIFE INSURANCE COMPANY,
Defendants.

Case No. 5:26-CV-01720-XR

**PLAINTIFF'S MOTION FOR CLARIFICATION OF ORDER REGARDING SERVICE**
**ON USAA DEFENDANTS**

Plaintiff Charles Terrence Bruff respectfully moves this Court for clarification of the June 2, 2026 Order (ECF No. 45) insofar as it states that it "appears that Plaintiff has yet to serve" the USAA defendants and excepts Plaintiff's service deadline from the stay. The USAA defendants appeared in this action on May 12, 2026. This Court granted their motion on May 13, 2026. The June 2 order's service finding cannot be reconciled with this Court's own May 13 order.

**I. The USAA Defendants Appeared on May 12, 2026 and This Court Granted Their Motion the Following Day.**

On May 12, 2026, Defendants USAA Health and Welfare Benefits Plan, USAA Educational Assistance Plan, and United States Automobile Association filed their Unopposed Motion for Extension of Time to File Answer or Otherwise Plead through counsel of record — Brian A. Aslin, James C. Goodfellow Jr., and Sung Cheol Sam Park of Jackson Lewis P.C. ECF No. 33. That filing constituted the USAA defendants' formal appearance in this action.

ECF No. 33 confirmed that the USAA defendants had executed their Waivers of Service of Summons on April 15, 2026, and stated that "[a]ccordingly, the USAA Defendants' current deadline to file an answer is May 18, 2026." ECF No. 33 ¶ 2. Under Federal Rule of Civil Procedure 4(d)(4), executed waivers of service constitute completed service. The USAA

defendants' own counsel computed and confirmed the answer deadline from the waiver execution date — the correct calculation under Rule 4(d)(3).

On May 13, 2026, this Court granted ECF No. 33. ECF No. 34. That order was entered on a motion filed by counsel appearing on the USAA defendants' behalf. A court that grants a party's motion for extension of time to answer necessarily recognizes that party's appearance and the existence of an answer deadline — both of which presuppose completed service.

## II. The June 2 Order Cannot Be Reconciled with This Court's Own May 13 Order.

The June 2, 2026 Order states that "[i]t appears that Plaintiff has yet to serve Defendants USAA Educational Assistance Plan, USAA Health and Welfare Benefits Plan, and United States Automobile Association." ECF No. 45 at 3. That finding is irreconcilable with this Court's own May 13 order granting the USAA defendants' motion for extension of time to answer.

No intervening event between May 13 and June 2 altered the USAA defendants' appearance status. The USAA defendants appeared on May 12. This Court recognized that appearance on May 13. The June 2 order's finding that USAA appears unserved cannot be correct in light of the Court's own prior order.

## III. The Service Exception Creates a Procedural Issue on a False Factual Premise.

The stay order excepts "Plaintiff's deadline to serve the USAA defendants" from the stay. ECF No. 45 at 3. That exception rests entirely on the factual premise that service has not been accomplished. That premise is contradicted by ECF No. 33, by this Court's grant of ECF No. 33, and by the USAA defendants' continued appearance as active participants in this litigation through counsel of record.

The exception places Plaintiff in an impossible position. If Plaintiff attempts formal process service on parties who have already executed waivers of service, appeared through counsel, and

had their answer deadline extended by this Court, that action is procedurally redundant and inconsistent with the USAA defendants' own confirmed waiver. If Plaintiff takes no action, the exception could be construed as an active service deadline, exposing Plaintiff to a Rule 4(m) dismissal based on a factual error in the order. Neither outcome is appropriate.

Additionally, under Federal Rule of Civil Procedure 12(h)(1), a party waives the defense of insufficient service of process by failing to raise it in a Rule 12(b) motion or first responsive pleading. The USAA defendants' first filing — ECF No. 33 — raised no service objection. Any such objection is therefore waived as a matter of law.

**IV. Conclusion.**

Plaintiff respectfully requests that this Court clarify that the service exception in ECF No. 45 does not apply, that service on the USAA defendants was completed by executed waiver of service on April 15, 2026, that the USAA defendants appeared through counsel on May 12, 2026, and that the stay applies to all deadlines in this case without exception pending resolution of Plaintiff's interlocutory appeal. The Court's own May 13 order granting ECF No. 33 is dispositive on the service question.

Respectfully submitted,

Charles Terrence Bruff
4835 Medical Dr. #29643
San Antonio, Texas 78229
(318) 452-8978
cbruff13@outlook.com
Plaintiff in Pro Se

**CERTIFICATE OF SERVICE**
I certify that a true and correct copy of the foregoing was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the CM/ECF system, which sent a Notice of Electronic Filing to all parties of record.

Charles Terrence Bruff